SHORT RECORD
NO. 25-8001
FILED 01/16/2025

# No. 25-____

# In the United States Court of Appeals
## FOR THE SEVENTH CIRCUIT

TANYA N. SVOBODA AND ANTONELLA M. ORTIZ COLOSI,

*Plaintiffs – Respondents,*

v.

AMAZON.COM INC. AND AMAZON.COM SERVICES, LLC,

*Defendants – Petitioners.*

On Petition for Permission to Appeal from the United States District Court for the
Northern District of Illinois, No. 1:21-cv-05336 (Alonso, J.)

# PETITION FOR PERMISSION TO APPEAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(f)

Matthew D. Klayman
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
T.  215.963.5000

Elizabeth B. Herrington
Alborz Hassani
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606
T.  312.324.1000

*Counsel for Petitioners*

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: _____

Short Caption: Svoboda, et al. v. Amazon.com Inc. et al.

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

       ☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

    Amazon.com Inc. and Amazon.com Services, LLC

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

    Morgan, Lewis & Bockius LLP

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        Amazon.com Services, LLC is wholly owned by Amazon.com Inc. Amazon.com Inc. has no parent company.

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        No publicly held company owns 10% or more of Amazon.com Inc.'s stock.

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

Attorney's Signature: _Elizabeth B. Herrington_    Date: January 15, 2025

Attorney's Printed Name: Elizabeth B. Herrington

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).  **Yes** ☑  **No** ☐

Address: Morgan, Lewis & Bockius LLP, 110 N. Wacker Drive, Suite 2800

    Chicago, IL 60606-1511

Phone Number: (312) 324-1000    Fax Number: (312) 324-1001

E-Mail Address: beth.herrington@morganlewis.com

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: _____

Short Caption: Svoboda, et al. v. Amazon.com Inc. et al.

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

    Amazon.com Inc. and Amazon.com Services, LLC

 

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

    Morgan, Lewis & Bockius LLP

 

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        Amazon.com Services, LLC is wholly owned by Amazon.com Inc. Amazon.com Inc. has no parent company.

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        No publicly held company owns 10% or more of Amazon.com Inc.'s stock.

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

 

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

 

Attorney's Signature: _____    Date: January 15, 2025

Attorney's Printed Name: Alborz Hassani

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes ☐    No ☑

Address: Morgan, Lewis & Bockius LLP, 110 N. Wacker Drive, Suite 2800

    Chicago, IL 60606-1511

Phone Number: (312) 324-1000    Fax Number: (312) 324-1001

E-Mail Address: al.hassani@morganlewis.com

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: _____

Short Caption: Svoboda, et al. v. Amazon.com Inc. et al.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)   The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
Amazon.com Inc. and Amazon.com Services, LLC

(2)   The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
Morgan, Lewis & Bockius LLP

(3)   If the party, amicus or intervenor is a corporation:

    i)     Identify all its parent corporations, if any; and

        Amazon.com Services, LLC is wholly owned by Amazon.com Inc. Amazon.com Inc. has no parent company.

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        No publicly held company owns 10% or more of Amazon.com Inc.'s stock.

(4)   Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

(5)   Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

Attorney's Signature: _____ Date: January 15, 2025

Attorney's Printed Name: Matthew D. Klayman

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes ☐   No ☑

Address: Morgan, Lewis & Bockius LLP, 1701 Market Street

        Philadelphia, PA 19103

Phone Number: (215) 963-5000       Fax Number: (215) 963-5001

E-Mail Address: matthew.klayman@morganlewis.com

rev. 12/19 AK

**TABLE OF CONTENTS**

Page

APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT ................... i

TABLE OF AUTHORITIES ................................................................. v

QUESTIONS PRESENTED .................................................................. 1

INTRODUCTION ............................................................................. 2

BACKGROUND ............................................................................... 4

    I.    FACTUAL BACKGROUND ....................................................... 4

        A.    Amazon's Records of VTO Use ...................................... 5

        B.    Plaintiffs' VTO Use ................................................... 6

    II.    Procedural History ................................................................ 7

REASONS FOR GRANTING THE PETITION .......................................... 9

    I.    The Availability Of Significant BIPA Damages Under Plaintiffs' Theory Fatally Undermines The Superiority Of The Class Action Device ............................................................................. 9

    II.    Individualized Questions Concerning Use Of A VTO Feature "While In Illinois" And Discretionary Damages Defeat Predominance And Superiority. ............................................ 11

    III.    The Class Certification Order Presents A Substantial Risk Of Disposition That Does Not Reflect The Merits Of The Claim. ............ 16

RELIEF REQUESTED ...................................................................... 17

CERTIFICATE OF COMPLIANCE ...................................................... C-1

CERTIFICATE OF SERVICE .............................................................. C-2

# TABLE OF AUTHORITIES

Page(s)

C ASES

*Andrews v. Chevy Chase Bank*,
    545 F.3d 570 (7th Cir. 2008) .................................................. 10, 12, 14

*AT&T Mobility LLC v. Concepcion*,
    563 U.S. 333 (2011) ........................................................................ 10, 16

*Beaton v. Speedy Software*,
    907 F.3d 1018 (7th Cir. 2018) ................................................................ 13

*Blair v. Equifax Check Servs., Inc.*,
    181 F.3d 832 (7th Cir. 1999) ................................................ 4, 9, 16, 17

*Carnegie v. Household Int'l, Inc.*,
    376 F.3d 656 (7th Cir. 2004) ................................................................ 13

*Comcast v. Behrend*,
    569 U.S. 27 (2013) .................................................................................. 14

*Cothron v. White Castle Sys., Inc.*,
    2023 IL 128004, 216 N.E.3d 918 ................................................... 11, 14

*Dancel v. Groupon, Inc.*,
    949 F.3d 999 (7th Cir. 2019) ................................................................ 14

*Halliburton Co. v. Erica P. John Fund, Inc.*,
    573 U.S. 258 (2014) ........................................................................ 12, 16

*In re Facebook Biometric Info. Privacy Litig.*,
    326 F.R.D. 535 (N.D. Cal. 2018) .......................................................... 14

*Mace v. Van Ru Credit Corp.*,
    109 F.3d 338 (7th Cir. 1997) .................................................................. 9

*Matter of Rhone-Poulenc Rorer, Inc.*,
    51 F.3d 1293 (7th Cir. 1995) ................................................................ 16

*Microsoft Corp. v. Baker*,
    582 U.S. 23 (2017) .................................................................................... 9

*Mullins v. Direct Digital, LLC*,
    795 F.3d 654 (7th Cir. 2015) ................................................................ 13

*Riffey v. Rauner,*
910 F.3d 314 (7th Cir. 2018) .................................................................. 12

*Rosenbach v. Six Flags Ent. Corp.,*
2019 IL 123186, 129 N.E.3d 1197 ......................................................... 10

*Schwartz v. Supply Network, Inc.,*
No. 23 CV 14319, 2024 WL 4871408 (N.D. Ill. Nov. 22, 2024) ............................. 11

*Stoneridge Inv. Partners, LLC v. Sci.-Atlanta,*
552 U.S. 148 (2008) ................................................................................. 16

**STATUTES**

740 ILCS 14/15 ......................................................................................... 7

740 ILCS 14/20 ................................................................................. 10, 14

Illinois's Biometric Information Privacy Act ....................................... passim

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 23 ................................................... passim

## QUESTIONS PRESENTED

1.	In a case where Plaintiffs press a damages theory that would result in an average recovery of $60,000 per class member, with hundreds of individual class members holding claims for more than $1,000,000, whether the class action is inferior to the individual action.

2.	Whether the absence of a common, reliable method for identifying whether an allegedly unlawful use of a VTO feature for eyewear or lip products (frequently on a mobile device) occurred while the user was physically located in Illinois presents individualized issues that defeat predominance and superiority.

3.	Whether the discretionary nature of statutory damages under BIPA and the inherent case-specific analysis of the equities that discretion entails present individualized issues that defeat predominance and superiority.

## INTRODUCTION

This Court has never addressed how the requirements of Federal Rule of Civil Procedure 23 apply to claims under Illinois's Biometric Information Privacy Act ("BIPA"). An extraordinary number of BIPA class actions have been filed in or removed to courts in this circuit in the last few years. These BIPA class actions ordinarily seek massive sums for technical statutory violations that resulted in no actual damage to putative class members, yet this Court has yet to provide guidance about the interplay between Rule 23 and BIPA. The Court's guidance is urgently needed, and this case demonstrates why.

The decision below certifies an enormous and poorly defined class seeking **_billions of dollars_** in class-wide statutory damages, despite numerous fatal flaws that independently should have precluded certification. Given the magnitude of the class and the enormous amounts of class-wide damages sought, the district court's deeply flawed certification decision works an immediate and severe _in terrorem_ effect that underscores need for immediate appellate review.

Plaintiffs Tanya Svoboda and Antonella Ortiz Colosi used virtual try-on ("VTO") features while shopping on Amazon.com to see what certain beauty products might look like before purchasing them. Plaintiffs claim that when they used the VTO features, Amazon collected and stored their biometric identifiers in violation of Sections 15(a) and 15(b) of BIPA. Amazon denies that any use of its VTO features resulted in any BIPA violations.

The district court certified a massive class, believed to include more than 160,000 individuals who used an Amazon VTO feature "while in Illinois." Op. 9, 33.

Though none of those individuals even alleges to have suffered any real harm, Plaintiffs contend each may recover up to $5,000 for each use of VTO if they prevail. On this theory, the average recovery for each class member would exceed *$60,000*; more than 1,400 class members' individual recoveries would exceed *$500,000* each, and more than 250 class members' individual recoveries would exceed *$1,000,000*. Op. 29.

The class certification decision is legally flawed in several respects. For example, the unusually large size of individual recoveries under Plaintiffs' BIPA theory gives each class member an overwhelming interest in individually controlling the prosecution of his or her claims and thus renders a class action inferior under Rule 23(b)(3).

In addition, the case also presents overwhelming individualized issues—such as the need to prove use of a VTO feature "while in Illinois" when there is no reliable class-wide method for doing so, and the need to prove discretionary damages—that defeat predominance and superiority. This Court's guidance on these issues is particularly important in this case, since it involves a purely optional mobile technology that consumers elected to use to enhance their shopping experience. Unlike many BIPA class actions in which class members allegedly were required to engage with a biometric capture technology at a physical location in Illinois as a condition of employment, use of VTO technology is both voluntary and entirely mobile, and there is no class-wide basis to determine whether particular VTO features were accessed while the user was in Illinois (and therefore arguably subject

to BIPA's requirements) or while the user was outside of the state (and beyond BIPA's reach).

Plaintiffs seek **billions of dollars** in statutory damages on behalf of the certified class, advancing a damages theory that, as in many BIPA class actions, the mere prospect of which imposes inordinate pressure to resolve the case notwithstanding strong merits defenses. *See Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999) ("[T]he more fundamental the question and the greater the likelihood that it will escape effective disposition at the end of the case, the more appropriate is an appeal under Rule 23(f).").  Immediate review is necessary to ensure that this Court has an opportunity to correct the district court's errors and develop the law of class certification before the magnitude of statutory damages leads to a disposition based on economic pressure rather than the legal merits of the claims.

For these reasons, this Court should grant Amazon permission to appeal.

## BACKGROUND

### I.     FACTUAL BACKGROUND

Amazon offers online VTO features that use augmented reality to overlay certain makeup and eyewear products onto images of a face.  The optional features allow a shopper to see how a product might look before purchasing it.

A shopper choosing to use a VTO feature must acknowledge a disclosure about the feature and give Amazon permission to access her camera.  She then must select between "live mode" (where the overlay appears on a "live" image coming from the shopper's camera) or "model mode" (where the image appears on a stock image of a

model, not the shopper).  Some versions of the VTO feature also have a "photo upload mode" (where the overlay appears on an image uploaded by the shopper).

Amazon's VTO features use either of two technologies.   The first technology was developed in-house (the "Amazon VTO Technology") and works differently depending on whether the overlay involves beauty products (such as lipstick) or eyewear products (such as glasses).   For lip products, the technology detects approximately twenty (20) two-dimensional landmarks for boundaries of the lip region, sends information about the product (*e.g.*, the shade and gloss level of a lipstick) to the shopper's device, and then overlays that information onto the image. For eyewear products, the technology detects different landmarks of the eyes and nose region and then overlays an image of the product in the correct location.   The second technology was licensed from a third party (the "Modiface VTO Technology") and is the third party's intellectual property.

A.     **Amazon's Records of VTO Use**

Amazon's data concerning shoppers' use of VTO features is limited in key respects.   For example, Amazon records that a shopper used the Modiface VTO Technology only when she adds a product to her virtual cart.   When she does not add a product to her virtual cart, Amazon has no data reflecting her use of the Modiface VTO Feature.   Similarly, Amazon records that a shopper used a VTO feature only when the shopper is logged into an Amazon account.   Even then, Amazon does not know the shopper's identity; it only knows which account the shopper was logged into (whether hers, a friend's, or a family member's).   When a shopper is not logged into an Amazon account, Amazon has no data reflecting her use of a VTO feature.

Even when Amazon's data reflects that a shopper used a VTO feature, that data does not reliably identify the state in which the use took place. Each record is associated with an Internet Protocol ("IP") address that may correlate generally with geography, but it does not correlate with state lines and cannot be used to determine reliably whether the use occurred in Illinois or a neighboring state. Some records contain Amazon's "best guess" based on available IP information as to where a shopper was located when using a VTO feature, but that guess is unreliable. The third-party service provider Amazon utilizes for location approximation is only 74% accurate for identifying whether an IP address is within 100 km of a given U.S. city. Additionally, some recorded uses of the Modiface VTO Feature have less than 85% confidence in the shopper's recorded state. Each Amazon shopper's account also has a registered primary billing address, corresponding to the primary payment card associated with that account, but that address does not indicate where the shopper used the VTO feature.

B.  **Plaintiffs' VTO Use**

Amazon's records show that Plaintiffs used the Modiface VTO Technology (not the Amazon VTO Technology) in "model mode" (not "photo upload mode" or "live mode") to try on lip products (not eyewear products). Plaintiff Svoboda alleges that she used the Modiface VTO Technology while shopping for lipstick in 2020. She testified that she used the "photo upload mode" to try on various shades of lipstick, but the only Amazon record of Plaintiff Svoboda ever using a VTO feature shows that she used it in "model mode." There is no record of Plaintiff Svoboda ever using the

Amazon VTO Technology or using any VTO feature to apply any product (lip or eyewear) to her face.

Plaintiff Colosi alleges that she used a VTO feature while shopping for lipstick, eye liner, and eye shadow in 2019, 2020, 2021, and 2022. But Amazon's records reflect only a single use of a VTO feature from an Illinois-associated IP address involving the Modiface VTO Technology in "model mode." There is no record of Plaintiff Colosi ever using the Amazon VTO Technology in Illinois.

## II.  Procedural History

Plaintiffs allege that Amazon violated Sections 15(a) and (b) of BIPA. Section 15(a) requires private entities in possession of biometric identifiers or biometric information to develop and comply with a written policy, made available to the public, that establishes a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a). Section 15(b) prohibits private entities from collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's biometric identifier or biometric information unless they first (1) inform the person in writing that biometric identifiers or information will be collected or stored; (2) inform the person of the specific purpose and length of term for which such biometric information is being collected, stored, and used; and (3) receive a written release signed by the person. 740 ILCS 14/15(b). Despite Amazon's records showing only limited use by Plaintiffs, Plaintiff chose to sue Amazon on behalf of a sweeping putative class including individuals who used different VTO features employing different VTO technologies for different purposes.

Following extensive briefing and a hearing, on March 30, 2024, Judge Alonso certified a class under Federal Rule of Civil Procedure 23(b)(3), comprising "all individuals who used a virtual try-on feature on Amazon's mobile website or app while in Illinois on or after September 7, 2016." Op. 33. Excluded from the certified class are "(1) any person who used such a virtual try-on feature only in model mode or for hair color; (2) any judge presiding over this action; (3) all members of any such judge's staff and immediate family; (4) Defendants; (5) any entities in which any Defendant has a controlling interest; (6) Defendant's [sic] employees, owners, officers, and directors." *Id.*

On April 11, 2024, Amazon timely filed a motion for reconsideration of the court's order certifying the class. Judge Alonso denied Amazon's motion on January 6, 2025.

## REASONS FOR GRANTING THE PETITION

Interlocutory review of a class certification order may be granted "on the basis of any consideration." *Microsoft Corp. v. Baker*, 582 U.S. 23, 32–33 (2017); *see Blair*, 181 F.3d at 833 ("The court of appeals is given unfettered discretion whether to permit the appeal.") (quoting Fed. R. Civ. P. 23(f), advisory committee's note). Review is appropriate when there is a significant probability that the order was erroneous or when "an appeal may facilitate the development of the law." *Blair*, 181 F.3d at 835. It is also appropriate "when the stakes are large and the risk of a settlement or other disposition that does not reflect the merits of the claim is substantial." *Id.*

Each consideration favors immediate review here. The district court's predominance and superiority analyses under Rule 23(b)(3) and typicality and adequacy analyses under Rule 23(a) warrant immediate review both because they were erroneous and because appellate review would clarify class action law in the BIPA context. Review is also warranted because the threat of class-wide damages in the **billions** (for no real-world harm) presents a substantial risk of disposition that does not reflect the merits of the claim and would deprive this Court of the opportunity to review the class certification decision if review had to await final judgment.

## I. The Availability Of Significant BIPA Damages Under Plaintiffs' Theory Fatally Undermines The Superiority Of The Class Action Device.

"The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Mace v. Van Ru Credit Corp.*, 109 F.3d

338, 344 (7th Cir. 1997).  Where the available relief would incentivize individual proceedings, such individual proceedings are superior to a class action.  *See Andrews v. Chevy Chase Bank*, 545 F.3d 570, 577–78 (7th Cir. 2008) (denying class certification where statutory damages incentivized individual proceedings).

Here, the relief available to individual class members clearly incentivizes individual proceedings.  Under Plaintiffs' theory, the mean recovery for each class member would exceed *$60,000*, over 1,400 class members' individual recoveries would exceed *$500,000* each, and over 250 class members' individual recoveries would exceed *$1,000,000*.  Those enormous sums give individual class members ample interest in controlling the prosecution of their claims.  Amazon is aware of no other consumer class action that was certified where individual damages are so great.  On the contrary, superiority is often lacking based on far smaller potential recoveries.  *See, e.g.*, *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011) (minimum recovery of $7,500 plus fees "sufficient to provide incentive for the individual prosecution of meritorious claims").

Consumer class actions under BIPA are more likely than other class actions to present a situation in which class members may be entitled to enormous individual recoveries if they prevail.  This is a result of several aspects of consumer claims under BIPA, including that statutory damages are available up to $1,000 (or potentially even $5,000) per claim, *see* 740 ILCS 14/20(2), the right of action under BIPA does not require actual damages, *see Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 36, 129 N.E.3d 1197, 1206–07, that a separate BIPA claim accrues "with every scan"

of biometric data before the informed written consent required by BIPA is secured, *see Cothron v. White Castle Sys., Inc.*, 2023 IL 128004, ¶ 45, 216 N.E.3d 918, 929; and some courts holding that a recent BIPA amendment limiting statutory damages to $1,000 or $5,000 per plaintiff applies prospectively only, *see Schwartz v. Supply Network, Inc.*, No. 23 CV 14319, 2024 WL 4871408, at *5 (N.D. Ill. Nov. 22, 2024).[1] This perfect storm of holdings means that BIPA is particularly likely to generate high-value consumer class actions implicating the superiority concerns present in this case. Consumers have no reason to discontinue the use of technologies that benefit them and do not cause them any actual damages, especially when each use may entitle them to thousands of dollars. This case presents an important opportunity for this Court to make clear that superiority imposes meaningful limits on the ability of class actions to proceed with massive individual damages available.

## II. Individualized Questions Concerning Use Of A VTO Feature "While In Illinois" And Discretionary Damages Defeat Predominance And Superiority.

This case also presents overwhelming individualized questions that defeat predominance and render a class action inferior in at least two respects.

***Proving VTO Use "While In Illinois."*** The certified class generally includes all individuals who used a VTO feature "while in Illinois." Op. 33. It was Plaintiffs' burden to "actually prove" that use of a VTO feature "while in Illinois" is capable of

---

[1] Properly construed, the recent BIPA amendment does not apply prospectively only but clarifies the existing statute, and Amazon expressly reserves the right to press that argument at an appropriate stage of this litigation. For present purposes, however, that some courts have refused to apply the amendment to cases filed pre-amendment underscores the need for immediate appellate review.

class-wide resolution through common evidence. *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014).

Plaintiffs cannot meet that burden. The undisputed evidence shows that for an unknown percentage of the class—including (1) anyone who used the Modiface VTO Technology but did not add an item to their shopping cart, (2) anyone who used a VTO feature while not logged into an Amazon account, and (3) anyone who used a VTO feature on someone else's Amazon account (such as a friend or family member)— there are no common records of VTO use, and the only way to prove class membership, liability, and damages will be through individualized proof.

Even where Amazon has records of VTO use—*i.e.*, people who used the Amazon VTO Technology while logged into an Amazon account or who used the Modiface VTO Technology while logged into an Amazon account and added an item to their shopping cart—Amazon's geolocation data cannot reliably identify VTO use in Illinois. Nor does Amazon have any way of knowing who used the VTO Technology while logged into an Amazon account (*e.g.*, the account holder, a family member, or a friend). Again, individualized proof is necessary on these elements, as well.

Because fundamental questions of class membership, liability, and damages are overwhelmingly individualized, certification "only serves to give rise to hundreds or thousands of individual proceedings requiring individually tailored remedies," and therefore "it is hard to see how common issues predominate or how a class action would be the superior means to adjudicate the claims." *Andrews*, 545 F.3d at 577– 78; *Riffey v. Rauner*, 910 F.3d 314, 319 (7th Cir. 2018) (affirming denial of certification

where "the question whether damages are owed for many, if not most, of the proposed class members can be resolved only after a highly individualized inquiry").

The district court purported to embrace "creative solutions" to these individualized issues, holding that "Illinois billing addresses, IP addresses from which the VTO was used, and geo-location data identifying the region of the user based on the IP address will identify persons who used the VTO while in Illinois, and claim-form affidavits can serve as an additional cross-check." Op. 21. But these "creative solutions" become serious due process violations when they deprive Amazon of its ability to challenge the individualized evidence used to show each class member's asserted VTO use, particularly when applied to high-value individual claims and essential elements of claims and defenses.

The district court relied heavily on *Mullins v. Direct Digital, LLC*, 795 F.3d 654 (7th Cir. 2015), and *Beaton v. Speedy Software*, 907 F.3d 1018 (7th Cir. 2018), but those cases presented radically different circumstances: *Mullins* involved "low-value claims" that "only a lunatic or a fanatic" would litigate individually, 795 F.3d at 665 (quoting *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004)); in *Beaton*, "the amount of damages to which each plaintiff would be entitled [was] so small that no one would bring this suit without the option of a class," 907 F.3d at 1030. This Court has distinguished those cases where, as here, class action plaintiffs invoked them to justify the use of class members' affidavits "not to clean up individual questions left over after some other, common questions had been decided, but to

provide individual proof for the same question that [supposedly] can be resolved through common proof." *Dancel v. Groupon, Inc.*, 949 F.3d 999, 1010 (7th Cir. 2019).[2]

***Proving Discretionary Damages.*** Amazon has unique defenses as to every single member of the certified class because damages are "discretionary rather than mandatory" under BIPA. *Cothron*, 2023 IL 128004, ¶ 42, 216 N.E.3d at 929. As the Illinois Supreme Court noted, BIPA provides that a prevailing party "***may*** recover" damages of $1,000 for negligent violations or $5,000 for intentional and reckless violations, but it does not provide that a prevailing party ***shall*** recover those sums. *Id.* (citing 740 ILCS 14/20). This discretionary element is especially important when a prevailing party asserts multiple violations, as cumulative damages could prove exorbitant, and "there is no language in the Act suggesting legislative intent to authorize a damages award that would result in the financial destruction of a business." *Id.*

The exercise of discretion to determine BIPA damages is a thoroughly individualized exercise and cannot be done across a class comprising over 160,000 unique members. *See Comcast v. Behrend*, 569 U.S. 27, 34 (2013) (decertifying a class where "questions of individual damage calculations will inevitably overwhelm questions common to the class"); *Andrews*, 545 F.3d at 577 ("If the class certification

---

[2] The district court also relied on *In re Facebook Biometric Info. Privacy Litig.*, 326 F.R.D. 535 (N.D. Cal. 2018). But *Facebook* is inapposite because it addressed an extraterritoriality issue that is irrelevant to this case. In *Facebook*, the court held that the location of Facebook's servers was only one factor to consider in a BIPA extraterritoriality analysis. *Id.* at 548. Whatever its merits, that analysis has no application here because the district court certified a class limited to individuals who used VTO features "while in Illinois." Op. 33. *Cf. Facebook*, 326 F.R.D. at 541 (defining class to include Facebook users "***living*** in Illinois") (emphasis added). Unlike in *Facebook*, in this case the location of VTO usage is a central issue.

only serves to give rise to hundreds or thousands of individual proceedings requiring individually tailored remedies, it is hard to see how common issues predominate or how a class action would be the superior means to adjudicate the claims.").

The facts of this case do not lend themselves to an exercise of discretion on a class-wide basis. This is not a situation in which claimants may have a common experience of feeling compelled to engage with a biometric capture technology, such as the use of a biometric technology as a condition of employment. Nor is it a situation in which the technology was used in a similar manner across all members of the putative class. Rather, Amazon's VTO features were entirely optional and were intended as a benefit to the shopper in being able to preview a product before purchase. Use of the VTO features varied widely among class members, both in terms of the actual overlay being applied (lip products or eyewear products) and in terms of user experience: some shoppers used VTO features only a handful of times; others used it more than a thousand times.

The intrinsic discretion afforded damages under BIPA and the wide variability of use among class members warrants individualized considerations to assess appropriate damages for each plaintiff. These considerations overwhelm common questions and defeat predominance. They also render a class action inferior, as any attempt to exercise discretion in awarding damages on a class-wide basis must consider individualized issues and would be hopefully unmanageable.

Immediate review is necessary to correct the district court's assessment that central and intractably individualized issues in this case—whether each class

member used VTO features "while in Illinois" and, if so, the relief to which he or she

may be entitled—can be resolved on a class-wide basis.

## III. The Class Certification Order Presents A Substantial Risk Of Disposition That Does Not Reflect The Merits Of The Claim.

A class action defendant "[f]aced with even the small chance of a devastating

loss" may be pressured into settling questionable claims, *AT&T Mobility LLC v.

Concepcion*, 563 U.S. 333, 350 (2011). The mere "potential for uncertainty and

disruption in a lawsuit" alone might "allow plaintiffs with weak claims to extort

settlements from [an] innocent compan[y]." *Stoneridge Inv. Partners, LLC v. Sci.-

Atlanta*, 552 U.S. 148, 149 (2008). "Many corporate executives are unwilling to bet

their company that they are in the right in big-stakes litigation, and a grant of class

status can propel the stakes of a case into the stratosphere." *Blair*, 181 F.3d at 834.

"[W]hen the stakes are large and the risk of a settlement or other disposition that

does not reflect the merits of the claim is substantial, an appeal under Rule 23(f) is

in order." *Id.* at 835.

That is the situation here. Plaintiffs seek ***billions of dollars*** in statutory

damages on behalf of the certified class, which weighs strongly in favor of granting

permission to appeal. Where a putative class seeks damages of this magnitude, it

significantly impedes the likelihood of resolution on the merits. *See Matter of Rhone-

Poulenc Rorer, Inc.*, 51 F.3d 1293, 1298–99 (7th Cir. 1995); *Halliburton*, 573 U.S. at

296 n.7 (Thomas, J., concurring) (observing that "the substantial *in terrorem*

settlement pressures brought to bear by certification" may deprive parties of the

opportunity for resolution on the merits). By the end of this case—"if indeed the case

has an ending that is subject to appellate review" at all—it will be "too late" to review the district court's errors on class certification. *Blair*, 181 F.3d at 834. Immediate review presents the best (and probably only) opportunity to address the district court's errors on the merits and to develop the law of class certification in the BIPA context.

## RELIEF REQUESTED

Amazon's petition for permission to appeal should be granted.

Dated: January 16, 2025

Respectfully submitted,

*s/ Elizabeth B. Herrington*
Elizabeth B. Herrington
Alborz Hassani
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Drive, Suite 2800
Chicago, Illinois 60606
T. 312.324.1000

Matthew D. Klayman
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
T. 215.963.5000

*Counsel for Amazon.Com Inc. and Amazon.com Services, LLC*

**CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 5(c)(1) because this petition contains 4,199 words, excluding the parts of the petition exempted by Fed. R. App. P. 5(b)(1)(E) and Fed. R. App. P. 32(a)(7)(B)(iii).

2. This petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) as modified by Circuit Rule 32(b) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this petition has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Century Schoolbook size 12 font.


Dated: January 16, 2025    *s/ Elizabeth B. Herrington*
              Elizabeth B. Herrington

              *Counsel for Amazon.Com Inc. and*
              *Amazon.com Services, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 16th day of January 2025, a true and accurate copy of the foregoing PETITION FOR PERMISSION TO APPEAL PURSUANT TO FED. R. CIV. P. 23(f) was served on the following counsel of record via U.S. first class mail postage prepaid and electronic mail:

Keith J. Keogh
Timothy J. Sostrin
Theodore H. Kuyper
KEOGH LAW, LTD.
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
(312) 726-1093 (fax)
keith@keoghlaw.com
tsostrin@keoghlaw.com
tkuyper@keoghlaw.com
***Attorneys for Plaintiffs and the Class***

*s/ Elizabeth B. Herrington*
Elizabeth B. Herrington

*Counsel for Amazon.Com Inc. and Amazon.com Services, LLC*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| TANYA N. SVOBODA, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 21 C 5336 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| AMAZON.COM, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons that follow, Plaintiff's Motion for Class Certification is granted.

## BACKGROUND

Plaintiffs filed an amended complaint, in which they assert two claims against

Defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon" or

"Defendants").[1] They assert these claims on their own behalf and on behalf all individuals who

---

[1] The Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). Under CAFA, federal courts have jurisdiction over cases in which (1) the class consists of 100 or more members, see 28 U.S.C. § 1332(d)(5)(B); (2) any plaintiff is a citizen of a state different from that of any defendant, 28 U.S.C. § 1332(d)(2)(A); and (3) the aggregate amount of the plaintiffs' claims exceeds $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(6). "When a case is initially filed in state court and then removed to federal court, the time-of-filing rule means that we analyze our jurisdiction at the time of removal, as that is when the case first appears in federal court." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009) (citing *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 391 (1998); *Tropp v. W–S Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004)). Defendants have alleged, for purposes of removal, that there are "thousands if not millions" of class members (Notice of Removal ¶ 11, ECF No. 1) and that the amount in controversy exceeds $5,000,000.00 (*id.* ¶ 19). Plaintiff Svoboda is a citizen of Illinois (*id.* ¶ 13), Defendant Amazon.com, Inc. is a citizen of Delaware (its State of incorporation) and Washington (the location of its principal place of business) (*id.* ¶ 14), and Defendant Amazon.com, LLC is a citizen of Delaware (its State of incorporation) and Washington (the location of its principal place of business) (*id*). *See* 28 U.S.C. § 1332(d)(10) (Under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."). Thus, at

1

used a virtual try-on feature on Amazon's mobile website or app while in Illinois on or after September 7, 2016. Excluded from the class are: (1) any person who used such a virtual try-on feature only in model mode or for hair color; (2) any judge presiding over this action; (3) all members of any such judge's staff and immediate family; (4) Defendants; (5) any entities in which any Defendant has a controlling interest; (6) Defendant's employees, owners, officers, and directors.[2]

In Count I, Plaintiffs assert a claim against Defendants for violation of the Illinois Biometric Information Privacy Act ("BIPA") section 15(a), 740 ILCS 14/15(a) ("Section 15(a)"), and in Count II, Plaintiffs assert a claim against Defendants for violation of BIPA section 15(b), 740 ILCS 14/15(b) ("Section 15(b)"). Section 15(a) of BIPA requires private entities in possession of biometric identifiers or biometric information to develop and comply with a written policy, made available to the public, that establishes a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. Section 15(b) prohibits private entities from collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's biometric identifier or biometric information unless they first: (1) inform the person in writing that biometric identifiers or information will be collected or stored; (2) inform the person of the specific purpose and length of term for which such biometric

---

least one plaintiff is "a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

[2] The class definition alleged in Plaintiffs' amended complaint differs slightly: "All individuals who, while residing in the State of Illinois, had their biometric identifiers or biometric information collected, captured, received or otherwise obtained by Amazon in connection with the use of any virtual try-on feature on any Amazon website or platform." (Am. Compl. ¶ 65.) A class definition may be revised, for example to avoid being over-inclusive or fail-safe, rather than "flatly denying class certification on that basis." *See, e.g.*, *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012).

identifiers or information is being collected, stored, and used; and (3) receive a written release signed by the person.

"Biometric identifier" is defined as "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10. Excluded from the definition is, among other things, "information captured from a patient in a health care setting or information collected, used, or stored for health care treatment, payment, or operations under the federal Health Insurance Portability and Accountability Act of 1996." *Id*. "Biometric information" is defined as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id*. Plaintiffs refer to biometric identifiers and biometric information together as "Biometrics." (Am. Compl. ¶ 1.)

Plaintiffs allege that Amazon violated these requirements by collecting, capturing, storing, or otherwise obtaining the facial geometry and associated personal identifying information of thousands if not millions of Illinois residents who used Amazon's virtual "Try-On" programs and applications (the "VTO") from computers and other devices in Illinois without first providing notice and the required information, obtaining informed written consent, or creating written publicly-available data retention and destruction guidelines. (*Id*. ¶ 4.) Plaintiffs seek to prevent Amazon from further violating the privacy rights of Illinois residents and to recover statutory damages for the alleged BIPA violations. (*Id*. ¶ 5.)

Plaintiffs seek statutory damages of $5,000 for each intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000 for each negligent violation pursuant to 740 ILCS 14/20(1); injunctive and other equitable relief, including requiring Defendants to comply with BIPA's requirements for the collection, storage,

and use of Biometrics; reasonable attorneys' fees and costs pursuant to 740 ILCS 14/20(3); and

pre- and post-judgment interest. (*Id*. at Prayer for Relief.)

Plaintiffs have filed a Motion for Class Certification ("Motion") along with deposition

transcripts, declarations, and other documents gotten through discovery in this case. Amazon

opposes Plaintiffs' Motion ("Opposition"), and, like Plaintiffs, submits in support of its

Opposition deposition transcripts, declarations, and other documents gotten through discovery.

The following facts are undisputed unless otherwise noted.

Amazon sells products to consumers on its mobile website ("mWeb") and shopping app

("mShop" or "App"). VTO is exclusively available on mobile devices. Using these platforms, the

VTOs can be used to virtually try on makeup and eyewear. The VTOs are software programs

that use augmented reality to overlay makeup and eyewear products on an image or video of a

face, allowing the shopper to see what the product might look like on them before deciding to

purchase it. One of the VTOs at issue was developed by ModiFace, Inc. and customized for

Amazon (the "ModiFace VTO"). The other VTO at issue was developed by Amazon in-house

(the "Amazon VTO"), which replaced the ModiFace VTO for portions of the class period.

At a high level, the VTO processes work the same for every user. For all of the VTOs,

the user begins by clicking a "try on" (or similar) button on an Amazon product page. The use of

VTO technology is optional, and customers who do not wish to use VTO for eligible products

can still purchase those products. The first time a customer uses the Amazon VTO, she is shown

a pop-up screen that states, "Amazon uses your camera to virtually place products such as

sunglasses and lipstick on your face using Augmented Reality. All information remains on your

device and is not otherwise stored, processed or shared by Amazon." The customer can click the

blue-text hyperlink on the screen, "permissions settings," to "manage this access at any time." If

the customer clicks "Allow this Amazon app to access your camera and skip this step in the future," and "Allow access," she will be prompted to give permission for the Amazon VTO to use the camera on her device. Customers are likewise asked to give permission for Amazon to use their cameras the first time they use the ModiFace VTO. Only after granting this permission may the customer use VTO technology to virtually "try on" a product. Users may select live mode or photo upload mode to superimpose the try-on product on an image of their own face. Or they may select model mode to see the product on a model's face. For live mode and photo upload mode, all of the VTOs use software to detect the users' facial features and use that facial data in order to determine where to overlay the virtual products.

Amazon submits evidence as to how the two VTOs differ in operation. The Amazon VTO comes in two forms; beauty VTO technology is available for certain full-coverage lip products, including lip gloss, lip stain, and lipstick, while eyewear VTO technology is available for glasses. The VTOs use different processes when used for lip products as compared to eye products to identify and superimpose images over the relevant part of the user's face. For beauty, the user's device detects approximately 20 two-dimensional landmarks for the boundaries of the lip region. When a customer activates Amazon's VTO, the user's device detects the outline of the user's lips and then the VTO technology sends information about the product, such as shade and gloss level, to the user's device, which renders the virtual product onto the lip. For eyewear, the user's device detects landmarks of the eyes and nose region when a customer wants to virtually try on a pair of glasses, to superimpose the image of glasses in the correct location.

The ModiFace VTO is available for lip liner, eye shadow, eye liner, and hair color. The exact processes used by the ModiFace VTO to facilitate "try-on" are ModiFace's intellectual property, and Amazon only licenses the ModiFace VTO.

Plaintiff Svoboda testified that she used VTO while shopping for lipstick on Amazon's mobile website in 2020. At that time she was living in Illinois. She testified that she elected to use photo upload mode to virtually try on various shades. She did not purchase anything after using VTO. ModiFace VTO Feature records usage only when the user adds a product to a virtual cart. According to the usage data, the only records of Plaintiff Svoboda using the ModiFace VTO reflect her use in model mode, rather than a use where the product was applied to her face.

Plaintiff Colosi testified that she used a VTO feature while shopping for lipstick, eye liner, and eye shadow in 2019, 2020, 2021, and March 2022. At that time she was living in Illinois. Colosi's sole recorded use of the ModiFace VTO from an Illinois-associated IP address was in model mode, which applies products to a model's face, rather than the user's face. No Amazon records reflect Plaintiff Colosi ever using the Amazon VTO in Illinois.

Neither named Plaintiff alleges they used VTO technology to try on eyewear. Although Colosi alleges that she used the VTO feature when shopping for eye liner and eye shadow, records reflect that these uses were in the ModiFace VTO's model mode.

Discovery to date establishes there are at least 163,738 persons who used a VTO on Amazon's platforms while in Illinois during the class period. Amazon submits the data available for determining a customer's location at the time they used either VTO. First, each Amazon account has a registered billing address that corresponds to the primary card associated with that account.

Second, VTO usage data maintained by Amazon includes information pertaining to the Internet Protocol ("IP") address associated with a given VTO use. Generally, an IP address is an identifier assigned by internet providers to devices connected to the internet. These assignments have regional indicators and may correlate with geography; however, they do not follow state

6

lines or otherwise conform precisely with states, cities, counties, or other geographic labels. Amazon's VTO records data field include "country_code" and "country_code_state." Amazon submits that these indicators are "best guesses" of a users' location based on available IP information and are not conclusive records of where VTO was used. MaxMind, the third-party service provider that informs Amazon's geolocation coding, states that its product is 74% accurate for identifying whether an IP is within 100 km of a given U.S. city. Similarly, ModiFace data includes "geo_IP-country_code" and "geo_IP_state_code." Where ModiFace's systems have less than 85% confidence in the users' state, this field returns the result "untrusted_state" or "unknown_state."

## DISCUSSION

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). "A class action may be maintained if Rule 23(a) is satisfied and" if the case falls within at least one of the categories outlined in Rule 23(b). Fed. R. Civ. P. 23(b); *see also Wal-Mart*, 564 U.S. at 345. Rule 23(a) allows "[o]ne or more members of a class" to "sue or be sued as representative parties on behalf of all class members only if:"

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Rule 23(b)(3) allows class certification where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Rule 23(c)(1)(A) requires that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A).

To support a motion for class certification, a "party seeking class certification must affirmatively demonstrate [her] compliance with the Rule—that is, [s]he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart*, 564 U.S. at 350. Thus, the "party seeking certification bears the burden of demonstrating that certification is proper by a preponderance of the evidence." *Chi. Teachers Union, Local No. 1 v. Bd. of Educ. of City of Chi.*, 797 F.3d 426, 433 (7th Cir 2015). A court considering a motion for class certification must engage in "a rigorous analysis" that "will frequently" overlap with the merits, because the considerations "are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (citations omitted).

Plaintiffs seek to certify a Class of all individuals who used a virtual try-on feature on Amazon's mobile website or app while in Illinois on or after September 7, 2016. Excluded from the Class are: (1) any person who used such a virtual try-on feature only in model mode or for hair color; (2) any judge presiding over this action; (3) all members of any such judge's staff and immediate family; (4) Defendants; (5) any entities in which any Defendant has a controlling interest; (6) Defendant's employees, owners, officers, and directors.

8

### 1. Numerosity

"The crux of the numerosity requirement is not the number of interested persons per se, but the practicality of their joinder into a single suit." *Arenson v. Whitehall Convalescent & Nursing Home, Inc.*, 164 F.R.D. 659, 663 (N.D. Ill. 1996). Here, Plaintiffs allege that there are "thousands if not millions" of class members (Am. Compl. ¶ 4) and state in briefing that discovery to date establishes there are over 160,000 persons who used a VTO on Amazon's platforms while in Illinois during the class period. (Mot. 5.) Defendants do not contest numerosity. Accordingly, the Court concludes that joinder would be impracticable and the numerosity requirement is met.

### 2. Adequacy, Standing, and Typicality

Rule 23(a)'s requirement that "the representative parties will fairly and adequately protect the interests of the class," has two components: the adequacy of the named plaintiffs and the adequacy of proposed class counsel. *See Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011) (citations omitted).

The Court begins with the second issue first. Proposed class counsel are Keith James Keogh, Theodore Herbert Kuyper, and Timonthy J. Sostrin, of Keogh Law, Ltd. Their adequacy has not been challenged.

Before appointing class counsel, Rule 23(g) requires that the court consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). Additionally, "[c]lass counsel must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

Plaintiffs' proposed class counsel submit that they have extensive experience in complex litigation and consumer class actions involving statutory privacy claims such as BIPA, and they have been appointed class counsel in scores of cases arising under various consumer protection statutes including BIPA. (Mot. Ex. 12 at ¶¶ 6–48.) Plaintiffs' proposed class counsel further state that they have vigorously pursued the class's claims from the outset, from investigating the claims and drafting and filing several well-pled complaints, to briefing and defeating Amazon's motions to dismiss, engaging in other contested motion practice, and taking extensive written and oral merits and class discovery (in the U.S. and Canada) to develop the facts necessary for class certification and trial, including retaining and consulting with both consulting and testifying experts. (*Id.* ¶¶ 2–3.) Proposed class counsel state that they are ready and able to prosecute this case to complete. Accordingly, the Court finds that Plaintiffs' proposed class counsel are adequate.

Further, for the reasons set forth below, the Court certifies Plaintiffs' proposed class. "[A] court that certifies a class must appoint class counsel" and, in doing so, must consider the factors set forth in Rule 23(g)(1)(A). *See supra*. The Court is satisfied the requirements of Rule 23(g) are met and appoints Keith James Keogh, Theodore Herbert Kuyper, and Timonthy J. Sostrin, of Keogh Law, Ltd. as class counsel in this case.

Next the Court considers the adequacy of the named Plaintiffs. This requirement "is satisfied where the named representative (1) has retained competent counsel, (2) has a sufficient interest in the outcome of the case to ensure vigorous advocacy, and (3) does not have interests antagonistic to those of the class." *Fournigault v. Indep. One Mortg. Corp.*, 234 F.R.D. 641, 646

(N.D. Ill. 2006). The first element—competent counsel—is satisfied for the reasons set forth above.

Amazon argues that the named Plaintiffs are inadequate and atypical because they allege they used the VTO for lipstick, not eyewear or eye makeup, but the majority of the proposed class is comprised of individuals who used the VTO for eyewear. Amazon argues that the VTO technology for lipstick versus eyewear have factual dissimilarities that may require different outcomes as to each use type and are subject to different defenses, and so individuals who used VTO for eyewear or eye makeup should be severed from Plaintiffs' proposed class. The Court considers each of Amazon's specific arguments on these points in turn.

First Amazon argues that a critical factual question is whether either VTO for eyewear or VTO for lipstick uses information that is "biometric." Because the named Plaintiffs do not claim that their ocular biometrics were collected, Amazon argues that they have no stake in the outcome for such users, and therefore lack standing to sue regarding eyewear or eye makeup.

Article III limits federal court jurisdiction to cases or controversies in which the plaintiff has suffered an injury-in-fact. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *see also Payton v. Cnty. of Kane*, 308 F.3d 673, 682 (7th Cir. 2002) ("[I]t bears repeating that a person cannot predicate standing on injury which he does not share. Standing cannot be acquired through the back door of a class action."). Plaintiffs contend that the named Plaintiffs have standing because they have suffered the same type of injury as every other class member: invasion of their biometric privacy rights through their use of the VTO technology on Amazon's mobile website or app. Named Plaintiffs also seek the same type of recovery as everyone in the class: statutory damages under BIPA. *See Tapia-Rendon v. United Tape & Finishing Co.*, No. 21 C 3400, 2023 WL 5228178, at *4 (N.D. Ill. Aug. 15, 2023) (finding named plaintiff that alleged

11

a similar type of injury (violation of BIPA) and type of recovery (statutory damages) possessed

"'the same interest and suffer[ed] the same injury as the class members'" (citing *Amchem Prods.,*

*Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997))), *reconsideration denied,* No. 21 C 3400, 2024

WL 406513 (N.D. Ill. Feb. 2, 2024). Indeed, Amazon does not explain how mapping the user's

mouth versus eyes and nose might be materially different for determining whether the

information is "biometric," when each VTO uses the same augmented reality process to map

facial landmarks. *See* 740 ILCS 14/10 ("'Biometric identifier' means a retina or iris scan,

fingerprint, voiceprint, or scan of hand *or face geometry*." (emphasis added)).

     Second, Amazon challenges the adequacy of the named Plaintiffs on the basis that they

have no incentive to contest the defense—specific to the users of VTO for eyewear—that BIPA's

healthcare exception bars claims arising from the virtual try-on of eyewear. *See* 740 ILCS 14/10

("Biometric identifiers do not include information captured from a patient in a health care setting

or information collected, used, or stored for health care treatment[.]"). Amazon points to three

district court cases holding that BIPA's healthcare exception exempts BIPA claims based on

virtual try-on for glasses. *Warmack-Stillwell v. Christian Dior, Inc.*, 655 F. Supp. 3d 742, 747

(N.D. Ill. 2023); *Svoboda v. Frames for Am., Inc.*, No. 21 C 5509, 2022 WL 4109719, at *2

(N.D. Ill. Sept. 8, 2022), *appeal dismissed,* No. 22-2781, 2023 WL 6836997 (7th Cir. Apr. 5,

2023); *Vo v. VSP Retail Dev. Holding, Inc.*, No. 19 C 7187, 2020 WL 1445605, at *2 (N.D. Ill.

Mar. 25, 2020).

     It is true that "[t]he presence of even an arguable defense peculiar to the named plaintiff

or a small subset of the plaintiff class may destroy the required typicality of the class as well as

bring into question the adequacy of the named plaintiff's representation." *CE Design Ltd. v. King*

*Architectural Metals, Inc.*, 637 F.3d 721, 726 (7th Cir. 2011) (quoting *J.H. Cohn & Co. v. Am.*

*Appraisal Assocs., Inc.*, 628 F.2d 994, 999 (7th Cir. 1980) (internal quotation marks omitted));

*see also Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1027 (7th Cir. 2018) ("A representative

might be inadequate if he is subject to a substantial defense unique to him."). In that scenario,

"[t]he fear is that the named plaintiff will become distracted by the presence of a possible

defense applicable only to him so that the representation of the rest of the class will suffer." *CE

Design*, 637 F.3d at 726 (citations and internal quotation marks omitted). There is no such fear

here, where the named Plaintiffs have not alleged that they used the VTO to "try on" eyewear

and so would not be subject to the general health care exemption defense.

     More generally, "[c]lass representatives must not have interests antagonistic to the class

because they may interfere with the vigorous prosecution of the action." 1 McLaughlin on Class

Actions § 4:30 (20th ed.) (citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 856–57 (1999);

*Amchem*, 521 U.S. at 625–26 (1997)); *see also Amchem*, 521 U.S. at 625 ("The adequacy inquiry

under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class

they seek to represent."); *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) ("A class is

not fairly and adequately represented if class members have antagonistic or conflicting claims."

(citation omitted)). However, "the mere possibility that a trivial level of intra-class conflict may

materialize as the litigation progresses [does not] foreclose[] class certification entirely." *Abbott

v. Lockheed Martin Corp.*, 725 F.3d 803, 813 (7th Cir. 2013). The following treatise excerpt

sheds light on when conflicts render the proposed class representative inadequate:

> The linchpin of adequate represen[t]ation is alignment of interests and incentives
> between the representative plaintiffs and absent class members. Conflicts are
> readily identified when class members' interests directly oppose those of the
> proposed representative. A conflict concerning the allocation of relief or remedies
> among class members with competing interests can be fundamental and render a
> representative plaintiff inadequate. The interests of class members in a class action
> recovery always differ to some extent because of their varying participation or the
> utility of the consideration to each. This inevitable variation among class members

does not automatically preclude a determination that a particular representative can adequately represent the interests of all class members.

1 McLaughlin on Class Actions § 4:30 (20th ed.).

Here, there is no indication that the named Plaintiffs' interests are antagonistic to, or directly conflict with, those members of the class who used VTO to "try on" eyewear. Rather, Amazon's concern is that Plaintiffs lack the incentive to vigorously contest the healthcare exception defense which, at this point, is merely speculative. *See Breedlove v. Tele-Trip Co. Inc.*, No. 91 C 5702, 1993 WL 284327, at *7 (N.D. Ill. July 27, 1993) ("[C]lass certification should not be denied by speculative suggestions of potential conflicts." (citing *Rosario*, 963 F.2d at 1018–19)).

For all of these reasons, the Court is persuaded that the named Plaintiffs have suffered the same alleged injury as the class members and have a sufficient interest in the outcome of the case—including for those who used VTO for eyewear—to ensure vigorous advocacy. Accordingly, Plaintiffs have standing to bring their claims and are adequate class representatives. Rule 23(a)'s adequacy requirement is therefore met.

Finally, the Court considers typicality. Although Amazon proclaims that the named Plaintiffs are atypical for the same reasons they are inadequate, Amazon does not separately address the typicality analysis. "In many cases . . . the requirement of typicality merges with the further requirement that the class representative 'will fairly and adequately protect the interests of the class.'" *CE Design Ltd.*, 637 F.3d at 724 (citing Fed. R. Civ. P. 23(a)(4)). That said, adequacy is the proper rubric for considering particularized defenses. *Id*. at 725; *see supra*. Typicality under Rule 23(a)(3) should instead "be determined with reference to the company's actions, not with respect to particularized defenses it might have against certain class members[.]" *CE Design Ltd.*, 637 F.3d at 725 (citation and internal quotation marks omitted).

14

Typicality is satisfied when a plaintiff's claim "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and is based on the same legal theory." *Rosario*, 963 F.2d at 1018. "The individual claims may feature some factual variations as long as they 'have the same essential characteristics.'" *Beaton*, 907 F.3d at 1026 (quoting *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006)).

The named Plaintiffs' claims arise from the same course of conduct that gives rise to other class members' claims (Amazon purportedly collecting, capturing, possessing, and using their facial templates via its VTOs) and are based on the same legal theory (violation of BIPA Sections 15(a) and (b)). Accordingly, the named Plaintiffs' claims are typical of the claims of the class.

### 3. Commonality

Next, to be suitable for class action treatment, a case must involve questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). The Supreme Court has described what makes an issue common:

> Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury. This does not mean merely that they have all suffered a violation of the same provision of law. . . . Their claims must depend upon a common contention[.] . . . That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.

*Wal-Mart*, 564 U.S. at 349–50 (internal punctuation and citations omitted). In describing the difference between common and individual questions, the Supreme Court has explained:

> An individual question is one where 'members of a proposed class will need to present evidence that varies from member to member,' while a common question is one where 'the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof.'

*Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (citation omitted). "Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014).

Plaintiffs' and the class's BIPA claims depend upon the same contention and alleged unlawful course of conduct: Amazon's use of scans of face geometry and face templates through VTOs without first making disclosures, obtaining signed written consent, and developing a publicly available written biometric data retention and destruction policy. The following common questions are central to their claims:

1) Whether the face-related data used by Amazon's VTOs constitute biometric identifiers or biometric information under BIPA, 740 ILCS 14/10;

2) If so, whether the VTOs' use of the face-related data means that Amazon collected, captured, obtained, or possessed biometric identifiers and biometric information within the meaning of 750 ILCS 14/15;

3) If so, whether Amazon disclosed to VTO users in writing the information specified in 740 ILCS 14/15(b)(1)–(2);

4) Whether Amazon obtained written releases signed by Plaintiffs and the class members, 740 ILCS 14/15(b)(3);

5) Whether Amazon developed a publicly available written policy governing retention and permanent destruction of biometric data related to the VTOs, 740 ILCS 14/15(a); and

6) Whether Amazon's alleged BIPA violations were negligent, intentional, or reckless, 740 ILCS 14/20(1)–(2).

The putative class plainly share common factual questions about the functionality of the Amazon and Modiface VTO software and Amazon's use of the class members' facial geometry data as well as legal questions about whether that use violated BIPA. Answering these questions will resolve issues that are central to the validity of each one of the claims in one stroke, and so the Court finds that the commonality requirement is met. *See Rogers v. BNSF Ry. Co.*, No. 19 C 3083, 2022 WL 854348, at *3 (N.D. Ill. Mar. 22, 2022) ("As discussed earlier regarding commonality, the questions of law and fact underlying the class members' BIPA claims are essentially identical and will be premised on common proof."); *In re Facebook Biometric Info. Privacy Litig.*, 326 F.R.D. 535, 545 (N.D. Cal. 2018) ("[T]here is no doubt that a template-based class poses common legal and factual questions, namely: did [the defendant]'s . . . technology [at issue] harvest biometric identifiers as contemplated under BIPA, and if so, did [the defendant] give users prior notice of these practices and obtain their consent?"), *aff'd sub nom. Patel v. Facebook, Inc.*, 932 F.3d 1264, 1276 (9th Cir. 2019); *see also Bayeg v. The Admiral at the Lake*, No. 19 CH 8828 (Cir. Ct. Cook Cnty., May 25, 2023) (Mot. Ex. 3) (certifying contested BIPA class); *Palacios v. H&M Hennes & Mauritz, LP*, No. 18 CH 16030 (Cir. Ct. Cook Cnty., Mar. 16, 2023) (Mot. Ex. 2) (certifying class of people who used time clock at issue); *Morris v. Wow Bao, LLC, et al.*, No. 17-L-12029 (Cir. Ct. Cook Cnty., Dec. 14, 2021) (Mot. Ex. 1) (certifying BIPA class of customers who used a facial recognition kiosk at issue).

#### 4. Predominance and Superiority

A Rule 23(b)(3) class action may be certified only if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently

adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In making this inquiry, a court should

consider the following factors:

> (A) the class members' interests in individually controlling the prosecution or
> defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already
> begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in
> the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed R. Civ. P. 23(b)(3)(A)–(D).

With respect to predominance, the "inquiry tests whether proposed classes are

sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. Rule

23(b)(3)'s "predominance criterion is far more demanding" than "Rule 23(a)'s commonality

requirement[,]" *id*. at 623–34, and "is satisfied when 'common questions represent a significant

aspect of a case and can be resolved for all members of a class in a single adjudication.'"

*Messner*, 669 F.3d at 815 (cleaned up) (citing 7AA Wright & Miller, Federal Practice and

Procedure § 1778 (3d ed. 2011)). The analysis "begins, of course, with the elements of the

underlying cause of action." *Id*. (internal quotation marks omitted) (quoting *Erica P. John Fund,

Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011)). "If, to make a prima facie showing on a given

question, the members of a proposed class will need to present evidence that varies from member

to member, then it is an individual question." *Id*. (quoting *Blades v. Monsanto Co.*, 400 F.3d 562,

566 (8th Cir. 2005)). But the presence of individual issues does not necessarily destroy

predominance. *Id*. ("Individual questions need not be absent. The text of Rule 23(b)(3) itself

contemplates that such individual questions will be present.").

As for the superiority requirement, it demands that a class action be the superior way to

"fairly and efficiently" adjudicate the dispute. Fed. R. Civ. P. 23(b)(3). While they are distinct

inquiries, the predominance and superiority analyses can overlap, which Amazon contends is the circumstance here. When considering superiority, courts must weigh "both the costs *and benefits* of the class device" and "assess efficiency with an eye toward 'other available methods.'" *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 663–64 (7th Cir. 2015) (emphasis original).

Plaintiffs make the compelling argument that their and the class members' claims that Amazon violated Sections 15(a) and (b) hinge entirely on the common questions identified above, all of which can be resolved through class-wide evidence and therefore predominate any individual issues. *See Golon v. Ohio Sav. Bank*, No. 98 C 7430, 1999 WL 965593, at *4 (N.D. Ill. Oct. 15, 1999) ("[T]he predominance standard is met when there exists generalized evidence that proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class member's individual position." (cleaned up) (citation omitted)); *see also Rogers*, 2022 WL 854348, at *3 (finding predominance satisfied because "the questions of law and fact underlying the class members' BIPA claims are essentially identical and will be premised on common proof. Specifically, the common issue of demonstrating BNSF operated the [technology at issue] and collected biometric information in violation of BIPA will predominate over any potential individualized issues."); *In re Facebook Biometric Info. Priv. Litig.*, 326 F.R.D. at 545–48. More specifically, Plaintiffs argue that the questions posed by the Section 15(b) claim can be resolved for the class as a whole by evidence regarding the type of face-related data used by Amazon's VTOs, which are software that Plaintiffs submit evidence to show works (at least at a high level) the same for everyone in the class, as well as evidence that Amazon uniformly made no BIPA-compliant disclosures to, and obtained no written releases from, any of its VTO users. As for the Section 15(a) claim, the questions of whether Amazon possessed the face-related data and developed a publicly available written biometric data

retention and destruction policy applicable to the VTOs can be resolved by common evidence regarding the VTO functions and Amazon's written policies or lack thereof.

Defendants raises several concerns that they claim defeat predominance and superiority, each of which the Court considers and finds uncompelling.

### i. Manageability

Amazon argues that individual inquiries required to identify class members and the scope of their claims render the proposed class unmanageable. It posits that individualized inquiries would present enormous managerial challenges, impose a staggering burden on the parties and the Court, and overwhelm any efficiencies derived from resolving issues common to the class.

The Court first addresses Amazon's geographic concerns. Amazon argues that the proposed class is limited to persons who used VTO while in Illinois, who are challenging to identify because VTO is available exclusively on mobile devices and so its users will engage with it on-the-go. Although Amazon stores users' IP addresses (which Plaintiffs contend can be used to confirm whether the VTO occurred in Illinois), an IP address does not reflect the location of the end user; rather, it reflects the location of a data center controlled by the user's internet-service provider, which generally is within the same geographic area as the user but may not necessarily be in the same state. Amazon contends that IP addresses are unreliable geo-locators here for additional reasons, including that VTO is often used through cellular data rather than a Wi-Fi connection, which is less geographically reliable than broadband service; with respect to ModiFace specifically, its IP tool codes the location of all cellular-connected usage as "untrusted;" to protect user privacy, Amazon does not record the last digit in an IP address (which Plaintiffs contest), meaning the available portion of the IP resolves to a network, rather than a specific device; and many individuals use VPNs to mask their IP address for privacy or

data security, in which event a geolocation tool would resolve to a false location selected by the VPN.

In *In re Facebook Biometric Info. Priv. Litig.*, the district court certified a class of "Facebook users located in Illinois for whom Facebook created and stored a face template after June 7, 2011." 326 F.R.D. at 540. The court considered Facebook's objections to commonality and predominance based on extraterritoriality concerns because its servers were not located in Illinois. The court found, "[t]here is no genuine dispute that this case is deeply rooted in Illinois. The named plaintiffs are located in Illinois along with all of the proposed class members, and the claims are based on the application of Illinois law to use of Facebook mainly in Illinois." *Id*. at 547.

Plaintiffs contend that Illinois billing addresses, IP addresses from which the VTO was used, and geo-location data identifying the region of the user based on the IP address will identify persons who used the VTOs while in Illinois, and claim-form affidavits can serve as an additional cross-check. The Court agrees.[3] The Court has the discretion to consider class member affidavits or "creative solutions to the administrative burdens of the class device." *Mullins*, 795 F.3d at 669, 672; *Beaton*, 907 F.3d at 1030 ("The district court recognized that individualized inquiries could be handled through 'streamlined mechanisms' such as affidavits and proper auditing procedures. We agree. Defendants' due process rights are not harmed by such case-management tools."). The majority of ModiFace VTO and Amazon beauty VTO records with an Illinois billing address also have an Illinois IP address according to Amazon's geo-locator data, which Plaintiffs contend corroborate the reliability of the records. The Court does not share

---

[3] For this reason, the Court declines to resolve Plaintiffs' alternative argument regarding judicial estoppel.

Amazon's concerns that identifying class members who used VTO in Illinois renders the class unmanageable. *Cf. In re Facebook Biometric Info. Priv. Litig.*, 326 F.R.D. at 547 ("Facebook has not tendered any evidence to indicate that the circumstances relating to the challenged conduct did not occur 'primarily and substantially within' Illinois. Class members do not need to show more in order to sue under BIPA, particularly in light of BIPA's express concerns about data collection by 'major national corporations.'" (cleaned up) (citations omitted)). When considering manageability concerns about class member identification, "a district judge has discretion to (and . . . normally should) wait and see how serious the problem may turn out to be after settlement or judgment, when much more may be known about available records, response rates, and other relevant factors. And if a problem is truly insoluble, the court may decertify the class at a later stage of the litigation." *Mullins*, 795 F.3d at 664. "[R]efusing to certify on manageability grounds alone should be the last resort." *Id.*

Next, although the named Plaintiffs testified that they used VTO while they lived in Illinois, Amazon contends that its data does not reflect that either ever used Amazon's VTO while in Illinois. Amazon argues that this means either the IP addresses are unreliable for determining the location of use or the named Plaintiffs are inadequate class representatives who lack standing to bring claims pertaining to the Amazon VTO. Plaintiffs, on the other hand, argue that every data production prior to the last one included records of Plaintiff Colosi using the Amazon VTO. Further, both named Plaintiffs testified that they were living in Illinois at the time they used the VTO, which is sufficient evidence at this stage to show standing. *Cf. Mullins*, 795 F.3d at 669 ("Given the significant harm caused by immunizing corporate misconduct, we believe a district judge has discretion to allow class members to identify themselves with their own testimony and to establish mechanisms to test those affidavits as needed.").

Amazon next argues that class members cannot be identified with class-wide data, and the proposed class is simultaneously over- and under-inclusive, for the following reasons:

- Amazon's records show which accounts, not individuals, engaged with VTO, and Amazon accounts are often shared among family and friends through either discrete user profiles or password sharing;

- Because VTO can only be used on mobile devices, multiple people may pass a phone and take turns trying on a product or children may play with VTO using a parent's phone;

- Shoppers can use VTO while not logged in to an account, in which case the records do not provide account information for that use; and

- Data from the ModiFace VTO specifically only records VTO uses when the shopper adds the product to their virtual cart, meaning class members could allege violations that are not corroborated in the data.

Amazon contends that its records cannot resolve these discrepancies on a class-wide basis and so there will have to be an individualized inquiry into who used the VTO and whether that use occurred in Illinois, particularly because each use could potentially give rise to an additional $5,000 in liability, and so individualized actions are the superior method of adjudication.

As set forth above, Plaintiffs' vision for identifying class members will result in the identification of people who used VTO in Illinois during the class period. Plaintiffs do not need to identify every member of the class at the certification stage. *See Mullins*, 795 F.3d at 665 ("Due process simply does not require the ability to identify all members of the class at the certification stage.").

Further, Amazon's concerns regarding passing the phone are too speculative to be a basis for denying certification. *Toney v. Quality Res., Inc.*, 323 F.R.D. 567, 587 (N.D. Ill. 2018) ("[A]llowing such speculation to dictate the outcome of a class-certification decision would afford litigants in future cases 'wide latitude to inject frivolous issues to bolster or undermine a finding of predominance.'" (citation omitted)); *Heard v. Becton, Dickinson & Co.*, 524 F. Supp. 3d 831, 850 (N.D. Ill. 2021) ("[W]ithout 'specific evidence—as opposed to mere speculation— that [a] purportedly individualized issue predominates over common issues,' the court cannot conclude that individualized factual questions predominate." (quoting *Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 298 (N.D. Ill. 2014))).

Amazon's over-inclusivity concern does not merit a different result. The Seventh Circuit has cautioned against refusing to certify on the basis that the there may be fraudulent or inaccurate claims. *Mullins*, 795 F.3d at 668. ("By 'focusing on making absolutely certain that compensation is distributed only to those individuals who were actually harmed,' the heightened ascertainability requirement 'has ignored an equally important policy objective of class actions: deterring and punishing corporate wrongdoing.'"). And Plaintiffs are correct in pointing out that the class definition is not tied to whether Amazon has a record of use. For this reason, *Espejo v. Santander Consumer USA, Inc.*, is distinguishable. No. 11 C 8987, 2016 WL 6037625, at *12 (N.D. Ill. Oct. 14, 2016) (proposed class could not be ascertained where plaintiffs themselves challenged the content, clarity, accuracy, and completeness of the records on the very points needed to determine class membership, it would require a liability determination to determine membership, and plaintiffs failed to identify any group of members who fell within it). As discussed above, Illinois billing addresses, IP addresses, and geo-location data will identify

persons who used the VTOs while in Illinois, and claim-form affidavits can serve as an additional cross-check.

### ii.    Affirmative Defenses and Individual Damages

Next Amazon argues that it has unique defenses to every member of the putative class because damages are "discretionary rather than mandatory" under BIPA, citing *Cothron v. White Castle Sys., Inc.*, 216 N.E.3d 918, 929, *as modified on denial of reh'g* (July 18, 2023). In particular, Amazon points out that the voluntary nature of Amazon's VTO gives rise to affirmative defenses such as consent, failure to mitigate, estoppel, and waiver, which can vary depending on the conduct of each individual class member and which may affect the availability discretionary damages. Amazon contends that due process requires that Amazon be given an opportunity to present its defenses to each claim for statutory damages, and that the analysis is inherently individualized and would overwhelm common questions and undermine the efficiencies of the class device. The Court disagrees.

*Cothron* held that a separate BIPA claim accrues "with every scan" of biometric data before the defendant obtains the informed written consent required by BIPA, *id.*, and rejected the argument that a different result was warranted because "class-wide damages . . . may exceed $17 billion," reasoning "this court has repeatedly held that, where statutory language is clear, it must be given effect, even though the consequences may be harsh, unjust, absurd or unwise." *Id.* at 928 (internal quotation marks omitted) (citations omitted). The Illinois Supreme Court nonetheless explained that "'[a] trial court presiding over a class action—a creature of equity— would certainly possess the discretion to fashion a damage award that (1) fairly compensated claiming class members and (2) included an amount designed to deter future violations, without

destroying defendant's business.'" *Id.* at 929 (quoting *Cent. Mut. Ins. Co. v. Tracy's Treasures, Inc.,* 19 N.E.3d 1100, 1118 (Ill. App. Ct. 1st Dist. 2014)).

Plaintiffs argue that nothing in *Cothron*, which was a class action, suggests that the trial court's discretion to reduce an excessive damage award creates individual issues. Plaintiffs point instead to *Murray v. GMAC Mortg. Corp.*, in which the Seventh Circuit stated: "An award that would be unconstitutionally excessive may be reduced, but constitutional limits are best applied after a class has been certified. Then a judge may evaluate the defendant's *overall conduct* and control its *total* exposure." 434 F.3d 948, 954 (7th Cir. 2006) (emphasis added). Plaintiffs' position finds support in a recent district court case that rejected a similar argument to the one Amazon makes here. *Tapia-Rendon v. United Tape & Finishing Co.*, No. 21 C 3400, 2023 WL 5228178, at *6 (N.D. Ill. Aug. 15, 2023) ("[T]he fact that damages under the BIPA are discretionary after *Cothron* does not mean that they cannot be awarded in a common class-wide manner."), *reconsideration denied,* No. 21 C 3400, 2024 WL 406513 (N.D. Ill. Feb. 2, 2024).[4] In that case, the court found that the class was seeking statutory, not actual, damages, which would be "assessed on a common per-scan basis across the class, even if the amount differs from the $1,000 or $5,000 liquidated damages amounts provided in the BIPA." *Id.* "If it at some point [the defendant's] manageability concerns become realized, 'Rule 23(c)(1)(B) specifically recognizes the possibility of certifying not just class claims, but also class issues." *Id.* at *7 (quoting *Arreola v. Godinez*, 546 F.3d 788, 800–01 (7th Cir. 2008) (internal quotation marks omitted)).

---

[4] The Court is further unpersuaded that the factors set forth in the Seventh Circuit pattern jury instruction for awarding statutory damages for copyright infringement either apply here or show that individualized issues predominate. Additionally, nothing in *Rogers* supports Amazon's position that an inquiry into the application of affirmative defenses requires individual determinations of discretionary BIPA damages post-*Cothron*. 2023 WL 4297654, at *9.

Consequently, "the need for individual damages determinations does not, in and of itself, require denial" of class certification. *Arreola*, 546 F.3d at 801.

The cases relied upon by Amazon where individual damage calculations would overwhelm questions common to the class are distinguishable. *Comcast Corp. v. Behrend*, 569 U.S. 27, 36 (2013) (finding plaintiffs' damages model "failed to measure damages resulting from the particular antitrust injury on which petitioners' liability in this action is premised" and, without another class-wide methodology, individual damage calculations would predominate); *Eddlemon v. Bradley Univ.*, 65 F.4th 335, 340 (7th Cir. 2023) (district court erred in certifying class without considering the elements of plaintiff's claims or defendant's argument that breach of contract claim would lead to many individual questions regarding damages); *Andrews v. Chevy Chase Bank*, 545 F.3d 570 (7th Cir. 2008) (finding class certification would only give rise to hundreds or thousands of individual rescission procedures to "unwind" individual credit transactions); *Wacker Drive Exec. Suites, LLC v. Jones Lang LaSalle Americas (Illinois), LP*, No. 18 C 5492, 2022 WL 1045701, at *21 (N.D. Ill. Apr. 7, 2022) (where tenants sought damages for increased costs for union labor compared to non-union labor but failed to provide any expert estimate of labor costs, determining damages would require individual proof based on each contractor's estimate of union labor costs).

Plaintiffs further argue that the defenses of consent, failure to mitigate, estoppel, and waiver do not apply to BIPA's statutory claims, citing to authority in support of their position. Amazon does not cite any authority that would support the application of those defenses to BIPA claims. Regardless, "whether these defenses are even available on BIPA claims is a common issue, and if they are, so too is their application." *Tapia-Rendon*, 2023 WL 5228178, at *8 (cleaned up). As Amazon frames their consent defense—namely, the use of Amazon's VTO

technology is completely voluntary, and in order to access VTO, shoppers must push a "try on" button and are advised that no data used by VTO leaves their device—it is equally applicable to all class members. As for its estoppel defense, Amazon does not explain how it applies in this case and there is no indication that its application would vary across the class. *See Tapia-Rendon*, 2023 WL 5228178, at *8.

With respect to waiver and failure to mitigate, Amazon contends that the data shows that Plaintiff Colosi continued to use VTO out-of-state after joining this lawsuit with full knowledge of her allegations, creating waiver and failure to mitigate defenses. Plaintiffs points out that Amazon cites no evidence in support of that claim. Further, Amazon's corporate representative testified that its waiver and failure to mitigate defenses are "not based on any facts," and in any event, out-of-state uses of VTO fall outside the scope of this lawsuit. Given the lack of factual and legal support that these defenses even apply to this case, the Court is not persuaded that individual inquiries into whether these defenses apply, or would require individualized damages calculations, would predominate over the plainly common questions. *Messner*, 669 F.3d at 815 ("It is well established that the presence of individualized questions regarding damages does not prevent certification under Rule 23(b)(3)."); *Mullins*, 795 F.3d at 671 ("It has long been recognized that the need for individual damages determinations at [a] later stage of the litigation does not itself justify the denial of certification.").[5]

---

[5] *Hyderi v. Washington Mutual Bank, FA* is inapposite. 235 F.R.D. 390, 406 (N.D. Ill. 2006) (denying class certification for RESPA claims where class proceedings would at most settle a limited slice of the litigation and where litigation would require hundreds of follow-on proceedings to determine failure to mitigate, causation, consequential economic damages, and mental anguish).

### iii. Size of Possible Damages

Next Amazon argues that the core policy behind class actions—to provide a procedural mechanism to incentivize suits involving a large number of class members who each incurred a *de minimis* injury and who would not individually bring a suit—is not implicated here. *See, e.g.*, *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997) ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights."). Amazon argues that under Plaintiffs' theory, the mean recovery for class members would exceed $60,000, with over 1,400 class members recovering over $500,000 and more than 250 class members eligible to recover over $1,000,000. And, as Amazon points out, hundreds of BIPA cases have been filed. As the argument goes, because there is a significant incentive to sue under BIPA even on an individual basis, a class is unnecessary. Amazon argues that the possibility of an excessive damage award weighs against a finding of superiority and compromises Amazon's due process rights, citing *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 416–17 (2003) (holding a punitive damages award of $145 million, where full compensatory damages are $1 million, is excessive and violates due process).

This Court is persuaded by the Seventh Circuit's reasoning in *Murray*, which found a similar argument to be an improper ground on which to deny class certification:

> Having upbraided Murray for abandoning compensatory damages and thus seeking too little, the district judge also rebuked her for seeking too much. He wrote: "If Murray and the proposed class members were to prevail at trial, GMAC would face a potential liability in the billions of dollars for purely technical violations of the FCRA . . . Rule 23 is not intended to encourage such abuses of the class action mechanism."

> The reason that damages can be substantial, however, does not lie in an "abuse" of Rule 23; it lies in the legislative decision to authorize awards as high as $1,000 per

29

person, 15 U.S.C. § 1681n(a)(1)(A), combined with GMACM's decision to obtain the credit scores of more than a million persons. . . .

The district judge sought to curtail the aggregate damages for violations he deemed trivial. Yet it is not appropriate to use procedural devices to undermine laws of which a judge disapproves. . . . Maybe suits such as this will lead Congress to amend the Fair Credit Reporting Act; maybe not. While a statute remains on the books, however, it must be enforced rather than subverted. An award that would be unconstitutionally excessive may be reduced, . . . but constitutional limits are best applied after a class has been certified. Then a judge may evaluate the defendant's overall conduct and control its total exposure. Reducing recoveries by forcing everyone to litigate independently—so that constitutional bounds are not tested, because the statute cannot be enforced by more than a handful of victims—has little to recommend it.

*Murray*, 434 F.3d at 953 (citations omitted); *see also Tapia-Rendon*, 2023 WL 5228178, at *7

(finding *Murray* forecloses the argument that the potential for an excessive judgment under

BIPA violates a defendant's constitutional due process rights).

Although class actions with high potential liability unquestionably place pressure on

defendants to settle, that pressure "must be balanced against the undoubted benefits of the class

action that have made it an authorized procedure for employment by federal courts." *Matter of*

*Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1299 (7th Cir. 1995). Plaintiffs contend that they have

already expended substantial expert costs in the six figures to analyze Amazon's software, with

fact and expert discovery then-ongoing. A class action is superior where "no rational individual

plaintiff would be willing to bear the costs of [the] lawsuit." *Suchanek*, 764 F.3d at 760; *see also*

*id.* ("In this case, resolution of the merits may require costly survey evidence and expert

testimony, along the lines plaintiffs have proffered for certification purposes, to prove the

allegation that the GSC packaging was likely to mislead a reasonable consumer."). Very few

individuals could or would expend such costs. Indeed, Plaintiffs point out that the statutory

damages available under BIPA have not been a sufficient incentive for a single member of the

proposed class to sue Amazon individually. *See Barnes v. Air Line Pilots Ass'n, Int'l*, 310 F.R.D.

551, 562 (N.D. Ill. 2015) ("The relatively substantial recovery awaiting many of the management pilots, standing alone, does not defeat superiority. Indeed, 'the text of Rule 23(b)(3) does not exclude from certification cases in which individual damages run high.'" (quoting *Amchem Prods.*, 521 U.S. at 617)); *see also* 2 Newberg and Rubenstein on Class Actions § 4:70 (6th ed.) ("[A] complete lack of other litigation concerning the matter at hand supports the conclusion that a class action would be superior to individual litigation." (collecting cases)).

Further, a class action is "superior when it 'may forestall an inefficient and uneconomical flood of individual lawsuits and/or prevent inconsistent outcomes in like cases,'" which "is an especially powerful concern when . . . common issues predominate strongly." *Coleman through Bunn v. D.C.*, 306 F.R.D. 68, 87 (D.D.C. 2015) (quoting 2 Newberg and Rubenstein on Class Actions § 4:67 (5th ed.)); *see also Mejdreck v. Lockformer Co.*, No. 01 C 6107, 2002 WL 1838141, at *7 (N.D. Ill. Aug. 9, 2002) (superiority satisfied as "it would be wholly inefficient to try thousands of separate cases that would allege the same misconduct and provide the same proof of such"), *aff'd sub nom. Mejdrech v. Met-Coil Sys. Corp.*, 319 F.3d 910 (7th Cir. 2003). Here, common issues predominate strongly, and class proceedings will resolve liability, ensure uniformity of decision, avoid duplicative resolution of complex common issues, preserve party and judicial resources, and promote efficiency. Further, "[t]he more claimants there are, the more likely a class action is to yield substantial economies in litigation." *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004). The potential class comprises over 160,000 individuals, all with virtually identical claims that will involve common proof. "It can hardly be disputed that

31

resolving these claims through a class action "would be more efficient than proceeding with hundreds of individual suits." *Tapia-Rendon*, 2023 WL 5228178, at *6.

Amazon relies upon several cases for the proposition that alternative methods are superior to class treatment because damages would sufficiently incentivize individual proceedings. But those cases are distinguishable because, unlike here, the efficiencies of the class action device did not outweigh the potential incentive for individual suits or alternative methods for resolving the dispute. *See Andrews*, 545 F.3d at 577 (finding individual rescission procedures to "unwind" hundreds or thousands of individual credit transactions did not promote judicial economy and efficiency); *Hamilton v. O'Connor Chevrolet, Inc.*, No. 02 C 1897, 2006 WL 1697171, at *12 (N.D. Ill. June 12, 2006) (finding class action device not superior due to the availability of an effective alternative plus the problems inherent in conducting hundreds or thousands of follow-on procedures regarding liability, actual damages, and emotional damages); *Glover v. Standard Fed. Bank*, 283 F.3d 953, 965 (8th Cir. 2002) (finding a loan-specific inquiry into services provided was required to determine liability and amount of damages warranted under RESPA); *Van v. Ford Motor Co.*, 332 F.R.D. 249, 290 (N.D. Ill. 2019) (finding individual Title VII lawsuits with significant money damages and attorneys' fees to be a viable option for hostile work environment claims, whereas liability could not be established on a class-wide basis and the plaintiffs' proposed litigation plan would necessitate hundreds of separate hearings); *Hyderi, supra* n.5.[6]

---

[6] *AT&T Mobility LLC v. Concepcion* is unpersuasive in this case. 563 U.S. 333 (2011). There the Supreme Court noted in dicta that the district court had concluded that claimants were better off pursuing claims pursuant to their arbitration agreement with AT&T, which provided a minimum of $7,500 and twice their attorney's fees if they obtained an arbitration award greater than AT&T's last settlement offer, than they would have been as participants in a class action, which could take months, if not years, and may merely yield an opportunity to submit a claim for recover of a small percentage of a few dollars. *Id.* at 351.

Accordingly, the Court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

## CONCLUSION

For all of these reasons, Plaintiff's Motion for Class Certification [169][174] is granted. The Court certifies the following class under Rule 23(b): all individuals who used a virtual try-on feature on Amazon's mobile website or app while in Illinois on or after September 7, 2016. Excluded from the Class are: (1) any person who used such a virtual try-on feature only in model mode or for hair color; (2) any judge presiding over this action; (3) all members of any such judge's staff and immediate family; (4) Defendants; (5) any entities in which any Defendant has a controlling interest; (6) Defendant's employees, owners, officers, and directors. The Court appoints Keith James Keogh, Theodore Herbert Kuyper, and Timothy J. Sostrin, of Keogh Law, Ltd. as class counsel in this case.

Defendants filed an unopposed motion to seal [196] wherein they move the Court to maintain under seal the unredacted version of Plaintiffs' motion for class certification [174] and Exhibit 4 thereto. Defendants' motion [196] is granted for good cause shown for the reasons set forth in Defendants' motion. The unredacted version of Plaintiffs' motion for class certification [174], and Exhibit 4 thereto, shall remain under seal. The clerk is directed to unseal Exhibit 8 [174-2].

Defendants filed an unopposed motion to seal [213] wherein they move the Court to maintain under seal (i) the unredacted version of their memorandum of law in response to Plaintiffs' motion for class certification [212] and (ii) certain exhibits thereto containing trade

33

secrets, confidential business information, and Plaintiffs' personally identifiable information. Defendants' motion [213] is granted for good cause shown for the reasons set forth in Defendants' motion. The unredacted versions of Defendants' memorandum of law and Exhibits A, B, D, E, G, H, and I thereto shall remain under seal. The clerk is directed to unseal Exhibits J [212-10], K [212-11], and L [212-12].

Plaintiffs' unopposed motion to seal [257] is denied without prejudice. Under Local Rule 26.2(b), "[t]he court may for good cause shown enter an order directing that one or more documents be filed under seal." Plaintiffs make no such showing other than to say that the exhibits are designated as "Confidential" pursuant to the Agreed Confidentiality Order entered on February 25, 2022 [28]. But, under the Agreed Confidentiality Order, the mere designation of a document as "Confidential" does not alone amount to the required "good cause" or allow for that document to be filed under seal. [28, Par. 7]. "The determination of good cause [to seal materials] cannot be elided by allowing the parties to seal whatever they want." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). A party hoping to file materials in secret must justify the claim of secrecy and "analyze the applicable legal criteria or contend that any document... may... legitimately... be kept from public inspection despite its importance to the resolution of the litigation." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002); *see also Bierk v. Tango Mobile, LLC*, No. 19 C 5167, 2021 WL 308834 (N.D. Ill. Jan. 29, 2021). Without any attempt to show "good cause" in the motion to seal, it cannot be granted as filed. And as filed, the motion to seal is denied. But the Court will allow the documents to remain provisionally sealed until 04/12/2024, to allow the Plaintiffs or Defendants to file a properly supported motion to seal if they so choose.

34

Defendants' motion for leave to file sur-reply [262] is granted. Plaintiffs' motion for leave to file reply to Defendants' sur-reply [268] is granted.

This case is set for status hearing on May 9, 2024 at 9:30 a.m. for the purpose of setting a schedule for further proceedings. The parties are directed to confer regarding a schedule and are to submit a joint status report with a proposal (or competing proposals if they cannot agree) by May 6, 2024.

**SO ORDERED.**                                   **ENTERED: March 30, 2024**

_____
**HON. JORGE ALONSO**
**United States District Judge**

35

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **TANYA N. SVOBODA,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No. 21 C 5336** |
| **v.** | ) | |
| | ) | **Judge Jorge Alonso** |
| **AMAZON.COM, INC.,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

For the reasons set forth below, Defendants' motion for reconsideration [295] is denied.

## STATEMENT

The Parties engaged in extensive briefing on Plaintiffs' Motion for Class Certification. (ECF Nos. 174, 212, 255, 262-1, 268-1, 280, 281, 282, 284.) On January 10, 2024, the Court heard oral argument on Plaintiffs' motion. On March 20, 2024, the Court granted Plaintiffs' motion for class certification. (ECF No. 291). On April 11, 2024, Defendants filed a motion to reconsider the Court's Order pursuant to Federal Rule of Civil Procedure 54(b). (ECF No. 295.) The Court assumes familiarity with its Order on class certification, in which it set forth a detailed summary of the background of the case. (ECF No. 291.)

A district court has the authority to reconsider its orders at any time prior to final judgment. *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012) ("Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of judgment, thereby bestowing sweeping authority upon the district court to reconsider[.]"); *see Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015) (noting that Rule 60(b) applies only to a "final judgment, order, or proceeding," and that Rule 60(b) "does not limit a district court's discretion to reconsider 'an interlocutory judgment or order at any time prior to final judgment.'").

Motions for reconsideration are disfavored. They clutter the Court's docket, and, when parties make arguments they have already made or could have made, they waste judicial resources. A court "ought not to revisit an earlier ruling in a case absent a compelling reason, such as manifest error or change in the law, that warrants reexamination." *Tyrer v. City of South Beloit*, 516 F.3d 659, 663 (7th Cir. 2008) (citations omitted); *see also Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251–52 (7th Cir. 1987). Motions to reconsider are not meant to give parties a second bite at the apple. *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

Defendants identify no change in law or fact in support of their request. Defendants' motion for reconsideration simply rehashes the same arguments made in the previously submitted briefing

and at oral argument that this Court found unpersuasive for purposes of class certification. In summary, Defendants reargue that the Court should reconsider its order on class certification for three reasons: (1) Plaintiffs have not established that the location of VTO use can be proven on a class-wide basis, (ECF No. 295 at 3-7), (2) the Court should exclude from the class individuals for whom Amazon does not have contact information, (*id.* at 10-12), and (3) that either (a) the class representatives are inadequate or atypical representatives for not having used VTO eyewear or (b) that the Court should have decided the applicability of BIPA's healthcare exception at class certification (*id.* at 7-10).[1]

Defendants briefed these arguments extensively and presented them to the Court at oral argument. (ECF Nos. 212 at 5-8, 10-17, 24-25; 261-2 at 1; 279 at 15:7-22:7, 23:18-24:3, 24:6-11; 280; 282.) The Court considered Defendants' arguments in granting class certification. (ECF No. 291 at 12-14; 21-25.)[2] The Court finds no manifest error in its decision to grant class certification, and accordingly Defendants' motion for reconsideration (ECF No. 295) is denied.

**SO ORDERED.**                                              **ENTERED:**

_____
**HON. JORGE ALONSO**
**United States District Judge**

---

[1] Defendants made one new argument in their motion regarding the retroactivity of *Rosenbach v. Six Flags Entm't Corp.* 129 N.E.3d 1197 (Ill. 2019). (ECF No. 295 at 12.) Defendants have since abandoned that argument because none of the alleged violations predate that opinion. (ECF No. 315 at 14 n.6.)

[2] The Court disagrees that it should have decided the applicability of BIPA's healthcare exemption at class certification. To the extent that Defendants contend that the healthcare exemption bars certain class members from recovery, they are free to make that argument at summary judgment. But resolving the issue was not necessary to the Court's class certification decision, and therefore not appropriate at that stage. (ECF No. 291 at 12-15; *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013) ("Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied.").

**United States District Court**
**Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.1) (Chicago)**
**CIVIL DOCKET FOR CASE #: 1:21–cv–05336**
*Internal Use Only*

Svoboda v. Amazon.com Inc. et al
Assigned to: Honorable Jorge L. Alonso
Referred to: Honorable Laura K. McNally
Case in other court:  Circuit Court of Cook County, Illinois,
          2021CH04516
Cause: 28:1332 Diversity–Petition for Removal

Date Filed: 10/07/2021
Jury Demand: Defendant
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Tanya N. Svoboda**
*Individually and on behalf of all others
similarly situated*

represented by **Keith James Keogh**
Keogh Law, Ltd.
55 W. Monroe
Suite 3390
Chicago, IL 60603
(312) 726–1092
Fax: Active
Email: Keith@keoghlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Theodore Herbert Kuyper**
KEOGH LAW, LTD.
55 W. MONROE STREET
SUITE 3390
CHICAGO, IL 60603
(312) 726–1092
Fax: Not a member
Email: tkuyper@keoghlaw.com
*ATTORNEY TO BE NOTICED*

**Timothy J. Sostrin**
Keogh Law, LTD.
55 W. Monroe
Suite 3390
Chicago, IL 60603
312 726 1092
Fax: Not a member
Email: tsostrin@keoghlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Antonella M. Ortiz Colosi**
*individually and on behalf of all others
similarly situated*

represented by **Keith James Keogh**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Theodore Herbert Kuyper**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy J. Sostrin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Amazon.com Inc.**                    represented by    **Ari M. Selman**
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178−0060
(212) 309−6000
Fax: Pro Hac Vice
Email: ari.selman@morganlewis.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth Brooke Herrington**
Morgan, Lewis & Bockius LLP
110 N. Wacker Dr.
Suite 2800
Chicago, IL 60606
(312) 324−1000
Fax: Active
Email: beth.herrington@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alborz Hassani**
Morgan, Lewis & Bockius Llp
110 North Wacker Drive
Suite 2800
Chicago, IL 60606−1511
(312) 324−1711
Fax: Not a member
Email: al.hassani@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Alex David Berger**
California Privacy Protection Agency
300 S Spring St
Ste 15513
Los Angeles, CA 90013
279−226−4588
Email: alex.berger@cppa.ca.gov
*TERMINATED: 05/05/2022*

**Gregory Thomas Fouts**
Morgan, Lewis & Bockius LLP
110 N. Wacker Dr., Suite 2800
Chicago, IL 60606
(312) 324−1776
Fax: Not a member
Email: gregory.fouts@morganlewis.com
*TERMINATED: 11/15/2024*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Amazon.com Services, LLC**          represented by    **Ari M. Selman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth Brooke Herrington**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alborz Hassani**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alex David Berger**
(See above for address)
*TERMINATED: 05/05/2022*

**Gregory Thomas Fouts**
(See above for address)
*TERMINATED: 11/15/2024*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/07/2021 | 1 | NOTICE of Removal from Circuit Court of Cook County, Illinois, case number (2021CH04516) filed by Amazon.com Inc., Amazon.com Services, LLC Filing fee $ 402, receipt number 0752−18748869. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Herrington, Elizabeth) (Entered: 10/07/2021) |
| 10/07/2021 | 2 | CIVIL Cover Sheet (Herrington, Elizabeth) (Entered: 10/07/2021) |
| 10/07/2021 | 3 | ATTORNEY Appearance for Defendants Amazon.com Inc., Amazon.com Services, LLC by Elizabeth Brooke Herrington (Herrington, Elizabeth) (Entered: 10/07/2021) |
| 10/07/2021 | 4 | ATTORNEY Appearance for Defendants Amazon.com Inc., Amazon.com Services, LLC by Gregory Thomas Fouts (Fouts, Gregory) (Entered: 10/07/2021) |
| 10/07/2021 | 5 | ATTORNEY Appearance for Defendants Amazon.com Inc., Amazon.com Services, LLC by Alex David Berger (Berger, Alex) (Entered: 10/07/2021) |
| 10/07/2021 | 6 | ATTORNEY Appearance for Defendants Amazon.com Inc., Amazon.com Services, LLC by Alborz Hassani (Hassani, Alborz) (Entered: 10/07/2021) |
| 10/07/2021 | 7 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Amazon.com Inc., Amazon.com Services, LLC (Herrington, Elizabeth) (Entered: 10/07/2021) |
| 10/07/2021 | | CASE ASSIGNED to the Honorable John Z. Lee. Designated as Magistrate Judge the Honorable Jeffrey Cole. Case assignment: Random assignment. (mxo, ) (Entered: 10/07/2021) |
| 10/07/2021 | 8 | ATTORNEY Appearance for Plaintiff Tanya Svoboda by Keith James Keogh (Keogh, Keith) (Entered: 10/07/2021) |
| 10/07/2021 | 9 | ATTORNEY Appearance for Plaintiff Tanya Svoboda by Theodore Herbert Kuyper (Kuyper, Theodore) (Entered: 10/07/2021) |
| 10/08/2021 | 10 | MAILED Notice of Removal to counsel of record. (jn, ) (Entered: 10/08/2021) |
| 10/11/2021 | 11 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for extension of time *to Respond to Complaint (unopposed)* (Fouts, Gregory) (Entered: 10/11/2021) |
| 10/12/2021 | 12 | MINUTE entry before the Honorable John Z. Lee: Motion for extension of time until November 4, 2021 to respond to the complaint 11 is granted. (ca, ) (Entered: 10/12/2021) |
| 10/14/2021 | 13 | MINUTE entry before the Honorable John Z. Lee: A Rule 16 initial status hearing is set for 12/1/21 at 9:00 a.m. The parties are directed to file a joint initial status report by 11/23/21. The report should comply with the requirements for initial joint status reports set forth in the Initial Status Conference standing order, which can be found on the Court's website. In light of the COVID−19 pandemic and the related General Orders, the Court finds that it is necessary to conduct the status hearing via telephone conference. The call−in number is 888−273−3658 and the access code is 1637578. Counsel of record will receive a separate email at least 12 hours prior to the start of the telephonic hearing with instructions on how to join the call. All persons granted |

| | | |
|---|---|---|
| | | remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in court–imposed sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. All participants should review the Court's standing order regarding telephone conferences that is on Judge Lee's website, which can be found at: https://www.ilnd.uscourts.gov/judge–info.aspx?4Qf5zc8loCI5U7rfMP9DHw==. (ca, ) (Entered: 10/14/2021) |
| 11/04/2021 | 14 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Amazon.com Inc., Amazon.com Services, LLC (Fouts, Gregory) (Entered: 11/04/2021) |
| 11/04/2021 | 15 | MEMORANDUM by Amazon.com Inc., Amazon.com Services, LLC in support of Motion to Dismiss for Failure to State a Claim 14 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Fouts, Gregory) (Entered: 11/04/2021) |
| 11/04/2021 | 16 | NOTICE of Motion by Gregory Thomas Fouts for presentment of Motion to Dismiss for Failure to State a Claim 14 before Honorable John Z. Lee on 11/16/2021 at 09:00 AM. (Fouts, Gregory) (Entered: 11/04/2021) |
| 11/05/2021 | 17 | MINUTE entry before the Honorable John Z. Lee: Plaintiff's response to Defendant's motion to dismiss 14 is due by 11/29/2021; reply due by 12/13/2021. Motion presentment hearing set for 11/16/2021 16 is stricken. Mailed notice (cn). (Entered: 11/05/2021) |
| 11/19/2021 | 18 | MOTION by Plaintiff Tanya N. Svoboda for extension of time to file response/reply as to Motion to Dismiss for Failure to State a Claim 14 *Joint Motion* (Kuyper, Theodore) (Entered: 11/19/2021) |
| 11/22/2021 | 19 | MINUTE entry before the Honorable John Z. Lee:Motion for extension of time to file response 18 is granted. Plaintiff's response to Defendants' motion to dismiss is due by December 13, 2021; reply due by January 10, 2022. (ca, ) (Entered: 11/22/2021) |
| 11/23/2021 | 20 | STATUS Report *Joint Initial Status Report* by Tanya N. Svoboda (Keogh, Keith) (Entered: 11/23/2021) |
| 11/29/2021 | 21 | MINUTE entry before the Honorable John Z. Lee:The status hearing set for 12/1/21 is reset to 12/8/21 at 9:15 a.m.The call–in number is 888–273–3658 and the access code is 1637578. Counsel of record will receive a separate email at least 12 hours prior to the start of the telephonic hearing with instructions on how to join the call. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in court–imposed sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. All participants should review the Court's standing order regarding telephone conferences that is on Judge Lee's website, which can be found at: https://www.ilnd.uscourts.gov/judge–infor.aspx?4Qf5zc8loCI5U7rfMP9DHw==. (ca, ) (Entered: 11/29/2021) |
| 11/29/2021 | 22 | MINUTE entry before the Honorable John Z. Lee: The Court has reviewed the status report. The Court enters the following fact discovery schedule. The parties are to exchange Rule 26(a) initial disclosures by 12/15/21 and initial written discovery requests by 12/22/21. The deadline for the amendment of pleadings or joinder of parties is 3/15/22. All fact discovery must be completed by 9/30/22. The parties are ordered to submit a status report on the status of discovery on 8/6/22. The Court orders the parties to file a joint written status report by 2/25/22. The report, which shall be as concise as possible, shall set forth: (1) the current deadlines imposed by the Court and whether the matter has been referred to the Magistrate Judge in any fashion (e.g., for discovery supervision; for resolution of a motion; for settlement; etc.); (2) the progress of discovery, if discovery is ongoing; (3) the status of briefing on unresolved motions, if any; (4) whether the parties have engaged or are engaging in settlement discussions and the status of those discussions; (5) for cases without any future court dates, an agreed proposed schedule; (6) for cases that have future court dates and if the parties believe there is good cause to extend the current deadlines, a proposed amended schedule and the basis for the request; (7) a request for any agreed action that the |

| | | |
|---|---|---|
| | | Court can take without a hearing; (8) and whether the parties believe a telephonic hearing or in−person hearing is necessary within the next 60 days, and, if so, the issue(s) that warrants discussion and the parties' respective positions. In light of this order, the status hearing previously set for 12/8/21 is stricken. (ca, ) (Entered: 11/29/2021) |
| 12/07/2021 | 23 | MINUTE entry before the Honorable John Z. Lee:The Court amends its 11/29/21 order as follows: The Court orders the parties to file a joint written status report by 3/11/22. The report, which shall be as concise as possible, shall set forth: (1) the current deadlines imposed by the Court and whether the matter has been referred to the Magistrate Judge in any fashion (e.g., for discovery supervision; for resolution of a motion; for settlement; etc.); (2) the progress of discovery, if discovery is ongoing; (3) the status of briefing on unresolved motions, if any; (4) whether the parties have engaged or are engaging in settlement discussions and the status of those discussions; (5) for cases without any future court dates, an agreed proposed schedule; (6) for cases that have future court dates and if the parties believe there is good cause to extend the current deadlines, a proposed amended schedule and the basis for the request; (7) a request for any agreed action that the Court can take without a hearing; (8) and whether the parties believe a telephonic hearing or in−person hearing is necessary within the next 60 days, and, if so, the issue(s) that warrants discussion and the parties' respective positions. The status hearing previously set for 12/8/21 is stricken. (ca, ) (Entered: 12/07/2021) |
| 12/13/2021 | 24 | RESPONSE by Tanya N. Svobodain Opposition to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Amazon.com Inc., Amazon.com Services, LLC 14 (Kuyper, Theodore) (Entered: 12/13/2021) |
| 01/10/2022 | 25 | REPLY by Defendants Amazon.com Inc., Amazon.com Services, LLC to Motion to Dismiss for Failure to State a Claim 14 (Fouts, Gregory) (Entered: 01/10/2022) |
| 02/18/2022 | 26 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for protective order *[AGREED]* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Fouts, Gregory) (Entered: 02/18/2022) |
| 02/25/2022 | 27 | MINUTE entry before the Honorable John Z. Lee:Motion for protective order 26 is granted. (ca, ) (Entered: 02/25/2022) |
| 02/25/2022 | 28 | AGREED Confidentiality Order Signed by the Honorable John Z. Lee on 2/25/22.(ca, ) (Entered: 02/25/2022) |
| 03/14/2022 | 29 | STATUS Report *Joint Status Report* by Tanya N. Svoboda (Kuyper, Theodore) (Entered: 03/14/2022) |
| 03/18/2022 | 30 | MINUTE entry before the Honorable John Z. Lee:The Court has reviewed the status report. The deadline for the amendment of pleadings and joinder of parties is extended to May 29, 2022. This case is referred to Magistate Judge Cole for general discovery supervision. The Court orders the parties to file a joint written status report by 8/1/21. The report, which shall be as concise as possible, shall set forth: (1) the current deadlines imposed by the Court and whether the matter has been referred to the Magistrate Judge in any fashion (e.g., for discovery supervision; for resolution of a motion; for settlement; etc.); (2) the progress of discovery, if discovery is ongoing; (3) the status of briefing on unresolved motions, if any; (4) whether the parties have engaged or are engaging in settlement discussions and the status of those discussions; (5) for cases without any future court dates, an agreed proposed schedule; (6) for cases that have future court dates and if the parties believe there is good cause to extend the current deadlines, a proposed amended schedule and the basis for the request; (7) a request for any agreed action that the Court can take without a hearing; (8) and whether the parties believe a telephonic hearing or in−person hearing is necessary within the next 60 days, and, if so, the issue(s) that warrants discussion and the parties' respective positions. (ca, ) (Entered: 03/18/2022) |
| 03/18/2022 | 31 | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Honorable Jeffrey Cole for the purpose of holding proceedings related to: general discovery supervision.(ca, ) (Entered: 03/18/2022) |
| 03/18/2022 | 32 | MINUTE entry before the Honorable Jeffrey Cole: Judge Lee has referred the case here for general discovery supervision. 30 and 31 . Per Judge Lee's Order 22 , fact |

|  |  | discovery (including depositions) is to be completed by 9/30/22. Counsel are reminded of Local Rule 16.1, which provides that discovery must be completed not merely scheduled within the time set for discovery. Per the Joint Initial Status Reports 20 and 29 , the expert discovery schedule is as follows: Plaintiff's expert report due on 10/21/22; Defendant's expert report due on 11/22/22; Plaintiff's rebuttal expert report due on 1/6/23; First day to depose experts is 1/9/23; and Expert discovery (including depositions) is to be completed by 3/10/23. Counsel should also submit a joint status report every 3 months, signed by counsel, specifically detailing the progress of discovery for the reporting period. Video Status Conference is set for 5/9/22 at 10:00am. Instructions will be emailed to counsel. Members of the public and media will be able to call in to listen to this hearing. Please call (571) 353−2301, access code 509147929#. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Should any issues arise during depositions, counsel should contact the Court. I can be reached by a call to my courtroom deputy, Yulonda Thomas, at 312−408−5178, and she will arrange for me to participate in the phone call. Emailed notice (yt) (Entered: 03/18/2022) |
| --- | --- | --- |
| 04/05/2022 | 33 | MOTION by Plaintiff Tanya N. Svoboda to compel *Defendants to Identify Persons with Knowledge About Virtual Try−On Programs at Issue* (Attachments: # 1 Exhibit 1 − Amazon's Resp to Interrogs (1st Set), # 2 Exhibit 2 − Defs.' 26(a)(1) Initial Disclosures, # 3 Exhibit 3 − Amazon Mar. 17 Ltr. re R. 37 Call, # 4 Exhibit 4−Lexis Cases)(Kuyper, Theodore) (Entered: 04/05/2022) |
| 04/06/2022 | 34 | MINUTE entry before the Honorable Jeffrey Cole: Defendants' response to plaintiff's motion to compel is due 4/12/22. Reply brief, if any, will be due 4/15/22.Emailed notice (yt) (Entered: 04/06/2022) |
| 04/11/2022 | 35 | EXECUTIVE COMMITTEE ORDER: Case reassigned to the Honorable Gary Feinerman for all further proceedings. Honorable John Z. Lee no longer assigned to the case. Signed by the Executive Committee on 4/11/2022. (exr, ) (Entered: 04/11/2022) |
| 04/12/2022 | 36 | MINUTE entry before the Honorable Jeffrey Cole: At the Court's instance, the video status conference set for 5/9/22 is RESCHEDULED to 5/19/22 at 9:00am. Instructions will be emailed to counsel. Members of the public and media will be able to call in to listen to this hearing. Please call (571) 353−2301, access code 509147929#. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Emailed notice (yt) (Entered: 04/12/2022) |
| 04/12/2022 | 37 | RESPONSE by Amazon.com Inc., Amazon.com Services, LLCin Opposition to MOTION by Plaintiff Tanya N. Svoboda to compel *Defendants to Identify Persons with Knowledge About Virtual Try−On Programs at Issue* 33 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Appendix of Westlaw Cases)(Herrington, Elizabeth) (Entered: 04/12/2022) |
| 04/13/2022 | 38 | MINUTE entry before the Honorable Jeffrey Cole: Plaintiff has filed a motion to compel defendant Amazon to supplement their Rule 26(a)(1) initial disclosures and fully answer Interrogatories 8 and 11 by identifying persons from Modiface Inc. which is the company defendants assert is responsible for the software at issue in this case and has much of the discovery plaintiff seeks involved in designing, developing, etc. the software at issue. [Dkt. ##33, 33−1, at 12, 14]. For the following reasons, the motion Dkt. # 33 is denied. Amazon has named several of its own employees likely to have the knowledge regarding the software at issue, but as for employees of Modiface a completely unrelated entity in Canada it has said only "ModiFace corporate representative and employees. These individuals are likely to have knowledge of the ModiFace VTO Feature." [Dkt. #33−1, at 15]. According to Amazon, it:does not know which ModiFace employees were involved in developing or creating its VTO product or the numerous other internal ModiFace processes that Plaintiff has inquired about. |

| | | Amazon also does not own or control ModiFace and has no right or obligation to obtain this information for Plaintiff. Third, while Amazon has interacted with some ModiFace employees on licensing or other issues, Amazon has no basis to say which of those employees, if any, possesses information relevant to Plaintiff's claims that bear no connection to Amazon and ModiFace's licensing negotiations...." [Dkt. #37, at 3]. That makes perfect sense. Modiface and its employees and their responsibilities are not necessarily within Amazon's knowledge, and certainly not within Amazon's control. *See, e.g., Hanley v. Como Inn, Inc.,* 2003 WL 1989607, at *4 (N.D. Ill. 2003); *Lambert v. Houi,* 2002 WL 169367, at *1 (N.D. Ill. 2002). It is unlikely a company that has negotiated a license for software with another company would have knowledge about the employees of that company who developed the software. The negotiators would not be knowledgeable about the intricacies of the software and their names would be irrelevant to plaintiff's claims. Plaintiff can only speculate otherwise, which is not enough. *Steffan v. Cook Cty. Sheriff,* 2020 WL 7353411, at *1 (N.D. Ill. 2020); *Gross v. Chapman,* 2020 WL 4336062, at *2 (N.D. Ill. 2020); *Hubbard v. Potter,* 247 F.R.D. 27, 29 (D.D.C. 2008). Obviously, the plaintiff's issue is with Modiface; and she needs to get the information about Modiface's software from Modiface. A court cannot compel a party to provide discovery that it does not have. *See, e.g.,Steffan,* 2020 WL 7353411, at *1 (N.D. Ill. 020) *Amarei v. City of Chicago,* 2016 WL 3669425, at *4 (N.D. Ill. 2016); *Winiecki v. Creditors Interchange Receivable Mgmt., LLC,* 2015 WL 6870105, at *10 (N.D. Ill. 2015); *In re Peregrine Fin. Grp. Customer Litig.,* 2015 WL 1344466, at *12 (N.D. Ill. 2015); *Tijerina v. Stanley,* 2019 WL 1396964, at *4 (E.D. Tex. 2019). Emailed notice (yt) (Entered: 04/13/2022) |
| 04/13/2022 | 39 | MINUTE entry before the Honorable Gary Feinerman: Status hearing set for 4/28/2022 at 9:15 a.m. By 4/21/2022, the parties shall file a joint status report using the form on Judge Feinerman's web page on this District's website. Attorneys/Parties should appear for the hearing by calling the Toll–Free Number: (877) 336–1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 04/13/2022) |
| 04/21/2022 | 40 | STATUS Report *Joint Status Report* by Tanya N. Svoboda (Attachments: # 1 Exhibit Prior status reports and scheduling orders)(Kuyper, Theodore) (Entered: 04/21/2022) |
| 04/28/2022 | 41 | MINUTE entry before the Honorable Gary Feinerman: Status and motion hearing held. Oral arguments heard. For the reasons stated on the record, Defendants' motion to dismiss 14 is denied. Defendants shall file an answer to the complaint by 5/12/2022. Status hearing set for 10/18/2022 at 9:15 a.m. Attorneys/Parties should appear for the hearing by calling the Toll–Free Number: (877) 336–1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (cn). (Entered: 04/28/2022) |
| 05/02/2022 | 42 | MOTION by Attorney Alex D. Berger to withdraw as attorney for Amazon.com Inc., Amazon.com Services, LLC. No party information provided (Berger, Alex) (Entered: 05/02/2022) |
| 05/05/2022 | 43 | MINUTE entry before the Honorable Gary Feinerman:Motion to withdraw as attorney 42 is granted. Attorney Alex Berger is terminated as counsel for Defendants.Mailed notice. (jlj, ) (Entered: 05/05/2022) |
| 05/12/2022 | 44 | ATTORNEY Appearance for Plaintiff Tanya N. Svoboda by Timothy J. Sostrin (Sostrin, Timothy) (Entered: 05/12/2022) |

| 05/12/2022 | 45 | ANSWER to Complaint with Jury Demand by Amazon.com Inc., Amazon.com Services, LLC(Fouts, Gregory) (Entered: 05/12/2022) |
|---|---|---|
| 05/19/2022 | 46 | MINUTE entry before the Honorable Jeffrey Cole: Video status conference held. Counsel did not have any issues to discuss at this time. It was brought up by counsel for the plaintiff, that foreign discovery may need to be taken and indeed was likely. Beyond that observation, the parties had no issues that needed resolution and discovery was proceeding – the present scheduled close date of 9/30/22 32 was set by Judge Lee, pursuant to the dates provided to him in the Joint Status Report. It seems unlikely that the present fact discovery close date will be met. Should there be a perceived need to extend the present discovery dates, a written motion will be required. The next video status conference is set for 7/28/22 at 10:00am. Instructions will be emailed to counsel. Members of the public and media will be able to call in to listen to this hearing. Please call (571) 353–2301, access code 509147929#. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Counsel should contact the Court should any issues arise during depositions. I can be reached by a call to my courtroom deputy, Yulonda Thomas, at 312–408–5178, and she will arrange for me to participate in the phone call. Emailed notice (yt) (Entered: 05/19/2022) |
| 05/27/2022 | 47 | MOTION by Plaintiff Tanya N. Svoboda for leave to file *Amended Class Action Complaint* (Attachments: # 1 Exhibit Proposed Am. Compl.)(Kuyper, Theodore) (Entered: 05/27/2022) |
| 05/31/2022 | 48 | MINUTE entry before the Honorable Gary Feinerman:Motion for leave to file 47 is granted. Plaintiff shall file her amended complaint as a separate docket entry.Mailed notice. (jlj, ) (Entered: 05/31/2022) |
| 05/31/2022 | 49 | *Plaintiff's Amended Class Action Complaint* AMENDED complaint by Tanya N. Svoboda against Amazon.com Inc., Amazon.com Services, LLC (Keogh, Keith) (Entered: 05/31/2022) |
| 06/01/2022 | 50 | ATTORNEY Appearance for Plaintiff Antonella M. Ortiz Colosi by Keith James Keogh (Keogh, Keith) (Entered: 06/01/2022) |
| 06/01/2022 | 51 | ATTORNEY Appearance for Plaintiff Antonella M. Ortiz Colosi by Theodore Herbert Kuyper (Kuyper, Theodore) (Entered: 06/01/2022) |
| 06/01/2022 | 52 | ATTORNEY Appearance for Plaintiff Antonella M. Ortiz Colosi by Timothy J. Sostrin (Sostrin, Timothy) (Entered: 06/01/2022) |
| 06/14/2022 | 53 | ANSWER to amended complaint *and affirmative defenses* by Amazon.com Inc., Amazon.com Services, LLC(Fouts, Gregory) (Entered: 06/14/2022) |
| 06/21/2022 | 54 | STATUS Report *Joint Status Report re: Discovery for Mar. 18, 2022 through June 17, 2022* by Antonella M. Ortiz Colosi, Tanya N. Svoboda (Kuyper, Theodore) (Entered: 06/21/2022) |
| 07/05/2022 | 55 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda to compel *Motion to Compel Class Discovery from Defendants* (Attachments: # 1 Exhibit 1., # 2 Exhibit 2., # 3 Exhibit 3., # 4 Exhibit 4., # 5 Exhibit 5., # 6 Exhibit 6.)(Kuyper, Theodore) (Entered: 07/05/2022) |
| 07/05/2022 | 56 | SEALED MOTION by Plaintiff Tanya N. Svoboda *Motion to Compel Class Discovery Sealed Version* (Attachments: # 1 Exhibit 4., # 2 Exhibit 5., # 3 Exhibit 6.)(Kuyper, Theodore) (Entered: 07/05/2022) |
| 07/05/2022 | 57 | MOTION by Plaintiff Tanya N. Svoboda for leave to file *Unopposed Motion for Leave to File Plaintiff's Motion and Exhibits to Compel Class Discovery Under Seal* (Kuyper, Theodore) (Entered: 07/05/2022) |
| 07/06/2022 | 58 | MINUTE entry before the Honorable Jeffrey Cole: Plaintiff's motion to file motion and exhibits under seal Dkt. # 57 is granted. Emailed notice (yt) (Entered: 07/06/2022) |

| | | |
|---|---|---|
| 07/06/2022 | 59 | MINUTE entry before the Honorable Jeffrey Cole: Motion hearing set for 7/12/22 at 2:00pm. Instructions will be emailed to counsel. Members of the public and media will be able to call in to listen to this hearing. Please call (571) 353−2301, access code 509147929#. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Emailed notice (yt) (Entered: 07/06/2022) |
| 07/08/2022 | 60 | MOTION by Plaintiff Tanya N. Svoboda to compel *Discovery about how Virtual Try−On Programs at Issue Work & Defendants' State of Mind & Efforts to Comply with the Illinois Biometric Information Privacy Act* (Attachments: # 1 Exhibit 1., # 2 Exhibit 2., # 3 Exhibit 3., # 4 Exhibit 4., # 5 Exhibit 5., # 6 Exhibit 6.)(Kuyper, Theodore) (Entered: 07/08/2022) |
| 07/08/2022 | 61 | MOTION by Plaintiff Tanya N. Svoboda for leave to file *unredacted version of Plaintiff's Motion to Compel Discovery About How Virtual Try−On Programs At Issue Work and Defendants' State of Mind and Efforts to Comply with the Illinois Biometric Information Privacy Act* (Kuyper, Theodore) (Entered: 07/08/2022) |
| 07/08/2022 | 62 | SEALED MOTION by Plaintiff Tanya N. Svoboda *Motion to Compel Discovery about how Virtual Try−On Programs at Issue Work & Defendants' State of Mind & Efforts to Comply with the Illinois Biometric Information Privacy Act* (Attachments: # 1 Exhibit 3., # 2 Exhibit 4.)(Kuyper, Theodore) (Entered: 07/08/2022) |
| 07/11/2022 | 63 | MINUTE entry before the Honorable Jeffrey Cole: Plaintiff's motion to file motion and exhibits under seal Dkt. # 61 is granted. Emailed notice (yt) (Entered: 07/11/2022) |
| 07/11/2022 | 64 | RESPONSE by Amazon.com Inc., Amazon.com Services, LLCin Opposition to MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda to compel *Motion to Compel Class Discovery from Defendants* 55 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Herrington, Elizabeth) (Entered: 07/11/2022) |
| 07/12/2022 | 65 | MINUTE entry before the Honorable Jeffrey Cole: Today's motion hearing and the video status hearing set for 7/28/22 are cancelled and the case is referred to the Executive Committee for transfer. Emailed notice (yt) (Entered: 07/12/2022) |
| 07/12/2022 | 66 | EXECUTIVE COMMITTEE ORDER: Case referred to the Honorable Sheila M. Finnegan pursuant to Local Rule 72.1. Signed by Executive Committee on 7/12/2022.(jh, ) (Entered: 07/13/2022) |
| 07/18/2022 | 67 | Entered in error. No pdf attached. (sxw, ). (Entered: 07/18/2022) |
| 07/18/2022 | 68 | MINUTE entry before the Honorable Sheila M. Finnegan: Magistrate Judge telephone status is set on 7/21/2022 at 9:00 a.m. The toll−free number for the next hearing is 877−336−1831, access code 5995354. Persons granted remote access to proceedings are reminded of the prohibition against recording and rebroadcasting of court proceedings. Mailed notice (sxw, ) (Entered: 07/18/2022) |
| 07/20/2022 | 69 | LETTER from Clerk of Court Thomas G. Bruton dated 7/20/2022. (lw, ) (Entered: 07/20/2022) |
| 07/20/2022 | 70 | REPLY by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda to motion to compel, 55 , Sealed motion 56 *Reply in Support of Plaintiffs' Motion to Compel Class Discovery* (Kuyper, Theodore) (Entered: 07/20/2022) |
| 07/20/2022 | 71 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda for leave to file *Unopposed Motion for Leave to File Under Seal Plaintiff's Reply in Support of Motion to Compel Class Discovery from Defendants* (Kuyper, Theodore) (Entered: 07/20/2022) |
| 07/20/2022 | 72 | SEALED REPLY by Antonella M. Ortiz Colosi, Tanya N. Svoboda to MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda to compel *Motion to Compel Class Discovery from Defendants* 55 , SEALED MOTION by Plaintiff Tanya N. Svoboda *Motion to Compel Class Discovery Sealed Version* 56 (Kuyper, Theodore) (Entered: 07/20/2022) |

| | | |
|---|---|---|
| 07/21/2022 | 73 | MINUTE entry before the Honorable Sheila M. Finnegan: Magistrate Judge telephone status hearing held on 7/21/2022. For reasons described during the hearing, the parties are in agreement that they will need an extension of the 9/30/2022 fact discovery deadline. The Court agrees and will set the new deadline at a future hearing after the parties confer and propose one based on updated information, including the possible need to obtain discovery from a Canadian company. Regarding pending motions, the Court takes under advisement Plaintiff's motion to compel class discovery from defendants 55 that is fully briefed, and grants the unopposed motion for leave to file reply under seal 71 . As for Plaintiff's motion to compel discovery about how virtual try−on programs at issue work and Defendants' state of mind and efforts to comply with the Illinois Biometric Information Privacy Act 60 , the Court adopts the parties' proposed briefing schedule: response is due by 8/4/2022, and reply by 8/18/2022. Mailed notice (sxw) (Entered: 07/22/2022) |
| 08/04/2022 | 74 | RESPONSE by Amazon.com Inc., Amazon.com Services, LLCin Opposition to MOTION by Plaintiff Tanya N. Svoboda to compel *Discovery about how Virtual Try−On Programs at Issue Work & Defendants' State of Mind & Efforts to Comply with the Illinois Biometric Information Privacy Act* 60 (Attachments: # 1 Exhibit 1)(Fouts, Gregory) (Entered: 08/04/2022) |
| 08/18/2022 | 75 | REPLY by Plaintiff Tanya N. Svoboda to Sealed motion, 62 , motion to compel, 60 *Plaintiff's Reply in Support of Motion to Compel Discovery About Virtual Try−On Programs & Efforts to Comply with Illinois Biometric Information Privacy Act* (Attachments: # 1 Exhibit 1.)(Kuyper, Theodore) (Entered: 08/18/2022) |
| 08/18/2022 | 76 | SEALED REPLY by Tanya N. Svoboda to SEALED MOTION by Plaintiff Tanya N. Svoboda *Motion to Compel Discovery about how Virtual Try−On Programs at Issue Work & Defendants' State of Mind & Efforts to Comply with the Illinois Biometric Information Privacy Act* 62 , MOTION by Plaintiff Tanya N. Svoboda to compel *Discovery about how Virtual Try−On Programs at Issue Work & Defendants' State of Mind & Efforts to Comply with the Illinois Biometric Information Privacy Act* 60 (Attachments: # 1 Exhibit 1.)(Kuyper, Theodore) (Entered: 08/18/2022) |
| 08/18/2022 | 77 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda for leave to file *Unopposed Motion for Leave to File Plaintiff's Reply in Support of Plaintiff's Motion to Compel Discovery About How Virtual Try−On Programs At Issue Work and Defendants' State of Mind and Efforts to Comply with the Illinois Biometric Information Privacy Act Under Seal* (Kuyper, Theodore) (Entered: 08/18/2022) |
| 08/30/2022 | 78 | MINUTE entry before the Honorable Sheila M. Finnegan: Telephone hearing and ruling on Plaintiffs' motion to compel class discovery 55 is set for 9/15/2022 at 1:30 p.m. The toll−free number for the hearing is 877−336−1831, access code 5995354. Persons granted remote access to proceedings are reminded of the prohibition against recording and rebroadcasting of court proceedings. Mailed notice (sxw) (Entered: 08/30/2022) |
| 08/30/2022 | 79 | MINUTE entry before the Honorable Sheila M. Finnegan: Plaintiffs' unopposed motion for leave to file under seal 77 is granted. Mailed notice (sxw) (Entered: 08/30/2022) |
| 09/12/2022 | 80 | MINUTE entry before the Honorable Sheila M. Finnegan: The telephone hearing and ruling on Plaintiffs' motion to compel class discovery 55 set on 9/15/2022 at 1:30 p.m. is rescheduled to 9/15/2022 at 1:00 p.m. Time change only. The toll−free number for the hearing is 877−336−1831, access code 5995354. Persons granted remote access to proceedings are reminded of the prohibition against recording and rebroadcasting of court proceedings. Mailed notice (sxw) (Entered: 09/12/2022) |
| 09/12/2022 | 81 | MINUTE entry before the Honorable Sheila M. Finnegan: The hearing and ruling on Plaintiffs' motion to compel class discovery 55 set on 9/15/2022 at 1:00 p.m. will be held by video. The parties are to appear at the video hearing by accessing the following hyper link: https://us−courts.webex.com join/sheila_finneganilnd.uscourts.gov. Parties that do not have access to a device with video capability are directed to appear telephonically. Dial in number: 1−650−479−3207, access code: 180 965 8027. Mailed notice (sxw) (Entered: 09/12/2022) |

| 09/14/2022 | 82 | MINUTE entry before the Honorable Sheila M. Finnegan: The hearing and ruling on Plaintiffs' motion to compel class discovery 55 set on 9/15/2022 at 1:00 p.m. is reset to 9/22/2022 at 2:00 p.m. by video. The parties are to appear at the video hearing by accessing the following hyper link: https://us−courts.webex.com join/sheila_finneganilnd.uscourts.gov. Parties that do not have access to a device with video capability are directed to appear telephonically. Dial in number: 1−650−479−3207, access code: 180 965 8027. Mailed notice (sxw) (Entered: 09/14/2022) |
|---|---|---|
| 09/22/2022 | 83 | MINUTE entry before the Honorable Sheila M. Finnegan: Video hearing on Plaintiffs' Motion to Compel Class Discovery (Doc. 56) held on 9/22/2022. For reasons stated on the record, the motion is granted in part and denied in part as follows: the motion is denied as to Requests for Production 1, 3, and 4, and Interrogatory 4; the motion is granted in part as to Request for Production 5 and Interrogatories 3(a) and 5(a). By 10/17/2022, Defendants are to obtain and summarize in a status report the additional information described during today's hearing for the Court's consideration in identifying the specific information and data that Defendants must produce. By agreement, the fact discovery deadline of 9/30/2022 is vacated. By 10/17/2022, the parties are to confer regarding a proposed extended discovery schedule and include any agreements or disagreements in a status report filed that day. A video status and motion hearing is set for 10/19/2022 at 11 a.m. The parties are to appear by accessing the following hyper link: https://us−courts.webex.com join/sheila_finneganilnd.uscourts.gov. Parties that do not have access to a device with video capability are directed to appear telephonically. Dial in number: 1−650−479−3207, access code: 180 965 8027. Persons granted remote access to proceedings are reminded of the prohibition against recording and rebroadcasting of court proceedings. Mailed notice (sxw) (Entered: 09/22/2022) |
| 09/26/2022 | 84 | MINUTE entry before the Honorable Gary Feinerman:Given the Magistrate Judge's 9/22/2022 order 83 , the status hearing set for 10/18/2022 41 is stricken and re−set for 11/7/2022 at 9:00 a.m. Attorneys/Parties should appear for the hearing by calling the Toll−Free Number: (877) 336−1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 09/26/2022) |
| 10/06/2022 | 85 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda for issuance of letters rogatory *Plaintiffs' Unopposed Motion for Issuance of Letters of Rogatory to the Superior Court of Justice of Ontario, Canada* (Attachments: # 1 Exhibit 1., # 2 Exhibit 2., # 3 Exhibit 3., # 4 Exhibit 4., # 5 Exhibit 5., # 6 Exhibit 6.)(Kuyper, Theodore) (Entered: 10/06/2022) |
| 10/06/2022 | 86 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda to seal *Unopposed Motion for Leave to File Under Seal Plaintiffs' Unopposed Motion for Issuance of Letter Rogatory to the Superior Court of Justice of Ontario, Canada for Modiface, Inc.* (Kuyper, Theodore) (Entered: 10/06/2022) |
| 10/06/2022 | 87 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda *Plaintiffs' Unopposed Motion for Issuance of Letter Rogatory to the Superior Court of Justice of Ontario, Canada for Modiface, Inc.* (Attachments: # 1 Exhibit 4., # 2 Exhibit 5.)(Kuyper, Theodore) Modified on 11/28/2022 (rc, ). (Entered: 10/06/2022) |
| 10/06/2022 | 88 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda Plaintiffs' Objection to Magistrate Judge's September 22, 2022 Order (Attachments: # 1 Exhibit 1., # 2 Exhibit 2., # 3 Exhibit 3., # 4 Exhibit 4., # 5 Exhibit 5.)(Sostrin, Timothy) (Entered: 10/06/2022) |
| 10/06/2022 | 89 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda to seal *Unopposed Motion for Leave to File Under Seal Plaintiffs' Objections to Magistrate Judge's September 22, 2022 Order* (Sostrin, Timothy) (Entered: 10/06/2022) |

| | | |
|---|---|---|
| 10/06/2022 | 90 | SEALED MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda *Objections to Magistrate Judge's September 22, 2022 Order* (Attachments: # 1 Exhibit 1., # 2 Exhibit 2., # 3 Exhibit 4.)(Sostrin, Timothy) (Entered: 10/06/2022) |
| 10/17/2022 | 91 | MINUTE entry before the Honorable Gary Feinerman:The referral to the Magistrate Judge 31 is enhanced to include Dkts. 85, 86, 87, 88. Mailed notice. (jlj, ) (Entered: 10/17/2022) |
| 10/17/2022 | 92 | MINUTE entry before the Honorable Gary Feinerman:Motion to seal 89 is granted. Plaintiffs may file under seal the designated materials. Sealed motion 90 is entered and continued. Defendant shall respond to the objections by 10/27/2022; Plaintiffs shall reply by 11/10/2022. Plaintiffs shall file on the docket Exhs. 3 and 5 to their objections. Motion hearing set for 11/18/2022 at 1:00 p.m. Attorneys/Parties should appear for the hearing by calling the Toll−Free Number: (877) 336−1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 10/17/2022) |
| 10/17/2022 | 93 | MINUTE entry before the Honorable Gary Feinerman:The order entered 10/17/2022 91 is amended. The referral to the Magistrate Judge 31 is enhanced to include **Dkts. 85, 86, and 87 only**. Mailed notice. (jlj, ) (Entered: 10/17/2022) |
| 10/17/2022 | 94 | STATUS Report *Joint Status Report Pursuant to Sept. 22, 2022 Order* by Antonella M. Ortiz Colosi, Tanya N. Svoboda (Kuyper, Theodore) (Entered: 10/17/2022) |
| 10/17/2022 | 95 | SUPPLEMENT to Sealed motion 90 *Plaintiffs' Exhibit 3 and Exhibit 5 to Sealed Objections to Magistrate Judge's September 22, 2022* (Sostrin, Timothy) (Entered: 10/17/2022) |
| 10/19/2022 | 96 | MINUTE entry before the Honorable Sheila M. Finnegan: Video status and motion hearing held on 10/19/2022. Plaintiffs' Unopposed Motion for Issuance of Letter Rogatory to the Superior Court of Justice of Ontario, Canada for Modiface, Inc. [85, 87] is granted. Plaintiffs' related motion to file under seal 86 is granted in part (as to the sealing of Exhibits 4 and 5 [87−1 and 87−2)], but taken under advisement as to the sealing of a portion of the motion 87 . By 11/18/2022, Defendants may file a response to the motion to seal with supporting reasons for redactions in the underlying motion. If no response is filed, the Court will deny that aspect of the motion to seal, and the underlying motion (but not Exhibits 4 and 5) will be unsealed. Regarding follow−up from the Court's prior ruling on Plaintiffs' motion to compel class discovery 83 , Defendants are to produce the anonymized data described in the 10/17/2022 joint status report by 11/9/2022. As for Plaintiffs' pending Motion to Compel Discovery About How Virtual Try−On Programs at Issue Work and Defendants' State of Mind and Efforts to Comply with the Illinois Biometric Information Privacy Act [60, 62], the Court posed questions, heard argument, and gave preliminary views on certain disputes during today's hearing. The motion is taken under advisement. By 11/18/2022, Defendants are to supplement certain of their answers and responses to Plaintiffs' first set of interrogatories and document requests in the manner described during the hearing, and attempt to reach a stipulation regarding Defendants' knowledge of the pertinent BIPA provisions despite their position that these provisions do not apply here given the particular VTO technology that was used. By agreement, Defendants are also to supplement responses to RFPs 6−9, 16 and 23 and Interrogatory 3(a), which are not part of the pending motion. The parties are then to confer and file a joint status report by 12/2/2022 with an update on all issues, including whether any disputes in the pending motion have been rendered moot. The fact discovery deadline is extended to 3/20/2023 for reasons stated on the record; however, the parties may not issue new written discovery (as opposed to follow−up written discovery) after 1/20/2023 except by agreement or with leave of court. Telephone status hearing is set for 12/12/2022 at 3:30 p.m. The toll−free number for the next hearing is 877−336−1831, access code 5995354. Persons granted remote access to proceedings are reminded of the prohibition against recording and rebroadcasting of court proceedings. Mailed notice (sxw) (Entered: 10/19/2022) |

| 10/20/2022 | 97 | MINUTE entry before the Honorable Sheila M. Finnegan: The expert discovery schedule entered on 3/18/2022 32 is vacated. The Court will set a new expert discovery schedule at the next status hearing. Mailed notice (sxw) (Entered: 10/20/2022) |
|---|---|---|
| 10/26/2022 | 100 | Letter Rogatory issued as to the Superior Court of Justice of Ontario, Canada for Modiface, Inc. (sxw, ) (Entered: 11/03/2022) |
| 10/27/2022 | 98 | RESPONSE by Amazon.com Inc., Amazon.com Services, LLCin Opposition to SEALED MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda *Objections to Magistrate Judge's September 22, 2022 Order* 90 (Attachments: # 1 Exhibit 1)(Herrington, Elizabeth) (Entered: 10/27/2022) |
| 10/31/2022 | 99 | MINUTE entry before the Honorable Gary Feinerman:Given the 11/18/2022 motion hearing 92 , the status hearing set for 11/7/2022 84 is stricken.Mailed notice. (jlj, ) (Entered: 10/31/2022) |
| 11/08/2022 | 101 | TRANSCRIPT OF PROCEEDINGS held on 10/19/2022 before the Honorable Sheila M. Finnegan. Order Number: 44389. Court Reporter Contact Information: Amy Spee, amyofficialtranscripts@gmail.com.

IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.

Redaction Request due 11/29/2022. Redacted Transcript Deadline set for 12/9/2022. Release of Transcript Restriction set for 2/6/2023. (Spee, Amy) (Entered: 11/08/2022) |
| 11/09/2022 | 102 | REPLY by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda to Sealed Motion 90 , motion for miscellaneous relief, 88 *Plaintiffs' Reply in Support of their Objections to Magistrate Judge's September 22, 2022 Order* (Kuyper, Theodore) (Entered: 11/09/2022) |
| 11/09/2022 | 103 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda for leave to file *an unredacted version of Plaintiffs' Reply in Support of their Objections to Magistrate Judge's September 22, 2022 Order (ECF No. 102)* (Kuyper, Theodore) (Entered: 11/09/2022) |
| 11/09/2022 | 104 | SEALED REPLY by Antonella M. Ortiz Colosi, Tanya N. Svoboda to SEALED MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda *Objections to Magistrate Judge's September 22, 2022 Order* 90 , MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda Plaintiffs' Objection to Magistrate Judge's September 22, 2022 Order 88 *Plaintiffs' Reply in Support of their Objections to Magistrate Judge's September 22, 2022 Order* (Kuyper, Theodore) (Entered: 11/09/2022) |
| 11/14/2022 | 105 | MINUTE entry before the Honorable Gary Feinerman:Motion for leave to file 103 is granted. Plaintiffs may file under seal the designated materials, so long as they publicly file a redacted version of those materials.Mailed notice. (jlj, ) (Entered: 11/14/2022) |
| 11/18/2022 | 106 | MINUTE entry before the Honorable Gary Feinerman:Motion hearing held. Plaintiffs' objections to Magistrate Judge's 9/12/2022 order 90 is taken under advisement. By 11/29/2022, Defendants shall formally request of Modiface, Inc., that it provide Defendants with the materials that are the subject to Plaintiffs' objections; the request shall not take any position, one way or the other, regarding whether Modiface is legally obligated to provide those materials to Defendants. Status hearing set for 12/8/2022 at 9:00 a.m. Attorneys/Parties should appear for the hearing by calling the Toll–Free Number: (877) 336–1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media |

| | | credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 11/21/2022) |
|---|---|---|
| 11/23/2022 | 107 | MINUTE entry before the Honorable Sheila M. Finnegan: The portion of Plaintiffs' motion to file under seal 86 that was taken under advisement 96 is now denied. The Clerk is directed to unseal motion 87 but not the attachments [87−1 and 87−2]. No party has argued that there is a need for any portions of motion 87 to remain under seal, and this Court agrees. As for the attachments [87−1 and 87−2] containing exhibits 4 and 5, the Court previously ruled that these may be sealed 96 . Mailed notice (sxw) (Entered: 11/23/2022) |
| 12/02/2022 | 108 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda for extension of time , MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda for extension of time to file *Joint Status Report (Joint Motion)* (Kuyper, Theodore) (Entered: 12/02/2022) |
| 12/05/2022 | 109 | MINUTE entry before the Honorable Sheila M. Finnegan: Joint motion for extension of time 108 is granted. The deadline to file a joint status report is extended to 12/7/2022. Mailed notice (sxw) (Entered: 12/05/2022) |
| 12/05/2022 | 110 | MINUTE entry before the Honorable Gary Feinerman:By 12/6/2022, the parties shall file a joint status report regarding Defendants' request to Modiface, Inc. 106 . Mailed notice. (jlj, ) (Entered: 12/05/2022) |
| 12/06/2022 | 111 | STATUS Report *Joint Status Report Pursuant to Dkt. 110* by Amazon.com Inc., Amazon.com Services, LLC (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Fouts, Gregory) (Entered: 12/06/2022) |
| 12/07/2022 | 112 | STATUS Report *Joint Status Report Pursuant to ECF No. 96 (Oct. 19, 2022 Order)* by Antonella M. Ortiz Colosi, Tanya N. Svoboda (Attachments: # 1 Exhibit Amazon's 4th Supp'l Resp to Class Discovery)(Kuyper, Theodore) (Entered: 12/07/2022) |
| 12/08/2022 | 113 | MINUTE entry before the Honorable Sheila M. Finnegan: In light of the numerous disputes described in the 12−page joint status report 112 , including some that may be resolved by Amazon's further production later this month, the Court is cancelling the 12/12/2022 telephone status hearing. The parties are to appear for an in−person hearing on 1/11/2023 at 3:30 p.m. in courtroom 2214. An updated JSR is to be filed 1/5/2023. Mailed notice (sxw) (Entered: 12/08/2022) |
| 12/08/2022 | 114 | MINUTE entry before the Honorable Gary Feinerman:Status hearing held and continued to 1/30/2023 at 9:00 a.m. For the reasons stated on the record, Plaintiffs' objections to Magistrate Judge 9/22/2022 order 90 are overruled without prejudice. Accordingly, Plaintiff's motion to compel 62 is granted in part and denied in part to the extent set forth in the Magistrate Judge's 9/22/2022 order 83 . Attorneys/Parties should appear for the 1/30/2023 hearing by calling the Toll−Free Number: (877) 336−1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 12/08/2022) |
| 12/28/2022 | 115 | ORDER OF THE EXECUTIVE COMMITTEE: The Honorable Gary S. Feinerman will resign his Commission as a United States District Judge effective December 31, 2022. IT IS HEREBY ORDERED That the civil cases on the attached list are to be reassigned to the other judges of this Court as indicated, pursuant to Local Rule 40.1(f). IT IS ALSO ORDERED That any civil case that was assigned to the Honorable Gary S. Feinerman and may require further judicial action in the future, shall be reassigned by lot to a judge of this Court. Case reassigned to the Honorable Jorge L. Alonso for all further proceedings. Honorable Gary Feinerman no longer assigned to the case. Signed by Honorable Rebecca R. Pallmeyer on 12/28/2022. (td, ) (Entered: 12/28/2022) |

| | | |
|---|---|---|
| 12/29/2022 | 116 | ANNUAL REMINDER: Pursuant to <u>Local Rule 3.2 (Notification of Affiliates)</u>, any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this <u>LINK</u> will provide additional information. Signed by the Executive Committee on 12/29/2022: Mailed notice. (tg, ) (Entered: 12/29/2022) |
| 01/05/2023 | 117 | STATUS Report *Updated Joint Status Report* by Antonella M. Ortiz Colosi, Tanya N. Svoboda (Kuyper, Theodore) (Entered: 01/05/2023) |
| 01/11/2023 | 118 | MINUTE entry before the Honorable Sheila M. Finnegan: Magistrate judge status hearing held on 1/11/2023, and continued to 2/15/2023 at 2 p.m. If no issues will be argued, the next hearing will be conducted by telephone. By 2/9/2023, the parties are to file a joint status report (JSR) addressing discovery progress generally and topics identified in this order. The parties reported today that an Amazon witness will be deposed on 1/12/2023 and another one in February about the VTO technology. As for written discovery, Defendants believe their production is substantially complete and expect to produce the documents partially redacted for privilege (along with a privilege log) by 1/20/2023. By agreement, Defendants shall also tender their reproduction of the class data and any missing data points by 1/31/2023. Regarding Defendants' fourth amended responses to Plaintiffs' first set of interrogatories and document requests [112−1], the parties addressed today multiple issues raised in their 1/5/2023 JSR 117 . As to the class data at issue in Plaintiffs' RFP 5, Defendants stipulate to the spreadsheets' authenticity and status as business records under FRE 803(6), as well as to the requirements of FRE 1006. As to the "data dictionary" issue, Defendants shall have until 1/25/2023 to complete their investigation into whether a "data dictionary" exists for the Amazon VTO data and either: (1) produce any "data dictionary" materials they are able to locate; or (2) confirm in writing that no such materials exist. Regarding Plaintiffs' request today for leave to propound interrogatories regarding "data dictionary" information pertaining to the Amazon VTO and ModiFace VTO, the parties are to confer on this issue, and also consider whether the information may be more efficiently obtained through deposition testimony. As for responses to Plaintiffs' ROG 3(a), as well as ROGs 2(a), 5(b), and 5(c), the Court defers ruling on the claimed deficiencies (as well as any others identified in the 1/5/2023 JSR) since the issues may be resolved or at least narrowed in light of imminent written and oral discovery described during today's hearing, including Defendants' forthcoming responses to Plaintiffs' requests for admission due by 1/24/2023. After this discovery has been completed, the parties are to confer regarding any remaining claimed deficiencies and address these in the next JSR. Finally, counsel are directed to confer with each other and their clients by 2/2/2023 regarding whether appointment of a special master would be beneficial, and address this in the next JSR. They may identify proposed candidates to the Court in separate or joint emails sent to chambers_finnegan@ilnd.uscourts.gov by 2/9/2023. The emails should include the candidate's professional bio and billing rate information (a link to same is acceptable). Mailed notice (sxw) (Entered: 01/12/2023) |
| 01/26/2023 | 119 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for protective order (Herrington, Elizabeth) (Entered: 01/26/2023) |
| 01/26/2023 | 120 | MEMORANDUM by Amazon.com Inc., Amazon.com Services, LLC in support of motion for protective order 119 (Attachments: # 1 Exhibit M. Lou Transcript, # 2 Declaration Herrington Declaration)(Herrington, Elizabeth) (Entered: 01/26/2023) |
| 01/27/2023 | 121 | MINUTE entry before the Honorable Jorge L. Alonso: Status hearing previously set for 1/30/23 before Judge Feinerman is stricken and reset to telephonic status hearing on 2/2/23 at 9:30 a.m. Members of the public and media will be able to call in to listen to this hearing. The call−in number is 888−808−6929 and the access code is 4911854. Counsel of record will receive an email 30 minutes prior to the start of the telephonic |

| | | |
|---|---|---|
| | | hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Notice mailed by Judge's staff (lf, ) (Entered: 01/27/2023) |
| 01/27/2023 | 122 | MINUTE entry before the Honorable Sheila M. Finnegan: Defendants' motion for protective order 119 regarding Plaintiffs' planned depositions of Mr. Suresh in Vancouver on 2/2/2023 (individual capacity) and 2/26/2023 (as corporate representative on certain 30(b)(6) topics) is taken under advisement. Any written response is due by 1/30/2023. Motion hearing is set for 1/31/2023 at 3 p.m. in courtroom 2214. Mailed notice (sxw) (Entered: 01/27/2023) |
| 01/30/2023 | 123 | RESPONSE by Antonella M. Ortiz Colosi, Tanya N. Svobodain Opposition to MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for protective order 119 (Sostrin, Timothy) (Entered: 01/30/2023) |
| 01/31/2023 | 124 | TRANSCRIPT OF PROCEEDINGS held on 01/11/2023 before the Honorable Sheila M. Finnegan. Order Number: 44974. Court Reporter Contact Information: Amy Spee, amyofficialtranscripts@gmail.com.

IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.

Redaction Request due 2/21/2023. Redacted Transcript Deadline set for 3/3/2023. Release of Transcript Restriction set for 5/1/2023. (Spee, Amy) (Entered: 01/31/2023) |
| 01/31/2023 | 125 | MINUTE entry before the Honorable Sheila M. Finnegan: Motion hearing held on 1/31/2023 as to Defendants' motion for protective order regarding Plaintiffs' planned depositions of Mr. Suresh in Vancouver on 2/2/2023 (individual capacity) and 2/26/2023 (as corporate representative on certain 30(b)(6) topics) 119 . For reasons stated on the record, the motion is denied. The deposition of Mr. Suresh is to go forward as agreed on 2/2/2023 in Vancouver, Canada. By 2/6/2023, the parties are to confer further as to any remaining disputes surrounding Rule 30(b)(6) topics and contact the courtroom deputy by 2/7/2023 with proposed next step as to unresolved issues. Mailed notice (sxw) (Entered: 01/31/2023) |
| 02/02/2023 | 126 | MINUTE entry before the Honorable Jorge L. Alonso: Telephonic status hearing held. The parties' report on the progress of discovery. Judge Finnegan has the authority to set briefing schedules on any motions to be heard by the District Judge. No further status hearing will be set before the District Judge until the referral is closed. Notice mailed by Judge's staff (lf, ) (Entered: 02/02/2023) |
| 02/07/2023 | 127 | MINUTE entry before the Honorable Sheila M. Finnegan: By agreement, the parties are to continue their ongoing efforts to resolve disputes over Rule 30(b)(6) topics, including a scheduled meeting on 2/10/2023. If necessary, Defendants are to file any motion for protective order by 2/21/2023. Plaintiff's response is due by 3/10/2023, and Defendants' reply by 3/17/2023 Mailed notice (sxw) (Entered: 02/07/2023) |
| 02/09/2023 | 128 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda for extension of time to file *Joint Motion for Extension of Time to File Joint Status Report Required by ECF No. 118* (Kuyper, Theodore) (Entered: 02/09/2023) |
| 02/09/2023 | 129 | MINUTE entry before the Honorable Sheila M. Finnegan: Joint Motion for Extension of Time to File Joint Status Report Required by ECF No. 118 128 is granted. Joint status report is due by 2/16/2023. The hearing set on 2/15/2023 is cancelled and reset to 2/23/2023 at 1:00 p.m. Mailed notice (sxw) (Entered: 02/09/2023) |
| 02/16/2023 | 130 | STATUS Report *Updated Joint Status Report* by Antonella M. Ortiz Colosi, Tanya N. Svoboda (Kuyper, Theodore) (Entered: 02/16/2023) |

| | | |
|---|---|---|
| 02/21/2023 | 131 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for protective order (Fouts, Gregory) (Entered: 02/21/2023) |
| 02/21/2023 | 132 | MEMORANDUM by Amazon.com Inc., Amazon.com Services, LLC in support of motion for protective order 131 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Fouts, Gregory) (Entered: 02/21/2023) |
| 02/23/2023 | | JOINT ORAL motion to vacate fact discovery deadline.(sxw) (Entered: 02/24/2023) |
| 02/23/2023 | 133 | MINUTE entry before the Honorable Sheila M. Finnegan: Magistrate judge continued status hearing held on 2/23/2023. By 4/11/2023, the parties are to file a joint status report (JSR) addressing discovery progress generally and topics identified in this order. The parties resolved multiple written discovery issues raised in their updated JSR submitted on 2/16/2023 130 . Regarding the class data at issue in Plaintiffs' RFP 5, Defendants confirm that (1) they will produce the data as a single.csv file; and (2) they will be providing responses to Plaintiffs' interrogatories regarding the meaning of the headings and other values/result codes used in the class data on 3/3/2023. As to Plaintiffs' ROG 3(a), Defendants are willing to amend their responses to provide the requested information, if available, and hope to resolve this issue with their next reproduction. As for Plaintiffs' requests that Defendants be required to provide a narrative response to ROG 2(a), and amend their responses to ROGs 5(b) and (c), the Court denies these given their planned deposition of Defendants' corporate representative on these topics and others. If necessary, Plaintiffs may renew the requests following that deposition and a meet–and–confer about them. As for Plaintiffs' request for the production of documents from three additional custodians (production volumes SVO–009 and SVO–011), Defendants are to work with their vendor to resolve the issue and supplement their production by 3/17/2023. Also by 3/17/2023, Defendants are to (1) provide an amended privilege log, in response to Plaintiffs' request for the production of documents partially redacted for privilege (production volume SVO–012); (2) add any privileged documents from their December 2022 productions; and (3) amend their responses to ROGs 2(b) and 3(b). If any claimed deficiencies remain after this, the parties are to confer and address them in the next JSR. Regarding Plaintiffs' request for the production of responsive documents and ESI dating back to 1/1/2016 (production volumes SVO–010 and SVO–011), the parties are to continue their efforts to resolve the issue. As to the source code review, Defendants are to inform Plaintiffs of their position on the remaining issues by 3/3/2023. If disputes remain, they are to confer as to how and when to present these to the Court for resolution, and may communicate their proposal in an email to chambers_finnegan@ilnd.uscourts.gov. For reasons discussed on the record, the Court grants the joint oral motion to vacate the 3/20/2023 fact discovery deadline 96 . The Court will defer setting the new deadline until the parties confer and propose one, and they are to do so by 3/2/2023 by email to the chambers email address. If they are not in agreement on the proposed deadline, they are to instead file a JSR with their respective positions. Finally, the Court has decided there is no current need for a special master but may revisit this as discovery continues. Mailed notice (sxw) (Entered: 02/24/2023) |
| 03/02/2023 | 134 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda for extension of time *to propose fact discovery deadline (Joint Motion of all Parties)* (Sostrin, Timothy) (Entered: 03/02/2023) |
| 03/02/2023 | 135 | MINUTE entry before the Honorable Sheila M. Finnegan: Joint Motion for Extension of Time to Propose Fact Discovery Deadline 134 is granted. The Court will defer setting the new deadline until the parties confer and propose one, and they are to do so by 3/9/2023 by email to the chambers email chambers_finnegan@ilnd.uscourts.gov. If they are not in agreement on the proposed deadline, they are to instead file a joint status report with their respective positions. Mailed notice (sxw) (Entered: 03/02/2023) |
| 03/09/2023 | 136 | MINUTE entry before the Honorable Sheila M. Finnegan: By agreement, the deadline to complete fact discovery concerning the Amazon VTO is 6/8/2023. Mailed notice (sxw) (Entered: 03/09/2023) |
| 03/10/2023 | 137 | RESPONSE by Antonella M. Ortiz Colosi, Tanya N. Svobodain Opposition to MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for protective order 131 *Plaintiffs' Response in Opposition to Defendants' Motion for Protective Order Regarding Rule 30(b)(6) Topics* (Kuyper, Theodore) (Entered: 03/10/2023) |

| 03/10/2023 | 138 | EXHIBIT by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda *Public−Record Exhibits 1 through 7* regarding response in opposition to motion, 137 (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Kuyper, Theodore) (Entered: 03/10/2023) |
|---|---|---|
| 03/10/2023 | 139 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda for leave to file *Unredacted Version of Response in Opposition to Defendants' Motion for Protective Order Regarding Rule 30(b)(6) Topics and Exhibits* (Kuyper, Theodore) (Entered: 03/10/2023) |
| 03/10/2023 | 140 | SEALED RESPONSE by Antonella M. Ortiz Colosi, Tanya N. Svoboda to exhibit, 138 , response in opposition to motion, 137 *Unredacted Version of Plaintiffs' Response in Opposition to Defendants' Motion for Protective Order Regarding Rule 30(b)(6) Topics* (Attachments: # 1 Exhibit SureshR 18 (AMZN−016829, PF FAQ Lipstick VTO, # 2 Exhibit SureshR 23 (MF Class Data Excerpt))(Kuyper, Theodore) (Entered: 03/10/2023) |
| 03/13/2023 | 141 | MINUTE entry before the Honorable Sheila M. Finnegan: Plaintiffs' Unopposed Motion for Leave to File Under Seal 139 is granted, but only provisionally. The Court will again review the propriety of sealing when evaluating the underlying motion. Mailed notice (sxw) (Entered: 03/13/2023) |
| 03/17/2023 | 142 | REPLY by Defendants Amazon.com Inc., Amazon.com Services, LLC to motion for protective order 131 (Fouts, Gregory) (Entered: 03/17/2023) |
| 03/29/2023 | 143 | MINUTE entry before the Honorable Sheila M. Finnegan: Hearing on Defendant's motion for protective order 131 is set for 4/6/2023 at 11:30 a.m. in courtroom 2214. Mailed notice (sxw) (Entered: 03/29/2023) |
| 04/05/2023 | 144 | MINUTE entry before the Honorable Sheila M. Finnegan: Hearing on Defendant's motion for protective order 131 is reset to 4/6/2023 at 11:00 a.m. in courtroom 2214. Time change only. Mailed notice (sxw) (Entered: 04/05/2023) |
| 04/06/2023 | 145 | MINUTE entry before the Honorable Sheila M. Finnegan: At Plaintiffs' request and without objection, today's hearing on Defendant's motion for protective order 131 is cancelled due to extenuating circumstances. By agreement, the hearing is reset to 4/24/2023 at 11:45 a.m. by videoconference. The parties are to appear at the video hearing by accessing the following hyper link: https://us−courts.webex.com join/sheila_finneganlnd.uscourts.gov. Parties that do not have access to a device with video capability are directed to appear telephonically. Dial in number: 1−650−479−3207, access code: 180 965 8027. Mailed notice (sxw) (Entered: 04/06/2023) |
| 04/11/2023 | 146 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for extension of time *to file joint status report* (Fouts, Gregory) (Entered: 04/11/2023) |
| 04/11/2023 | 147 | MINUTE entry before the Honorable Sheila M. Finnegan: Joint motion for extension of time to file joint status report 146 is granted. The date to file a joint status report is extended to 4/14/2023. Mailed notice (sxw) (Entered: 04/11/2023) |
| 04/14/2023 | 148 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for extension of time *to file joint status report [Joint Motion]* (Fouts, Gregory) (Entered: 04/14/2023) |
| 04/14/2023 | 149 | MINUTE entry before the Honorable Sheila M. Finnegan: Joint Motion for Extension of Time to File Joint Status Report 148 is granted. The joint status report is due on 4/19/2023. Mailed notice (sxw) (Entered: 04/14/2023) |
| 04/19/2023 | 150 | STATUS Report *Updated Joint Status Report Pursuant to ECF No. 133 (Feb. 23, 2023 Order)* by Antonella M. Ortiz Colosi, Tanya N. Svoboda (Kuyper, Theodore) (Entered: 04/19/2023) |
| 04/24/2023 | 151 | MINUTE entry before the Honorable Sheila M. Finnegan: Motion hearing held on 4/24/2023 as to Defendants' Motion for Protective Order 131 . In light of the parties' narrowing of their dispute to Topic Nos. 9 and 15 of Plaintiffs' Rule 30(b)(6) Notice (see 142 1 n.1), the motion is denied as moot as to Topic No. 11. For the reasons stated on the record, Defendants' motion is granted in part and denied in part as to Topic No. 9, as follows: (1) the motion is granted as to Amazon's general knowledge of BIPA |

given the answers to certain requests for admission covering this topic and, to the extent any gaps remain despite these admissions, these are more appropriately addressed through stipulation(s) and/or written discovery; and (2) the motion is denied to the extent it seeks to protect from discovery non–privileged information about Amazon's efforts to determine BIPA's applicability to the VTO technology at issue. The Court finds no basis for discovery of privileged information on this topic since Amazon states that it is not relying on advice of counsel in support of its affirmative defenses, and there has been no waiver of privilege. Finally, Defendants' motion is granted as to Plaintiffs' Topic No. 15, which has been narrowed to whether a corporate representative would be required to testify regarding Amazon's efforts to search for responsive documents and information. For the reasons stated on the record, Topic No. 15 is stricken. Based on the parties' joint representation that Defendants have agreed to present a witness to testify about the factual bases underlying their discovery responses, the Court's ruling does not apply to the portion of Topic No. 15 that deals with that issue (or any other issue as to which the parties are in agreement). As to the multiple other discovery issues raised in the parties' joint status report (JSR) of 4/19/2023 <u>150</u>, these issues will be further addressed at the next status hearing, which is set for 5/11/2023 at 10:45 a.m. In the meantime, Amazon is to provide its final position on the source code review by 4/26/2023 as promised. By no later than 5/10/2023, the parties are to confer and file a JSR addressing the status of the source code dispute and discovery progress generally. Should the parties remain at odds regarding the source code dispute, they may: (1) set forth their positions (as succinctly as possible) in the 05/10/2023 JSR; or (2) propose an agreed briefing schedule, if they believe that motion practice is necessary. Given the approaching agreed–upon deadline of 6/8/2023 for the completion of fact discovery concerning Amazon's VTO <u>136</u>, the parties are to prioritize that discovery to the full extent possible in the interim. The parties are to also continue meet–and–confer efforts as to the timing of the Rule 30(b)(6) deposition and work together to determine whether certain deposition topics can proceed before the in–person source code review occurs. The parties may raise any other discovery disputes that remain in the 5/10/2023 JSR. If no issues will be argued, the 5/11/2023 status hearing will be conducted by telephone. The parties may request an in–person hearing by email to chambers_finnegan@ilnd.uscourts.gov. Mailed notice (sxw) (Entered: 04/25/2023)

| | | |
|---|---|---|
| 05/03/2023 | <u>152</u> | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda Joint Motion for Agreed Confidentiality Order Regarding Source Code (Attachments: # <u>1</u> Exhibit 1. Source Code Confidentiality Order)(Kuyper, Theodore) (Entered: 05/03/2023) |
| 05/04/2023 | <u>153</u> | MINUTE entry before the Honorable Sheila M. Finnegan: Joint Motion for Agreed Confidentiality Order Regarding Source Code <u>152</u> is granted. Mailed notice (sxw) (Entered: 05/04/2023) |
| 05/04/2023 | <u>154</u> | AGREED Confidentiality Order for Source Code signed by the Honorable Sheila M. Finnegan on 5/4/2023. Mailed notice (sxw) (Entered: 05/04/2023) |
| 05/09/2023 | <u>155</u> | MINUTE entry before the Honorable Sheila M. Finnegan: At the parties' request and given the lack of disputes to be argued, the hearing on 5/11/2023 at 10:45 a.m. will be held by telephone by dialing 877–336–1831, access code 5995354. Persons granted remote access to proceedings are reminded of the prohibition against recording and rebroadcasting of court proceedings. Mailed notice (sxw) (Entered: 05/09/2023) |
| 05/10/2023 | <u>156</u> | STATUS Report *Updated Joint Status Report Pursuant to ECF No. 151 (Apr. 24, 2023 Order)* by Antonella M. Ortiz Colosi, Tanya N. Svoboda<br><br>Presented before Magistrate Judge<br><br>(Kuyper, Theodore) (Entered: 05/10/2023) |
| 05/11/2023 | <u>157</u> | MINUTE entry before the Honorable Sheila M. Finnegan: Magistrate Judge telephone status hearing held on 5/11/2023 and continued to 6/6/2023 at 10:30 a.m. By agreement (as reflected in the joint status report [156, at item 7], Defendant to serve an amended answer to interrogatory 3(b) by 5/25/2023. Regarding other disputes described in the joint status report, the Court takes them under advisement. At the parties' suggestion, the next joint status report is due on 6/5/2023 (in advance of the 6/8/2023 deadline to complete fact discovery concerning the Amazon VTO). To the extent the parties wish to argue any issues at the next status hearing, counsel should |

| | | |
|---|---|---|
| | | appear in courtroom 2214 rather than dialing in. The toll–free number for the hearing is 877–336–1831, access code 5995354. Persons granted remote access to proceedings are reminded of the prohibition against recording and rebroadcasting of court proceedings. Mailed notice (sxw) (Entered: 05/12/2023) |
| 06/05/2023 | 158 | MINUTE entry before the Honorable Sheila M. Finnegan: At defendants' request and by agreement, the hearing set on 6/6/2023 is reset to 6/8/2023 at 4:00 p.m. in courtroom 2214. The parties are reminded of the joint status report due on 6/5/2023. Mailed notice (sxw) (Entered: 06/05/2023) |
| 06/05/2023 | 159 | STATUS Report *Updated Joint Status Report Pursuant to ECF No. 157 (May 11, 2023 Order)* by Antonella M. Ortiz Colosi, Tanya N. Svoboda<br><br>Presented before Magistrate Judge<br><br>(Kuyper, Theodore) (Entered: 06/05/2023) |
| 06/08/2023 | 160 | MINUTE entry before the Honorable Sheila M. Finnegan: Magistrate judge status hearing held on 6/8/2023 and continued to 7/25/2023 at 11 a.m. If no issues will be argued, the next hearing will be conducted by telephone. By 7/18/2023, the parties are to file a joint status report (JSR) addressing discovery progress generally and topics identified in this order. As reflected in the JSR dated 6/5/2023 159 , the parties have reached an agreement that: (1) the source code review will take place on 6/29/2023 and 6/30/2023 and will continue on 7/10/2023; (2) the timing requirements in paragraph 4(c) of the Agreed Confidentiality Order for Source Code 154 are waived; and (3) the parties will proceed with the Rule 30(b)(6) deposition of Defendants' corporate representative after the source code review has been completed. As to the VTO class data issue involving the meaning of headings and other values/result codes (Ortiz ROGs 7–11 in the first set), Defendants are to provide any amended (and verified) interrogatory responses and produce any additional class data by 6/26/2023, as well as verifications for any prior responses by 6/16/2023. Should any claimed deficiencies remain, the parties are to confer, and if unable to resolve the dispute, Plaintiffs may file a motion to compel. As to the issue of reproduced class data (Svoboda RFP 5 in the first set), by agreement, Defendants are to do the following by 6/26/2023: (1) reproduce the Eyewear VTO class data (to include all fields that were included in the November 2022 version and the March 2023 version); and (2) produce additional data on the Beauty VTO and Modiface VTO. For reasons stated on the record, the Court declines to order Defendants to provide geographic location data for VTO users but will entertain a request for a more expansive verification of Defendants' data–collection efforts. As to the size of each possible subclass (Plaintiffs' ROG 1 in the second set, which has effectively superseded Svoboda ROG 3(a) in the first set), by agreement, Defendants are to: (1) provide a verification for the original answers to Plaintiffs' interrogatories (second set) by 6/16/2023; and (2) serve a verified amended answer correcting any deficiencies by 6/26/2023. Regarding the production of redacted documents, Defendants expect to make one further document production within the next week. To the extent that production contains any redacted documents, Defendants are to provide an updated privilege log that supersedes the prior privilege log. As to the product types for each VTO (Svoboda ROG 3(b) in the first set), by agreement, Amazon is to provide the requested verifications (and any other outstanding verifications) by 6/16/2023. Finally, the Court grants Plaintiffs' request to extend the deadline for Amazon VTO discovery from 6/8/2023 136 to 8/17/2023, rather than Defendants' request for a shorter extension. Mailed notice (sxw) (Entered: 06/09/2023) |
| 06/23/2023 | 161 | MOTION by Defendant Amazon.com Inc. for extension of time *to serve supplemental interrogatory responses [unopposed]*<br><br>Presented before Magistrate Judge<br><br>(Fouts, Gregory) (Entered: 06/23/2023) |
| 06/26/2023 | 162 | MINUTE entry before the Honorable Sheila M. Finnegan: Defendant Amazon.com, Inc.'s Unopposed Motion for Extension of Time to Serve Supplemental Interrogatory Responses 161 is granted for reasons stated in the motion. Amazon to provide any amended (and verified) interrogatory responses by 6/30/2023. Mailed notice (sxw) (Entered: 06/26/2023) |

| | | |
|---|---|---|
| 06/30/2023 | 163 | TRANSCRIPT OF PROCEEDINGS held on 06/08/2023 before the Honorable Sheila M. Finnegan. Order Number: 46160. Court Reporter Contact Information: Colleen_Conway@ilnd.uscourts.gov or 312.435.5594.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 7/21/2023. Redacted Transcript Deadline set for 7/31/2023. Release of Transcript Restriction set for 9/28/2023. (Conway, Colleen) (Entered: 06/30/2023) |
| 07/18/2023 | 164 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda for extension of time to file *Joint Motion for Extension of Time to File Joint Status Report Required by ECF No. 160*<br><br>Presented before Magistrate Judge<br><br>(Kuyper, Theodore) (Entered: 07/18/2023) |
| 07/18/2023 | 165 | MINUTE entry before the Honorable Sheila M. Finnegan: Joint Motion for Extension of Time to File Joint Status Report Required by ECF No. 160 164 is granted. By 7/25/2023, the parties are to file a joint status report (JSR) addressing discovery progress generally and topics identified in order 160 . The 7/25/2023 hearing is cancelled and reset to 8/2/2023 at 11:00 a.m. by videoconference. The parties are to appear at the video hearing by accessing the following hyper link: https://us-courts.webex.com/join/sheila_finneganilnd.uscourts.gov. Parties that do not have access to a device with video capability and who intend to speak at the hearing must notify the courtroom deputy in advance and request the Court's permission to appear telephonically. Mailed notice (sxw) (Entered: 07/18/2023) |
| 07/25/2023 | 166 | STATUS Report *Updated Joint Status Report Pursuant to ECF No. 160 (June 9, 2023 Order)* by Antonella M. Ortiz Colosi, Tanya N. Svoboda<br><br>Presented before Magistrate Judge<br><br>(Kuyper, Theodore) (Entered: 07/25/2023) |
| 07/28/2023 | 167 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda to compel *Plaintiffs' Motion to Compel Amazon to Comply with Interrogatory No. 1 in Plaintiff Ortiz Colosi's First Set*<br><br>Presented before Magistrate Judge<br><br>(Attachments: # 1 Exhibit 1.)(Kuyper, Theodore) (Entered: 07/28/2023) |
| 07/28/2023 | 168 | MINUTE entry before the Honorable Sheila M. Finnegan: Plaintiffs' Motion to Compel Amazon to Comply with Interrogatory No. 1 in Plaintiff Ortiz Colosi's First Set 167 is taken under advisement. By agreement, Amazon to file its response by 8/11/2023 and Plaintiffs to file their reply by 8/25/2023. Mailed notice (sxw) (Entered: 07/28/2023) |
| 08/02/2023 | 170 | MINUTE entry before the Honorable Sheila M. Finnegan: Magistrate judge status hearing held by video on 8/2/2023. Regarding Plaintiffs' Motion to Compel Amazon to Comply with Interrogatory No. 1 in Plaintiff Ortiz Colosi's First Set 167 , the Court denies the motion for reasons stated on the record and so the schedule for the response and reply briefs 168 is stricken. As to the topics addressed in the joint status report (JSR) of 7/25/2023 166 , the parties have completed the in-person source code review regarding the VTO that Amazon developed in-house, and resolved several issues raised in prior status reports and motion practice (see 166 at 1, 6-8). As to the size of each possible subclass (Svoboda ROG 3(a) in the first set; Plaintiffs' ROG 1 in the second set), Defendants are to supplement their responses by 8/9/2023. Regarding the production of documents partially redacted for privilege (production volumes |

| | | |
|---|---|---|
| | | SVO−012 and SVO−013), Defendants completed their custodial production on 8/1/2023. By 8/11/2023, Defendants are to provide a supplemental privilege log related to that production (which will supersede prior log versions). If the parties are unable to resolve disputes over the claim of privilege and supplemental log through meet−and−confer efforts, Plaintiffs are to file a motion to compel by 9/6/2023. Defendants' response is due by 9/22/2023, and any reply (of no more than 10 pages) by 10/6/2023. As to class data issues (Svoboda RFP 5 in the first set; Ortiz ROGs 7−11 in the first set; and Plaintiffs' RFP 1 in the second set), Defendants are to serve verified second amended answers to Plaintiff Ortiz's ROG 7(a) in the first set by 8/11/2023. Regarding Modiface VTO class data, Defendants report that they have provided written answers to Plaintiffs' questions (as of 8/1/2023) and the parties should confirm that no additional questions are outstanding. The Court denies Plaintiffs' request for Defendants to produce "all geolocation data and billing address data for whichever Amazon VTO class data production Amazon claims is limited to people in Illinois" (see 166 at 3). Finally, the parties are to meet and confer regarding Plaintiffs' request to extend the 8/17/2023 deadline for Amazon VTO discovery. If, after conferring, Plaintiffs (or both parties) believe that such an extension is necessary, they may present the request to the Court by filing either: (1) a JSR by no later than 8/17/2023; or (2) a motion by no later than 8/11/2023, with any response due by 8/18/2023. Either way, the request must identify the specific areas of discovery that remain to be completed and a proposed timeline and/or sequence for their completion. It should also propose a date for the next JSR. Motion hearing is set for 8/23/2023 at 2:00 p.m. by videoconference but this may be cancelled if the Court is able to rule based on the written submissions. The parties are to appear at the video hearing by accessing the following hyper link: https://us−courts.webex.com/join/sheila_finneganilnd.uscourts.gov. Parties that do not have access to a device with video capability and who intend to speak at the hearing must notify the courtroom deputy in advance and request the Court's permission to appear telephonically. Mailed notice (sxw) (Entered: 08/03/2023) |
| 08/03/2023 | 169 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda to certify class *Plaintiffs' Motion for Class Certification*<br><br>Presented before District Judge<br><br>(Attachments: # 1 Exhibit 1., # 2 Exhibit 2., # 3 Exhibit 3., # 4 Exhibit 4., # 5 Exhibit 5., # 6 Exhibit 6., # 7 Exhibit 7., # 8 Exhibit 8., # 9 Exhibit 9., # 10 Exhibit 10., # 11 Exhibit 11., # 12 Exhibit 12.)(Keogh, Keith) (Entered: 08/03/2023) |
| 08/03/2023 | 171 | NOTICE of Motion by Theodore Herbert Kuyper for presentment of motion to certify class, 169 before Honorable Jorge L. Alonso on 8/8/2023 at 09:30 AM. (Kuyper, Theodore) (Entered: 08/03/2023) |
| 08/03/2023 | 172 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda for leave to file *Plaintiffs' Motion for Leave to File Under Seal*<br><br>Presented before District Judge<br><br>(Kuyper, Theodore) (Entered: 08/03/2023) |
| 08/03/2023 | 173 | NOTICE of Motion by Theodore Herbert Kuyper for presentment of motion for leave to file 172 before Honorable Jorge L. Alonso on 8/8/2023 at 09:30 AM. (Kuyper, Theodore) (Entered: 08/03/2023) |
| 08/03/2023 | 174 | SEALED MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda *Plaintiffs' Motion for Class Certification*<br><br>Presented before District Judge<br><br>(Attachments: # 1 Exhibit 4., # 2 Exhibit 8.)(Keogh, Keith) (Entered: 08/03/2023) |
| 08/03/2023 | 175 | Plaintiffs' Notice of Defendants' Non−Opposition to Motion for Leave to File Under Seal (ECF No. 172) by Antonella M. Ortiz Colosi, Tanya N. Svoboda (Kuyper, Theodore) (Entered: 08/03/2023) |

| | | |
|---|---|---|
| 08/04/2023 | 176 | MINUTE entry before the Honorable Jorge L. Alonso: Plaintiffs' motion for class certification 169 is taken under advisement. Defendant's opposition to class certification shall be filed by August 31, 2023; Plaintiff's reply shall be filed by September 21, 2023. Plaintiffs also filed a motion 172 requesting leave to file under seal certain exhibits filed in support of their motion for class certification. Defendants do not oppose the motion 175 . For the following reasons, the motion to seal is denied without prejudice. Under Local Rule 26.2(b), "[t]he court may for good cause shown enter an order directing that one or more documents be filed under seal." Plaintiffs make no such showing other than to say that the exhibits are designated as "Confidential" pursuant to the Agreed Confidentiality Order entered on February 25, 2022 28 . But, under the Agreed Confidentiality Order, the mere designation of a document as "Confidential" does not alone amount to the required "good cause" or allow for that document to be filed under seal. [28, Par. 7]. "The determination of good cause [to seal materials] cannot be elided by allowing the parties to seal whatever they want." Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999). A party hoping to file materials in secret must justify the claim of secrecy and "analyze the applicable legal criteria or contend that any document... may... legitimately... be kept from public inspection despite its importance to the resolution of the litigation." Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002); see also Bierk v. Tango Mobile, LLC, No. 19 C 5167, 2021 WL 308834 (N.D. Ill. Jan. 29, 2021). Without any attempt to show "good cause" in the motion to seal, it cannot be granted as filed. And as filed, the motion to seal is denied. But the Court will allow the documents to remain provisionally sealed until August 18, 2023, to allow the Plaintiffs to file a properly supported motion to seal if they so choose. Motion hearings set for August 8, 2023 are stricken. Mailed notice (ags) (Entered: 08/04/2023) |
| 08/14/2023 | 177 | TRANSCRIPT OF PROCEEDINGS held on August 2, 2023 before the Honorable Sheila M. Finnegan. Order Number: 46512. Court Reporter Contact Information: Kelly M. Fitzgerald, kmftranscripts@gmail.com, 312-818-6626.

IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.

Redaction Request due 9/4/2023. Redacted Transcript Deadline set for 9/14/2023. Release of Transcript Restriction set for 11/13/2023. (Fitzgerald, Kelly) (Entered: 08/14/2023) |
| 08/14/2023 | 178 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda to compel *Plaintiff's Motion to Compel Amazon to Comply with Interrogatory No. 1 in Plaintiff Ortiz Colosi's First Set*

Presented before Magistrate Judge

(Attachments: # 1 Exhibit Defendant Amazon.com, Inc., and Amazon.com Services LLC's Amended Responses and Objections to Plaintiff Colosi's First Set of Interrogatories)(Kuyper, Theodore) (Entered: 08/14/2023) |
| 08/14/2023 | 179 | MINUTE entry before the Honorable Sheila M. Finnegan: Plaintiffs' Motion to Compel Amazon to Comply with Interrogatory No. 1 in Plaintiff Ortiz Colosi's First Set 178 is taken under advisement. Amazon to file its response by 8/28/2023 and Plaintiffs to file their reply by 9/11/2023. Mailed notice (sxw) (Entered: 08/14/2023) |
| 08/14/2023 | 180 | MOTION by Defendants Amazon.com Services, LLC, Amazon.com Inc. for summary judgment

Presented before District Judge

(Herrington, Elizabeth) (Entered: 08/14/2023) |
| 08/14/2023 | 181 | MEMORANDUM by Amazon.com Inc., Amazon.com Services, LLC in support of motion for summary judgment 180 *[Public Version]* (Attachments: # 1 LR 56.1(a)(2) |

| | | |
|---|---|---|
| | | Statement of Material Facts, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16)(Herrington, Elizabeth) (Entered: 08/14/2023) |
| 08/14/2023 | 182 | NOTICE of Motion by Elizabeth Brooke Herrington for presentment of motion for summary judgment 180 before Honorable Jorge L. Alonso on 8/22/2023 at 09:30 AM. (Herrington, Elizabeth) (Entered: 08/14/2023) |
| 08/14/2023 | 183 | SEALED DOCUMENT by Defendants Amazon.com Inc., Amazon.com Services, LLC *Memorandum in Support of Motion for Summary Judgment [SEALED VERSION]* (Attachments: # 1 LR 56.1(a)(2) Statement of Material Facts, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16)(Herrington, Elizabeth) (Entered: 08/14/2023) |
| 08/14/2023 | 184 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC to seal document sealed document,, 183<br><br>Presented before District Judge<br><br>(Herrington, Elizabeth) (Entered: 08/14/2023) |
| 08/14/2023 | 185 | NOTICE of Motion by Elizabeth Brooke Herrington for presentment of motion to seal document 184 before Honorable Jorge L. Alonso on 8/22/2023 at 09:30 AM. (Herrington, Elizabeth) (Entered: 08/14/2023) |
| 08/14/2023 | 186 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC to stay *Class Certification Proceedings*<br><br>Presented before District Judge<br><br>(Herrington, Elizabeth) (Entered: 08/14/2023) |
| 08/14/2023 | 187 | MEMORANDUM by Amazon.com Inc., Amazon.com Services, LLC in support of motion to stay 186 *Class Certification Proceedings* (Herrington, Elizabeth) (Entered: 08/14/2023) |
| 08/14/2023 | 188 | NOTICE of Motion by Elizabeth Brooke Herrington for presentment of motion to stay 186 before Honorable Jorge L. Alonso on 8/22/2023 at 09:30 AM. (Herrington, Elizabeth) (Entered: 08/14/2023) |
| 08/16/2023 | 189 | RESPONSE by Antonella M. Ortiz Colosi, Tanya N. Svobodain Opposition to MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC to stay *Class Certification Proceedings*<br><br>Presented before District Judge<br><br>186 (Kuyper, Theodore) (Entered: 08/16/2023) |
| 08/16/2023 | 190 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda to compel *Plaintiffs' Motion to Compel Geolocation and I.P. Address Class Discovery from Amazon*<br><br>Presented before Magistrate Judge<br><br>(Attachments: # 1 Exhibit 1., # 2 Exhibit 2., # 3 Exhibit 3., # 4 Exhibit 4., # 5 Exhibit 5., # 6 Exhibit 6.)(Kuyper, Theodore) (Entered: 08/16/2023) |
| 08/16/2023 | 191 | SEALED DOCUMENT by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda *Plaintiffs' Motion to Compel Geolocation and I.P. Address Class Discovery from Amazon* (Attachments: # 1 Exhibit 1., # 2 Exhibit 3., # 3 Exhibit 4., # 4 Exhibit 5., # 5 Exhibit 6.)(Kuyper, Theodore) (Entered: 08/16/2023) |
| 08/16/2023 | 192 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda for leave to file *Plaintiffs' Motion for Leave to File Under Seal Plaintiffs' Motion to Compel* |

| | | |
|---|---|---|
| | | *Geolocation and I.P. Address Class Discovery from Amazon*<br><br>Presented before Magistrate Judge<br><br>(Kuyper, Theodore) (Entered: 08/16/2023) |
| 08/17/2023 | 193 | MINUTE entry before the Honorable Sheila M. Finnegan: Plaintiffs' Motion to Compel Geolocation and I.P. Address Class Discovery from Amazon 190 is taken under advisement. The agreed briefing schedule is as follows: Amazon's response is due by 9/6/2023 and Plaintiffs' reply is due by 9/27/2023. Plaintiffs' Motion for Leave to File Under Seal 192 is granted, but only provisionally. The Court will again review the propriety of sealing when evaluating the underlying motion. Mailed notice (sxw) (Entered: 08/17/2023) |
| 08/17/2023 | 194 | STATUS Report *Joint Status Report Regarding Extension of Fact Discovery Deadline for Amazon VTO* by Antonella M. Ortiz Colosi, Tanya N. Svoboda<br><br>Presented before Magistrate Judge<br><br>(Kuyper, Theodore) (Entered: 08/17/2023) |
| 08/18/2023 | 195 | MINUTE entry before the Honorable Sheila M. Finnegan: The Court has reviewed the joint status report (JSR) dated 8/17/2023. By agreement, the 8/17/2023 deadline to complete fact discovery regarding the Amazon VTO is extended to 9/22/2023. Regarding disputes identified in the JSR, the Court rules as follows: (1) Plaintiffs must supplement their answers to Amazon's interrogatories regarding damages to identify the specific number of violations claimed as to the Amazon VTO in accordance with Fed. R. Civ. P. 26(e) within 30 days of Amazon's disclosure of applicable discovery as ordered on a motion to compel class data or the denial of such motion; (2) If any of the three motions to compel further discovery identified in the JSR is granted (these will be fully briefed on 9/11/2023, 9/27/2023, and 10/6/2023 respectively), the Court will set deadlines to provide that discovery after hearing from the parties; and (3) the parties are to supplement their Rule 26(a)(1) initial disclosures, if necessary, within 14 days of the close of the Amazon VTO fact discovery, and are to further supplement the disclosures as necessary thereafter. In light of these rulings, the 8/23/2023 video hearing is cancelled as unnecessary. The parties are to file their next JSR by 9/21/2023 as they have suggested. Mailed notice (sxw) (Entered: 08/18/2023) |
| 08/18/2023 | 196 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC to seal document MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda to certify class *Plaintiffs' Motion for Class Certification*<br><br>Presented before District Judge<br><br>169<br><br>Presented before District Judge<br><br>(Herrington, Elizabeth) (Entered: 08/18/2023) |
| 08/18/2023 | 197 | NOTICE of Motion by Elizabeth Brooke Herrington for presentment of motion to seal document, 196 before Honorable Jorge L. Alonso on 8/29/2023 at 09:30 AM. (Herrington, Elizabeth) (Entered: 08/18/2023) |
| 08/21/2023 | 198 | REPLY by Amazon.com Inc., Amazon.com Services, LLC to MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC to stay *Class Certification Proceedings*<br><br>Presented before District Judge<br><br>186 (Herrington, Elizabeth) (Entered: 08/21/2023) |
| 08/21/2023 | 199 | MINUTE entry before the Honorable Jorge L. Alonso: Telephonic motion hearing set for 8/22/23 at 9:30 a.m. Members of the public and media will be able to call in to listen to this hearing. The call–in number is 888–808–6929 and the access code is 4911854. Counsel of record will receive an email 30 minutes prior to the start of the |

| | | |
|---|---|---|
| | | telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Notice mailed by Judge's staff (lf, ) (Entered: 08/21/2023) |
| 08/22/2023 | 200 | MINUTE entry before the Honorable Jorge L. Alonso: Telephonic motion hearing held. Defendants' Motion to stay class certification proceedings 186 is denied. Defendants' response to Plaintiffs' Motion for class certification shall be filed by 9/21/23; Plaintiffs' reply shall be filed by 10/12/23. The Court will rule electronically on the motion. Defendants' Motion for summary judgment 180 is denied without prejudice with leave to file after the close of fact discovery. Defendants' Unopposed Motion for leave to file under seal 184 is denied. Defendants' Unopposed Motion to seal Plaintiffs' motion for class certification 196 is taken under advisement. Motion hearing date of 8/29/23 is stricken. Notice mailed by Judge's staff (lf, ) (Entered: 08/28/2023) |
| 08/28/2023 | 201 | MEMORANDUM by Amazon.com Inc., Amazon.com Services, LLC in Opposition to motion to compel, 178 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Fouts, Gregory) (Entered: 08/28/2023) |
| 09/05/2023 | 202 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for extension of time *for Plaintiffs to File Motion to Compel Regarding Privilege Issues [Joint Motion]*<br><br>Presented before Magistrate Judge<br><br>(Herrington, Elizabeth) (Entered: 09/05/2023) |
| 09/05/2023 | 203 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC to vacate *Defendants' Deadline to Respond to Motion to Compel on Class Data, and for Extension of Time to Take Rule 30(b)(6) Deposition on Class Data Issues (Joint Motion)*<br><br>Presented before Magistrate Judge<br><br>(Herrington, Elizabeth) (Entered: 09/05/2023) |
| 09/06/2023 | 204 | MINUTE entry before the Honorable Sheila M. Finnegan: The Court grants the joint motion for extension of time for Plaintiffs to file motion to compel regarding privilege issues 202 . The 9/6/2023 deadline to file that motion is vacated. Amazon is to serve its amended privilege log and produce any documents it determines should be produced without redactions by 9/13/2023. The parties are then to confer regarding the amended privilege log by 9/20/2023. If necessary, Plaintiffs are to file any motion to compel on privilege log issues by 9/27/2023. That motion should include a proposed briefing schedule. Mailed notice (sxw) (Entered: 09/06/2023) |
| 09/06/2023 | 205 | MINUTE entry before the Honorable Sheila M. Finnegan: Joint motion to vacate Defendants' deadline to respond to motion to compel on class data, and for extension of time to take Rule 30(b)(6) deposition on class data issues 203 is granted for reasons stated in the motion. The current briefing deadlines for the Class Data Motion 190 are vacated. In addition, the request for a short extension of the deadline to complete fact discovery on the Amazon VTO technology, solely as it relates to the Rule 30(b)(6) topics on class data, is granted. Since the Parties have agreed to the date of 10/5/2023 for the Rule 30(b)(6) deposition on the class data topics, the fact discovery deadline is extended to 10/6/2023 to take that deposition on those topics. Mailed notice (sxw) (Entered: 09/06/2023) |
| 09/11/2023 | 206 | REPLY by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda *Plaintiffs' Reply in Support of Their Motion to Compel Amazon to Comply With Interrogatory No. 1 in Plaintiff Ortiz Colosi's First Set* (Kuyper, Theodore) (Entered: 09/11/2023) |
| 09/18/2023 | 207 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for leave to file excess pages *[Unopposed]*<br><br>Presented before District Judge |

| | | (Fouts, Gregory) (Entered: 09/18/2023) |
|---|---|---|
| 09/18/2023 | 208 | NOTICE of Motion by Gregory Thomas Fouts for presentment of motion for leave to file excess pages 207 before Honorable Jorge L. Alonso on 9/21/2023 at 09:30 AM. (Fouts, Gregory) (Entered: 09/18/2023) |
| 09/19/2023 | 209 | MINUTE entry before the Honorable Jorge L. Alonso: Defendants' Unopposed Motion for a ten–page extension of page limit for its opposition to Plaintiffs' motion for class certification 207 is granted. Motion hearing date of 9/21/23 is stricken. Notice mailed by Judge's staff (lf, ) (Entered: 09/19/2023) |
| 09/19/2023 | 210 | MINUTE entry before the Honorable Sheila M. Finnegan: On 9/19/2023, Plaintiffs' counsel (Mr. Kuyper) notified the Court via voicemail on chambers telephone (per the Court's website) that one of the issues currently being litigated as part of Plaintiffs' motion to compel 178 has become moot, namely, Plaintiffs no longer require discovery pertaining to Defendants' affirmative defense No. 5 as Defendants have withdrawn that defense. Mailed notice (sxw) (Entered: 09/19/2023) |
| 09/21/2023 | 211 | MEMORANDUM by Amazon.com Inc., Amazon.com Services, LLC in Opposition to motion to certify class, 169 *[REDACTED VERSION]* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Herrington, Elizabeth) (Entered: 09/21/2023) |
| 09/21/2023 | 212 | SEALED RESPONSE by Amazon.com Inc., Amazon.com Services, LLC to MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda to certify class *Plaintiffs' Motion for Class Certification*<br><br>Presented before District Judge<br><br>169 *[SEALED VERSION]* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L)(Herrington, Elizabeth) (Entered: 09/21/2023) |
| 09/21/2023 | 213 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC to seal document sealed response,, 212 *[UNOPPOSED]*<br><br>Presented before District Judge<br><br>(Herrington, Elizabeth) (Entered: 09/21/2023) |
| 09/21/2023 | 214 | NOTICE of Motion by Elizabeth Brooke Herrington for presentment of motion to seal document 213 before Honorable Jorge L. Alonso on 9/27/2023 at 09:30 AM. (Herrington, Elizabeth) (Entered: 09/21/2023) |
| 09/21/2023 | 215 | EXHIBIT by Defendants Amazon.com Inc., Amazon.com Services, LLC regarding memorandum in opposition to motion, 211 (Attachments: # 1 Exhibit J, # 2 Exhibit K, # 3 Exhibit L)(Herrington, Elizabeth) (Entered: 09/21/2023) |
| 09/21/2023 | 216 | STATUS Report *Joint Status Report Regarding Amazon VTO Fact Discovery* by Antonella M. Ortiz Colosi, Tanya N. Svoboda<br><br>Presented before Magistrate Judge<br><br>(Kuyper, Theodore) (Entered: 09/21/2023) |
| 09/25/2023 | 217 | MINUTE entry before the Honorable Jorge L. Alonso: Defendants' Unopposed motion for leave to file under seal 213 is taken under advisement. Motion hearing date of 9/27/23 is stricken. Notice mailed by Judge's staff (lf, ) (Entered: 09/25/2023) |
| 09/27/2023 | 218 | MINUTE entry before the Honorable Sheila M. Finnegan: The Court has reviewed the joint status report dated 9/21/2023, and adopts the parties' proposals as follows: (a) as to Plaintiffs' Motion to Compel Amazon to Comply with Interrogatory No. 1 in Plaintiff Ortiz Colosi's First Set 178 , the motion is fully briefed (as of 9/11/2023) but must now be updated based on developments during the merits Rule 30(b)(6) deposition. Plaintiffs are to file a Notice addressing the developments (including, as necessary, updating their requested relief) by 9/29/2023 to which Amazon is to |

| | | |
|---|---|---|
| | | respond by 10/6/2023, and Plaintiffs are to reply by 10/13/2023; (b) as to Plaintiffs' Motion to Compel Geolocation and I.P. Address Class Discovery from Amazon 190 , the briefing schedule was vacated at the parties' request 205 , and the parties continue to confer on these issues which have changed since the motion was filed. Given this, Plaintiffs are to file a Notice addressing the issues in detail (and updating the request for relief) as promptly as possible after completing the conferral process. The parties are to file an updated joint status report by 10/23/2023. Mailed notice (sxw) (Entered: 09/27/2023) |
| 09/28/2023 | 219 | SUPPLEMENT to motion to compel, 178 *Plaintiffs' Supplement to their Pending Motion to Compel (ECF No. 178) Regarding Amazon's Affirmative Defenses* (Attachments: # 1 Exhibit 1., # 2 Exhibit 2.)(Kuyper, Theodore) (Entered: 09/28/2023) |
| 09/28/2023 | 220 | SEALED DOCUMENT by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda *Plaintiffs' Supplement to Their Pending Motion to Compel (ECF No. 178) Regarding Amazon's Affirmative Defenses* (Attachments: # 1 Exhibit 1.)(Kuyper, Theodore) (Entered: 09/28/2023) |
| 09/28/2023 | 221 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda for leave to file *under seal an unredacted version of Plaintiffs' Supplement to Their Pending Motion to Compel (ECF No. 178) Regarding Amazon's Affirmative Defenses*<br><br>Presented before Magistrate Judge<br><br>(Kuyper, Theodore) (Entered: 09/28/2023) |
| 09/29/2023 | 222 | MINUTE entry before the Honorable Sheila M. Finnegan: Plaintiffs' Motion for Leave to File Under Seal 221 is granted, but only provisionally. The Court will again review the propriety of sealing when evaluating the underlying motion. Mailed notice (sxw) (Entered: 09/29/2023) |
| 09/29/2023 | 223 | MOTION by Defendants Amazon.com Services, LLC, Amazon.com Inc. for summary judgment *[Renewed Motion]*<br><br>Presented before District Judge<br><br>(Herrington, Elizabeth) (Entered: 09/29/2023) |
| 09/29/2023 | 224 | MEMORANDUM by Amazon.com Inc., Amazon.com Services, LLC in support of motion for summary judgment 223 *[Renewed Motion] [PUBLIC REDACTED VERSION]* (Attachments: # 1 LR 56.1(a)(2) Statement of Material Facts, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19)(Herrington, Elizabeth) (Entered: 09/29/2023) |
| 09/29/2023 | 225 | NOTICE of Motion by Elizabeth Brooke Herrington for presentment of motion for summary judgment 223 before Honorable Jorge L. Alonso on 10/10/2023 at 09:30 AM. (Herrington, Elizabeth) (Entered: 09/29/2023) |
| 09/29/2023 | 226 | SEALED DOCUMENT by Defendants Amazon.com Inc., Amazon.com Services, LLC *Memorandum in Support of Renewed Motion for Summary Judgment [SEALED VERSION]* (Attachments: # 1 LR 56.1(a)(2) Statement of Material Facts, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19)(Herrington, Elizabeth) (Entered: 09/29/2023) |
| 09/29/2023 | 227 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC to seal document sealed document,, 226<br><br>Presented before District Judge<br><br>(Herrington, Elizabeth) (Entered: 09/29/2023) |
| 09/29/2023 | 228 | NOTICE of Motion by Elizabeth Brooke Herrington for presentment of motion to seal document 227 before Honorable Jorge L. Alonso on 10/10/2023 at 09:30 AM. |

| | | |
|---|---|---|
| | | (Herrington, Elizabeth) (Entered: 09/29/2023) |
| 10/05/2023 | 229 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for extension of time *for Defendants to File Response to Plaintiffs' Supplement to their Motion to Compel (ECF No. 178) Regarding Amazon's Affirmative Defenses (Unopposed)* |
| | | Presented before Magistrate Judge |
| | | (Fouts, Gregory) (Entered: 10/05/2023) |
| 10/06/2023 | 230 | MINUTE entry before the Honorable Sheila M. Finnegan: Motion for extension of time 229 is granted. The time for Amazon to file its response to Plaintiffs' Supplement is extended to 10/13/2023, and the time for Plaintiffs to file reply is extended to 10/20/2023. Mailed notice (Finnegan, Sheila) (Entered: 10/06/2023) |
| 10/11/2023 | 231 | MINUTE entry before the Honorable Jorge L. Alonso: Motion hearing held on 10/10/2023. For reasons stated on the record the motion for summary judgment 223 is denied and the motion to seal document 227 is denied as moot. Counsel requested a 14 day extension for the response to the motions for class certification, which is granted. The response is now due on 10/26/2023. Mailed notice. (kl, ) (Entered: 10/11/2023) |
| 10/11/2023 | 232 | TRANSCRIPT OF PROCEEDINGS held on October 10, 2023 before the Honorable Jorge L. Alonso. Order Number: 47065. Court Reporter Contact Information: Annette Montalvo, annette.montalvo@gmail.com. |
| | | IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. |
| | | Redaction Request due 11/1/2023. Redacted Transcript Deadline set for 11/13/2023. Release of Transcript Restriction set for 1/9/2024. (Montalvo, Annette) (Entered: 10/11/2023) |
| 10/12/2023 | 233 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for leave to file *Amended Affirmative Defenses* |
| | | Presented before District Judge |
| | | (Fouts, Gregory) (Entered: 10/12/2023) |
| 10/12/2023 | 234 | MEMORANDUM by Amazon.com Inc., Amazon.com Services, LLC in support of motion for leave to file 233 *Amended Affirmative Defenses* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Fouts, Gregory) (Entered: 10/12/2023) |
| 10/12/2023 | 235 | NOTICE of Motion by Gregory Thomas Fouts for presentment of motion for leave to file 233 before Honorable Jorge L. Alonso on 10/24/2023 at 09:30 AM. (Fouts, Gregory) (Entered: 10/12/2023) |
| 10/12/2023 | 236 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for leave to file *Amended Affirmative Defenses [Corrected]* |
| | | Presented before District Judge |
| | | (Fouts, Gregory) (Entered: 10/12/2023) |
| 10/12/2023 | 237 | MEMORANDUM by Amazon.com Inc., Amazon.com Services, LLC in support of motion for leave to file 236 *Amended Affirmative Defenses [Corrected]* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Fouts, Gregory) (Entered: 10/12/2023) |
| 10/12/2023 | 238 | NOTICE of Motion by Gregory Thomas Fouts for presentment of motion for leave to file 236 before Honorable Jorge L. Alonso on 10/24/2023 at 09:30 AM. (Fouts, Gregory) (Entered: 10/12/2023) |

| 10/13/2023 | 239 | MEMORANDUM supplement 219 by Amazon.com Inc., Amazon.com Services, LLC *[Opposition to Plaintiffs' Supplement to Motion to Compel]* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Fouts, Gregory) (Entered: 10/13/2023) |
|---|---|---|
| 10/16/2023 | 240 | TRANSCRIPT OF PROCEEDINGS held on 4/28/22 before the Honorable Gary _Feinerman. Court Reporter Contact Information: Charles R. Zandi, 312/435−5387, charles_zandi@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 11/6/2023. Redacted Transcript Deadline set for 11/16/2023. Release of Transcript Restriction set for 1/15/2024. (Zandi, Charles) (Entered: 10/16/2023) |
| 10/20/2023 | 241 | REPLY by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda to motion to compel, 178 ; Plaintiffs' reply 219 , sealed document, 220 *Reply in Support of Plaintiffs' Supplement to Their Pending Motion to Compel Regarding Amazon's Affirmative Defenses* (Kuyper, Theodore) (Entered: 10/20/2023) |
| 10/23/2023 | 242 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for extension of time to file *joint status report [Joint Motion]*<br><br>Presented before Magistrate Judge<br><br>(Fouts, Gregory) (Entered: 10/23/2023) |
| 10/23/2023 | 243 | MINUTE entry before the Honorable Sheila M. Finnegan: Joint Motion for Extension of Time to File Joint Status Report 242 is granted. Joint status report is due by 10/27/2023. Mailed notice (sxw) (Entered: 10/23/2023) |
| 10/23/2023 | 244 | MINUTE entry before the Honorable Jorge L. Alonso: The Court sets the following briefing schedule on Defendants' Corrected Motion for Leave to Amend Affirmative Defenses 236 : Plaintiffs' response is due 11/7/2023; Defendants' reply is due 11/21/2023. Defendants' corrected motion 236 states that it supersedes Defendants' initial Motion for Leave to Amend Affirmative Defenses 233 . Accordingly, Defendants' initial Motion for Leave to Amend Affirmative Defenses 233 is denied as moot. The motion hearing set for 10/24/2023 is stricken and reset to 11/28/2023 at 9:30 a.m. Members of the public and media will be able to call in to listen to this hearing. The call−in number is 888−808−6929 and the access code is 4911854. Counsel of record will receive an email 30 minutes prior to the start of the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Notice mailed by Judge's staff (lf, ) (Entered: 10/23/2023) |
| 10/25/2023 | 245 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda for extension of time *Plaintiffs' Unopposed Motion for Extension of Time to File Reply in Support of Motion for Class Certification*<br><br>Presented before District Judge<br><br>(Kuyper, Theodore) (Entered: 10/25/2023) |
| 10/25/2023 | 246 | NOTICE of Motion by Theodore Herbert Kuyper for presentment of extension of time, 245 before Honorable Jorge L. Alonso on 10/31/2023 at 09:30 AM. (Kuyper, Theodore) (Entered: 10/25/2023) |
| 10/25/2023 | 247 | *Corrected* NOTICE of Motion by Theodore Herbert Kuyper for presentment of extension of time, 245 before Honorable Jorge L. Alonso on 10/31/2023 at 09:30 AM. (Kuyper, Theodore) (Entered: 10/25/2023) |

| | | |
|---|---|---|
| 10/25/2023 | 248 | MINUTE entry before the Honorable Jorge L. Alonso: Plaintiffs' Unopposed motion for extension of time to file reply in support of motion for class certification 245 is granted to 11/9/23. Motion hearing date of 10/31/23 is stricken. Notice mailed by Judge's staff (lf, ) (Entered: 10/25/2023) |
| 10/27/2023 | 249 | STATUS Report *Joint Status Report Regarding Fact Discovery* by Antonella M. Ortiz Colosi, Tanya N. Svoboda<br><br>Presented before Magistrate Judge<br><br>(Kuyper, Theodore) (Entered: 10/27/2023) |
| 11/07/2023 | 250 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda for extension of time to file response/reply as to motion for leave to file 236 *Plaintiffs' Unopposed Motion for Extension of Time to File Response to Defendants' Corrected Motion for Leave to Amend Affirmative Defenses*<br><br>Presented before District Judge<br><br>(Kuyper, Theodore) (Entered: 11/07/2023) |
| 11/07/2023 | 251 | NOTICE of Motion by Theodore Herbert Kuyper for presentment of motion for extension of time to file response/reply, 250 before Honorable Jorge L. Alonso on 11/14/2023 at 09:30 AM. (Kuyper, Theodore) (Entered: 11/07/2023) |
| 11/08/2023 | 252 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda for leave to file excess pages *for Reply in Support of Motion for Class Certification*<br><br>Presented before District Judge<br><br>(Kuyper, Theodore) (Entered: 11/08/2023) |
| 11/08/2023 | 253 | *NOTICE of Unopposed Motion* NOTICE of Motion by Theodore Herbert Kuyper for presentment of motion for leave to file excess pages 252 before Honorable Jorge L. Alonso on 11/14/2023 at 09:30 AM. (Kuyper, Theodore) (Entered: 11/08/2023) |
| 11/09/2023 | 254 | MINUTE entry before the Honorable Jorge L. Alonso:Plaintiffs' Unopposed Motion for leave to file instanter reply in support of their motion for class certification in excess of 15 pages 252 is granted. Motion hearing date of 11/14/23 is stricken. Notice mailed by Judge's staff (lf, ) (Entered: 11/09/2023) |
| 11/09/2023 | 255 | REPLY by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda to Sealed motion 174 , motion to certify class, 169 *Plaintiffs' Reply in Support of Their Motion for Class Certification* (Attachments: # 1 Exhibit 1., # 2 Exhibit 2., # 3 Exhibit 3., # 4 Exhibit 4., # 5 Exhibit 5., # 6 Exhibit 6., # 7 Exhibit 7., # 8 Exhibit 8.)(Keogh, Keith) (Entered: 11/09/2023) |
| 11/09/2023 | 256 | REPLY by Antonella M. Ortiz Colosi, Tanya N. Svoboda to SEALED MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda *Plaintiffs' Motion for Class Certification*<br><br>Presented before District Judge<br><br>174 , MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda to certify class *Plaintiffs' Motion for Class Certification*<br><br>Presented before District Judge<br><br>169 *Plaintiffs' Reply in Support of Their Motion for Class Certification* (Attachments: # 1 Exhibit 1., # 2 Exhibit 2., # 3 Exhibit 7., # 4 Exhibit 8.)(Keogh, Keith) Modified on 4/18/2024 (rc, ). (Entered: 11/09/2023) |
| 11/09/2023 | 257 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda for leave to file *Plaintiffs' Unopposed Motion for Leave to File Under Seal Plaintiffs' Reply in Support of Their Motion for Class Certification (ECF No. 255)*<br><br>Presented before District Judge |

| | | (Kuyper, Theodore) (Entered: 11/09/2023) |
|---|---|---|
| 11/09/2023 | 258 | NOTICE of Motion by Theodore Herbert Kuyper for presentation of motion for leave to file, 257 before Honorable Jorge L. Alonso on 11/15/2023 at 09:30 AM. (Kuyper, Theodore) (Entered: 11/09/2023) |
| 11/13/2023 | 259 | MINUTE entry before the Honorable Jorge L. Alonso: Plaintiffs' Unopposed motion for extension of time to file response to Defendants' corrected motion for leave to amend affirmative defenses 250 is granted. Plaintiffs' response to Defendants' Corrected Motion for Leave to Amend Affirmative Defenses 236 shall be filed by 11/14/23; Defendants' reply shall be filed by 11/28/23. Motion hearing date of 11/14/23 is stricken. Notice mailed by Judge's staff (lf, ) (Entered: 11/13/2023) |
| 11/14/2023 | 260 | MINUTE entry before the Honorable Jorge L. Alonso: Plaintiffs' unopposed motion for leave to file under seal 257 is taken under advisement. Motion hearing date of 11/15/23 is stricken. Notice mailed by Judge's staff (lf, ) (Entered: 11/14/2023) |
| 11/14/2023 | 261 | RESPONSE by Antonella M. Ortiz Colosi, Tanya N. Svobodain Opposition to MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for leave to file *Amended Affirmative Defenses [Corrected]*<br><br>Presented before District Judge<br><br>236 *Plaintiffs' Response in Partial Opposition to Defendants' Corrected Motion for Leave to Amend Affirmative Defenses* (Kuyper, Theodore) (Entered: 11/14/2023) |
| 11/15/2023 | 262 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for leave to file *Sur−Reply to Plaintiffs' Motion for Class Certification*<br><br>Presented before District Judge<br><br>(Attachments: # 1 Exhibit 1)(Herrington, Elizabeth) (Entered: 11/15/2023) |
| 11/15/2023 | 263 | NOTICE of Motion by Elizabeth Brooke Herrington for presentation of motion for leave to file 262 before Honorable Jorge L. Alonso on 11/21/2023 at 09:30 AM. (Herrington, Elizabeth) (Entered: 11/15/2023) |
| 11/15/2023 | 264 | Request for Oral Argument by Amazon.com Inc., Amazon.com Services, LLC (Herrington, Elizabeth) (Entered: 11/15/2023) |
| 11/17/2023 | 265 | RESPONSE by Antonella M. Ortiz Colosi, Tanya N. Svobodain Opposition to MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for leave to file *Sur−Reply to Plaintiffs' Motion for Class Certification*<br><br>Presented before District Judge<br><br>262 *Plaintiffs' Response in Opposition to Defendants' Motion for Leave to File Sur−Reply to Motion for Class Certification* (Keogh, Keith) (Entered: 11/17/2023) |
| 11/17/2023 | 266 | RESPONSE by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda to other 264 *Plaintiffs' Response to Defendants' Request for Oral Argument* (Keogh, Keith) (Entered: 11/17/2023) |
| 11/20/2023 | 267 | MINUTE entry before the Honorable Jorge L. Alonso: Defendants' request for oral argument 264 on the pending motion for class certification [ 169 , 174 ] is granted over Plaintiffs' objection. Oral argument is set for 12/19/23 at 11:00 a.m. and shall be held in person. Each side is allowed 15 minutes for oral argument, including rebuttal. Defendants' motion for leave to file a sur−reply to Plaintiffs' motion for class certification 262 is taken under advisement. Motion hearing date of 11/21/23 is stricken. Notice mailed by Judge's staff (lf, ) (Entered: 11/20/2023) |
| 11/22/2023 | 268 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda for leave to file *Reply to Amazon's Sur−reply to Motion for Class Certification*<br><br>Presented before District Judge |

| | | (Attachments: # 1 Exhibit Proposed Reply (incl. Ex. A thereto))(Keogh, Keith) (Entered: 11/22/2023) |
|---|---|---|
| 11/22/2023 | 269 | NOTICE of Motion by Keith James Keogh for presentment of motion for leave to file, 268 before Honorable Jorge L. Alonso on 11/29/2023 at 09:30 AM. (Keogh, Keith) (Entered: 11/22/2023) |
| 11/28/2023 | 270 | REPLY by Defendants Amazon.com Inc., Amazon.com Services, LLC to motion for leave to file 236 *(Reply in Support of Defendants Corrected Motion for Leave to Amend Affirmative Defenses)* (Attachments: # 1 Exhibit A − 2023−09−26 Email Correspondence)(Fouts, Gregory) (Entered: 11/28/2023) |
| 11/28/2023 | 271 | MINUTE entry before the Honorable Jorge L. Alonso: Plaintiffs' motion for leave to file reply to Defendants' proposed sur−reply 268 is taken under advisement. Motion hearing date of 11/29/2023 is stricken. Notice mailed by Judge's staff (lf, ) (Entered: 11/28/2023) |
| 12/04/2023 | 272 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda for leave to file sur−reply in opposition to Amazon's corrected Motion for leave to amend affirmative defenses. (Attachments: # 1 Exhibit Sur−Reply to Amazon's Motion for Leave to Amend Affirmative Defenses)(Kuyper, Theodore) Docket Text Modified by Clerk's Office on 12/4/2023 (jh, ). (Entered: 12/04/2023) |
| 12/04/2023 | 273 | NOTICE of Motion by Theodore Herbert Kuyper for presentment of motion for leave to file, 272 before Honorable Jorge L. Alonso on 12/7/2023 at 09:30 AM. (Kuyper, Theodore) (Entered: 12/04/2023) |
| 12/05/2023 | 274 | RESPONSE by Amazon.com Inc., Amazon.com Services, LLCin Opposition to MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda for leave to file *Plaintiffs' Motion for Leave to File Reply to Amazon's Sur−Reply to Motion for Class Certification*<br><br>Presented before District Judge<br><br>272 (Fouts, Gregory) (Entered: 12/05/2023) |
| 12/06/2023 | 275 | MINUTE entry before the Honorable Jorge L. Alonso: Based on Defendants' Corrected Motion for Leave to Amend Affirmative Defenses (the "Motion") 236 , Defendants' memorandum in support 237 , Plaintiffs' Response in Partial Opposition to Defendants' Corrected Motion for Leave to Amend Affirmative Defenses 261 , and Defendants' reply in support of its Motion 270 , the arguments and issues raised by the parties are entwined with ongoing discovery matters and disputes, including motions to compel that are pending before the Magistrate Judge 178 219 220 . Accordingly, the Motion 236 , as well as Plaintiffs' related Motion for Leave to File Sur−Reply in Opposition to Amazon's Corrected Motion for Leave to Amend Affirmative Defenses 272 , are hereby referred to the Magistrate Judge for ruling. Motion hearing date of 12/7/2023 is stricken.Notice mailed by Judge's staff (lf, ) (Entered: 12/06/2023) |
| 12/15/2023 | 276 | MINUTE entry before the Honorable Jorge L. Alonso: At the parties' request, oral argument previously set for 12/19/23 is stricken and reset to 1/10/24 at 11:00 a.m. This hearing will be held in person. Notice mailed by Judge's staff (lf, ) (Entered: 12/15/2023) |
| 12/28/2023 | 277 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/28/2023: Mailed notice. (tg, ) (Entered: 12/28/2023) |

| 01/10/2024 | 278 | MINUTE entry before the Honorable Jorge L. Alonso: Motion hearing held. Plaintiffs' Motion for class certification and the additional motions pending before Judge Alonso are taken under advisement. Notice mailed by Judge's staff (lf, ) (Entered: 01/12/2024) |
|---|---|---|
| 01/12/2024 | 279 | TRANSCRIPT OF PROCEEDINGS held on January 10, 2024 before the Honorable Jorge L. Alonso. Order Number: 47738. Court Reporter Contact Information: Annette Montalvo, annette.montalvo@gmail.com.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 2/2/2024. Redacted Transcript Deadline set for 2/12/2024. Release of Transcript Restriction set for 4/11/2024. (Montalvo, Annette) (Entered: 01/12/2024) |
| 01/16/2024 | 280 | Notice of Supplemental Authority by Amazon.com Inc., Amazon.com Services, LLC (Attachments: # 1 Exhibit A)(Herrington, Elizabeth) (Entered: 01/16/2024) |
| 01/19/2024 | 281 | RESPONSE by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda to other 280 *Plaintiffs' Response to Defendants' Notice of Supplemental Authority [ECF No. 280]* (Keogh, Keith) (Entered: 01/19/2024) |
| 01/24/2024 | 282 | Notice of Supplemental Authority by Amazon.com Inc., Amazon.com Services, LLC (Attachments: # 1 Exhibit A)(Herrington, Elizabeth) (Entered: 01/24/2024) |
| 01/24/2024 | 283 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for Discovery Status Conference Before the Magistrate Judge<br><br>Presented before Magistrate Judge<br><br>(Herrington, Elizabeth) (Entered: 01/24/2024) |
| 01/25/2024 | 284 | RESPONSE by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda to other 282 *Plaintiffs' Response to Defendants' Notice of Supplemental Authority* (Keogh, Keith) (Entered: 01/25/2024) |
| 01/26/2024 | 285 | MINUTE entry before the Honorable Sheila M. Finnegan: Defendants' motion for discovery status before the Magistrate Judge 283 is granted. Status and motion hearing (by video) is set for 2/29/2024 at 3:30 p.m. The hearing will cover the status of discovery, all pending discovery motions, and the Defendants' corrected motion for leave to file Amended Affirmative Defenses 236 . The original motion 233 is denied as moot given the filing of the corrected motion. The parties are to appear at the video hearing by accessing the following hyper link: https://us−courts.webex.com/join/sheila_finneganilnd.uscourts.gov. Parties that do not have access to a device with video capability and who intend to speak at the hearing must notify the courtroom deputy in advance and request the Court's permission to appear telephonically. Individuals may also listen via teleconference: the number is 1−650−479−3207; Access: 180 965 8027. Those not speaking during the hearing must mute themselves. Audio recording of the hearing is not permitted; violations of this prohibition may result in sanctions. Mailed notice (sxw) (Entered: 01/26/2024) |
| 02/01/2024 | 286 | MINUTE entry before the Honorable Sheila M. Finnegan. At plaintiffs' request (by email to Court staff) and by agreement, the video hearing set on 2/29/2024 is cancelled and reset to 3/6/2024 at 11:00 a.m. The parties are to appear at the video hearing by accessing the following hyper link: https://us−courts.webex.com/join/sheila_finneganilnd.uscourts.gov. Parties that do not have access to a device with video capability and who intend to speak at the hearing must notify the courtroom deputy in advance and request the Court's permission to appear telephonically. Individuals may also listen via teleconference: the number is 1−650−479−3207; Access: 180 965 8027. Those not speaking during the hearing must mute themselves. Audio recording of the hearing is not permitted; violations of this prohibition may result in sanctions. Mailed notice (sxw) (Entered: 02/01/2024) |

| 03/06/2024 | <u>287</u> | MINUTE entry before the Honorable Sheila M. Finnegan: Magistrate judge video hearing held on 3/6/2024. Plaintiffs' Motion for Leave to File Sur–Reply in Opposition to Amazon's Corrected Motion for Leave to Amend Affirmative Defenses <u>272</u> – which was attached to the motion and considered by the Court – is granted. For reasons stated on the record, Defendants' Corrected Motion for Leave to Amend Affirmative Defenses <u>236</u> is granted, so they may now withdraw Affirmative Defense Nos. 1, 2, and 5 and amend Affirmative Defense No. 3 in the manner described in the motion. Plaintiffs' Motion to Compel Geolocation and I.P. Address Class Discovery From Amazon <u>190</u> is denied without prejudice since the parties report that the disputes raised in that motion (as well as certain other disputes concerning Amazon VTO fact discovery described in the JSR [249, at 1–7] but not yet the subject of a motion) cannot be resolved at this time as they may be resolved or otherwise impacted by ongoing discovery and the ruling on the motion for class certification. As for Plaintiffs' Motion to Compel Amazon to Comply with Interrogatory No. 1 in Plaintiff Ortiz Colosi's First Set <u>178</u> , the parties filed supplemental briefs [219, 239, 241]. While discovery relating to Affirmative Defense Nos. 1, 4–6, and 9–15 was at issue in the original motion, the parties agree that the motion is now moot as to Affirmative Defense No. 5. Based on the parties' statements during the hearing, it appears the motion <u>178</u> may also be moot as to discovery disputes relating to certain of the other affirmative defenses. By 3/18/2024, the parties are to confer and file a joint status report to clarify this. The parties agree that they need not supplement Rule 26(a)(1) disclosures, and Plaintiffs need not supplement their answers to Amazon's interrogatories regarding damages (to identify the specific number of violations claimed as to the Amazon VTO), until after the class certification ruling. Finally, as to Modiface VTO fact discovery, Plaintiffs report that they have reached an impasse with non–party Modiface over certain source code that has been requested and other issues. In two weeks, Plaintiffs will be filing an application for resolution of the dispute by a Canadian court to which Modiface presumably will be allowed to respond before the court rules. Plaintiffs' counsel is to inquire as to whether Modiface has any objection to Plaintiffs providing Amazon with copies of the filings with the Canadian court and convey the response to Amazon's counsel. The Court denies without prejudice Amazon's request to set a deadline for completion of Modiface VTO fact discovery; however, Plaintiffs are to provide detailed summaries of their progress in completing that discovery in the monthly status reports in this case. The next JSR is due by 4/5/2024. The Court takes under advisement Amazon's request that the parties proceed with expert disclosures and depositions relating to the Amazon VTO rather than waiting until fact discovery as to the Modiface VTO has been completed. Mailed notice (sxw) (Entered: 03/07/2024) |
| 03/18/2024 | <u>288</u> | STATUS Report *Joint Status Report Regarding Plaintiffs' Motion to Compel (ECF No. 178) Amazon to Comply with Interrogatory No. 1 in Plaintiff Ortiz Colosi's First Set* by Antonella M. Ortiz Colosi, Tanya N. Svoboda<br><br>Presented before Magistrate Judge<br><br>(Kuyper, Theodore) (Entered: 03/18/2024) |
| 03/19/2024 | <u>289</u> | TRANSCRIPT OF PROCEEDINGS held on March 6, 2024 before the Honorable Sheila M. Finnegan. Order Number: 48205. Court Reporter Contact Information: Annette Montalvo, annette.montalvo@gmail.com.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/9/2024. Redacted Transcript Deadline set for 4/19/2024. Release of Transcript Restriction set for 6/17/2024. (Montalvo, Annette) (Entered: 03/19/2024) |
| 03/20/2024 | <u>290</u> | MINUTE entry before the Honorable Sheila M. Finnegan. The Court grants in part and denies in part Plaintiffs' Motion to Compel Amazon to Comply with Interrogatory No. 1 in Plaintiff Ortiz Colosi's First Set <u>178</u> , as follows: (1) By agreement (see JSR dated |

| | | |
|---|---|---|
| | | 3/18/2024 at Dkt 288), the motion is denied as moot as to Amazon's answer to Interrogatory No. 1 as it pertains to Amazon's Affirmative Defenses Nos. 1, 4–6, 9–12, and 14; (2) the motion is granted as to Amazon's answer as it pertains to Affirmative Defense 13. Amazon shall provide an amended answer that reasonably describes the factual basis for that defense and identifies the principal types of documents that it will use to support the defense; and (3) the motion is granted as to Amazon's answer as it pertains to Affirmative Defense 15 since the current answer is conclusory and merely repeats the language in the affirmative defense. Amazon shall provide an amended answer in which it generally describes potential actions of a putative class member indicative of "approval" of the complained–of conduct, and indicative of "participation" in that conduct. Amazon's response shall also describe the principal types of documents/evidence that it expects to rely on to support this defense. Amazon's amended answers are to be provided to Plaintiff by 4/10/2024. As for Plaintiffs' Supplement to Their Pending Motion to Compel 219 , this raised distinct issues about whether Amazon waived the attorney–client privilege for the pre–suit communications concerning the legal advice Amazon received and relied upon as to BIPA's applicability to the virtual try–on technology (VTOs) at issue in the case. The Court will issue a separate written order as to that issue. Mailed notice (sxw) (Entered: 03/20/2024) |
| 03/30/2024 | 291 | MEMORANDUM Opinion and Order: Plaintiff's Motion for Class Certification 169 174 is granted. The Court certifies the following class under Rule 23(b): all individuals who used a virtual try–on feature on Amazon's mobile website or app while in Illinois on or after September 7, 2016. Excluded from the Class are: (1) any person who used such a virtual try–on feature only in model mode or for hair color; (2) any judge presiding over this action; (3) all members of any such judge's staff and immediate family; (4) Defendants; (5) any entities in which any Defendant has a controlling interest; (6) Defendant's employees, owners, officers, and directors. The Court appoints Keith James Keogh, Theodore Herbert Kuyper, and Timothy J. Sostrin, of Keogh Law, Ltd. as class counsel in this case. Defendants filed an unopposed motion to seal 196 wherein they move the Court to maintain under seal the unredacted version of Plaintiffs' motion for class certification 174 and Exhibit 4 thereto. Defendants' motion 196 is granted for good cause shown for the reasons set forth in Defendants' motion. The unredacted version of Plaintiffs' motion for class certification 174 , and Exhibit 4 thereto, shall remain under seal. The clerk is directed to unseal Exhibit 8 [174–2]. Defendants filed an unopposed motion to seal 213 wherein they move the Court to maintain under seal (i) the unredacted version of their memorandum of law in response to Plaintiffs' motion for class certification 212 and (ii) certain exhibits thereto containing trade secrets, confidential business information, and Plaintiffs' personally identifiable information. Defendants' motion 213 is granted for good cause shown for the reasons set forth in Defendants' motion. The unredacted versions of Defendants' memorandum of law and Exhibits A, B, D, E, G, H, and I thereto shall remain under seal. The clerk is directed to unseal Exhibits J [212–10], K [212–11], and L [212–12]. Plaintiffs' unopposed motion to seal 257 is denied without prejudice. Under Local Rule 26.2(b), "[t]he court may for good cause shown enter an order directing that one or more documents be filed under seal." Plaintiffs make no such showing other than to say that the exhibits are designated as "Confidential" pursuant to the Agreed Confidentiality Order entered on February 25, 2022 28 . But, under the Agreed Confidentiality Order, the mere designation of a document as "Confidential" does not alone amount to the required "good cause" or allow for that document to be filed under seal. [28, Par. 7]. "The determination of good cause [to seal materials] cannot be elided by allowing the parties to seal whatever they want." Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999). A party hoping to file materials in secret must justify the claim of secrecy and "analyze the applicable legal criteria or contend that any document... may... legitimately... be kept from public inspection despite its importance to the resolution of the litigation." Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002); see also Bierk v. Tango Mobile, LLC, No. 19 C 5167, 2021 WL 308834 (N.D. Ill. Jan. 29, 2021). Without any attempt to show "good cause" in the motion to seal, it cannot be granted as filed. And as filed, the motion to seal is denied. But the Court will allow the documents to remain provisionally sealed until 04/12/2024, to allow the Plaintiffs or Defendants to file a properly supported motion to seal if they so choose. Defendants' motion for leave to file sur–reply 262 is granted. Plaintiffs' motion for leave to file reply to Defendants' sur–reply 268 is granted. This case is set for status hearing on May 9, 2024 at 9:30 a.m. for the purpose of setting a schedule for further proceedings. The parties are |

| | | |
|---|---|---|
| | | directed to confer regarding a schedule and are to submit a joint status report with a proposal (or competing proposals if they cannot agree) by May 6, 2024. Signed by the Honorable Jorge L. Alonso on 3/30/2024. Notice mailed by Judge's staff (lf, ) (Entered: 03/30/2024) |
| 03/30/2024 | 292 | MINUTE entry before the Honorable Jorge L. Alonso: Telephonic status hearing set for 5/9/24 at 9:30 a.m. Members of the public and media will be able to call in to listen to this hearing. The call−in number is 888−808−6929 and the access code is 4911854. Counsel of record will receive an email 30 minutes prior to the start of the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Notice mailed by Judge's staff (lf, ) (Entered: 03/30/2024) |
| 04/05/2024 | 293 | STATUS Report *Joint Status Report Regarding Modiface VTO Fact Discovery* by Antonella M. Ortiz Colosi, Tanya N. Svoboda<br><br>Presented before Magistrate Judge<br><br>(Kuyper, Theodore) (Entered: 04/05/2024) |
| 04/10/2024 | 294 | *Defendants* ANSWER to Complaint with Jury Demand *(Defendants Answer and Amended Affirmative Defense to First Amended Complaint)* by Amazon.com Inc., Amazon.com Services, LLC(Fouts, Gregory) (Entered: 04/10/2024) |
| 04/11/2024 | 295 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for reconsideration regarding order on motion to certify class,,,,,,,,,,,,,,,,, order on sealed motion,,,,,,,,,,,,,,,, order on motion to seal document,,,,,,,,,,,,,,,, order on motion for leave to file,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, memorandum opinion and order,,,,,,,,,,,,,,, set deadlines/hearings,,,,,,,,,,,,,,, 291<br><br>Presented before District Judge<br><br>(Attachments: # 1 Exhibit 1)(Fouts, Gregory) (Entered: 04/11/2024) |
| 04/11/2024 | 296 | NOTICE of Motion by Gregory Thomas Fouts for presentment of motion for reconsideration,, 295 before Honorable Jorge L. Alonso on 4/18/2024 at 09:30 AM. (Fouts, Gregory) (Entered: 04/11/2024) |
| 04/12/2024 | 297 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC to seal document reply, 255 *[Unopposed Motion to Seal Exhibits to Plaintiffs' Reply in Support of Their Motion for Class Certification]*<br><br>Presented before District Judge<br><br>(Fouts, Gregory) (Entered: 04/12/2024) |
| 04/12/2024 | 298 | NOTICE of Motion by Gregory Thomas Fouts for presentment of motion to seal document, 297 before Honorable Jorge L. Alonso on 4/18/2024 at 09:30 AM. (Fouts, Gregory) (Entered: 04/12/2024) |
| 04/17/2024 | 299 | MINUTE entry before the Honorable Jorge L. Alonso: Plaintiff's response to Defendants' Motion to Reconsider the Court's Class Certification Order 295 is due 5/8/2024; Defendants' reply is due 5/22/2024. Defendants' unopposed motion to maintain under seal 297 is granted for good cause for the reasons set forth therein. The unredacted copies of Exhibit 1 [256−1], Exhibit 2 [256−2], Exhibit 7 [256−3], and Exhibit 8 [256−4] attached to Plaintiffs' Reply in Support of their Motion for Class Certification shall remain under seal. The Court directs the Clerk to unseal the unredacted copy of Plaintiffs' Reply brief 256 . Motion hearings set for 4/18/2024 are stricken. Notice mailed by Judge's staff (lf, ) (Entered: 04/17/2024) |
| 04/29/2024 | 300 | ORDER signed by the Honorable Sheila M. Finnegan on 4/29/2024. For the reasons stated in the attached Order, the relief sought in Plaintiffs' Supplement to Their Pending Motion to Compel (ECF No. 178) Regarding Amazon's Affirmative Defenses [Doc. 219], namely, a finding that Amazon waived the attorney−client privilege over |

| | | |
|---|---|---|
| | | pre−suit communications concerning the legal advice Amazon received or relied upon as to BIPA's applicability to the VTOs at issue in this case, is denied. Mailed notice (sxw) (Entered: 04/29/2024) |
| 05/06/2024 | 301 | STATUS Report *Joint Status Report Regarding Schedule for Further Proceedings* by Antonella M. Ortiz Colosi, Tanya N. Svoboda<br><br>Presented before District Judge<br><br>(Kuyper, Theodore) (Entered: 05/06/2024) |
| 05/07/2024 | 302 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda for extension of time to file response/reply as to motion for reconsideration,, 295 *Plaintiffs' Unopposed Motion for Extension of Time to File Response to Defendants' Motion to Reconsider Class Certification Order*<br><br>Presented before District Judge<br><br>(Kuyper, Theodore) (Entered: 05/07/2024) |
| 05/07/2024 | 303 | NOTICE of Motion by Theodore Herbert Kuyper for presentment of motion for extension of time to file response/reply, 302 before Honorable Jorge L. Alonso on 5/14/2024 at 09:30 AM. (Kuyper, Theodore) (Entered: 05/07/2024) |
| 05/08/2024 | 304 | MINUTE entry before the Honorable Jorge L. Alonso: The Court has reviewed the parties' Joint Status Report 301 and the latest Joint Status Report presented before Judge Finnegan 293 . This Court granted Plaintiffs' motion for class certification on 3/30/2024 291 . Amazon filed a motion for reconsideration 295 , which is not yet fully briefed. If the Court denies that motion, Amazon intends to file a petition for leave to appeal to the Seventh Circuit pursuant to Fed. R. Civ. P. 23(f). The parties now submit competing proposals regarding a schedule for further proceedings. The parties agree that Amazon must update the class data before notice of certification can be sent to the class but disagree on a schedule for its production. Plaintiffs argue that Amazon should update the class data now so that Plaintiffs can formulate and seek approval of a notice plan in the meantime and have notice issued promptly if reconsideration and any/or any Rule 23(f) petition are resolved in favor of Plaintiffs and the class. Plaintiffs argue that the updating of class data is certain to impact the scope of the discovery disputes that remain pending before the Magistrate Judge and that the parties had agreed to table pending the class certification ruling. Plaintiffs submit proposed deadlines for June 2024 and July 2024, respectively, for Amazon to complete production of updated class data and for Plaintiffs to file a motion to approve class notice. Amazon opposes Plaintiffs' proposal, arguing that it is unlikely that Amazon's Rule 23(f) petition will be resolved by June 2024 and that it should not be required to complete the time−consuming and expensive process of collecting data that will only have to be recollected before notice can issue. Amazon proposes that a schedule for class notice be set only when there is more clarity regarding a schedule for summary judgment and trial. The Court agrees in part with Amazon and will defer setting a deadline for Plaintiffs to file a motion to approve class notice until resolution of the pending motion for reconsideration and any Rule 23(f) petition. With respect to Plaintiffs' proposal to set a deadline for Amazon to complete production of updated class data, based on Plaintiffs' representations, that issue is entwined with outstanding discovery disputes and open issues that remain pending before the Magistrate Judge. Accordingly, the Court hereby refers the parties' dispute regarding the scheduling of Amazon's production of updated class data to the Magistrate Judge for resolution. Plaintiffs' unopposed motion for extension of time 302 to file a response to Defendants' motion to reconsider is granted. Plaintiffs' response shall be due 5/22/2024, and Amazon's reply shall be due 6/5/2024. The status hearing set for 5/9/2024, and the motion hearing set for 5/14/2024, are stricken. Notice mailed by Judge's staff (lf, ) (Entered: 05/08/2024) |
| 05/21/2024 | 305 | STATUS Report *Joint Status Report Regarding Modiface VTO Fact Discovery* by Antonella M. Ortiz Colosi, Tanya N. Svoboda<br><br>Presented before Magistrate Judge<br><br>(Kuyper, Theodore) (Entered: 05/21/2024) |

| | | |
|---|---|---|
| 05/21/2024 | 306 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda for leave to file *Plaintiffs' Unopposed Motion for Leave to File Instanter Response in Excess of 15 Pages in Opposition to Defendants' Motion to Reconsider Class Certification*<br><br>Presented before District Judge<br><br>(Kuyper, Theodore) (Entered: 05/21/2024) |
| 05/21/2024 | 307 | NOTICE of Motion by Theodore Herbert Kuyper for presentment of motion for leave to file, 306 before Honorable Jorge L. Alonso on 5/28/2024 at 09:30 AM. (Kuyper, Theodore) (Entered: 05/21/2024) |
| 05/22/2024 | 308 | RESPONSE by Antonella M. Ortiz Colosi, Tanya N. Svobodain Opposition to MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for reconsideration regarding order on motion to certify class,,,,,,,,,,,,,,,,, order on sealed motion,,,,,,,,,,,,,,, order on motion to seal document,,,,,,,,,,,,,,, order on motio 295 *Plaintiffs' Response in Opposition to Defendants' Motion to Reconsider the Court's Class Certification Order [ECF No. 295]* (Keogh, Keith) (Entered: 05/22/2024) |
| 05/24/2024 | 309 | MINUTE entry before the Honorable Jorge L. Alonso: The Court grants Plaintiffs' unopposed motion 306 for leave to file instanter a response brief with one page in excess of 15 pages, for a total of 16 pages. Motion hearing set for 5/28/2024 is stricken. Notice mailed by Judge's staff (lf, ) (Entered: 05/24/2024) |
| 05/30/2024 | 310 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for extension of time to file response/reply *[Unopposed Motion for Extension of Time for Defendants to File Its Reply in Support of Its Motion for to Reconsider the Court's Class Certification Order]*<br><br>Presented before District Judge<br><br>(Fouts, Gregory) (Entered: 05/30/2024) |
| 05/30/2024 | 311 | NOTICE of Motion by Gregory Thomas Fouts for presentment of motion for extension of time to file response/reply, 310 before Honorable Jorge L. Alonso on 6/5/2024 at 09:30 AM. (Fouts, Gregory) (Entered: 05/30/2024) |
| 06/03/2024 | 312 | MINUTE entry before the Honorable Sheila M. Finnegan. Video hearing is set for 6/21/2024 at 2 p.m. regarding the parties' dispute over the scheduling of Amazon's production of updated class data. Counsel should be prepared to discuss: the specific burden/expense in collection and production of class data as Plaintiffs propose rather than as Amazon proposes; and the impact of adoption of Amazon's proposal on the overall case schedule (e.g., how much time would it take to produce the updated class data at one time and then resolve potential disputes over that production, and would the delay mean the parties would also need to delay completion of certain other discovery and/or resolution of any other discovery disputes impacted by the updated class data?) The parties are to appear at the video hearing by accessing the following hyper link: https://us-courts.webex.com/join/sheila_finneganilnd.uscourts.gov. Parties that do not have access to a device with video capability and who intend to speak at the hearing must notify the courtroom deputy in advance and request the Court's permission to appear telephonically. Individuals may also listen via teleconference: the number is 1-650-479-3207; Access: 180 965 8027. Those not speaking during the hearing must mute themselves. Audio recording of the hearing is not permitted; violations of this prohibition may result in sanctions. Mailed notice (sxw) (Entered: 06/03/2024) |
| 06/04/2024 | 313 | MINUTE entry before the Honorable Jorge L. Alonso: Defendants' Unopposed Motion for extension of time for Defendants to file its reply in support of its motion to reconsider the Court's class certification 310 is granted to 6/20/24. Motion hearing date of 6/5/24 is stricken. Notice mailed by Judge's staff (lf, ) (Entered: 06/04/2024) |
| 06/20/2024 | 314 | STATUS Report *Joint Status Report Regarding Modiface VTO Fact Discovery* by Antonella M. Ortiz Colosi, Tanya N. Svoboda<br><br>Presented before Magistrate Judge<br><br>(Kuyper, Theodore) (Entered: 06/20/2024) |

| | | |
|---|---|---|
| 06/20/2024 | 315 | REPLY by Amazon.com Inc., Amazon.com Services, LLC to MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for reconsideration regarding order on motion to certify class,,,,,,,,,,,,,,,,,, order on sealed motion,,,,,,,,,,,,,,,,, order on motion to seal document,,,,,,,,,,,,,,,,, order on motio 295 (Fouts, Gregory) (Entered: 06/20/2024) |
| 06/21/2024 | 316 | MINUTE entry before the Honorable Sheila M. Finnegan. Magistrate judge video hearing held on 6/21/2024 regarding the dispute over the scheduling of Amazon's production of updated class data. For reasons stated on the record, Amazon is ordered to proceed with producing the updated class data at this time, and the parties are to work together to resolve any issues that arise to ensure a streamlined process in the event that a class is certified and the data must be updated again. By agreement, Amazon is given until 8/20/2024 to produce the updated class data. By 8/5/2024, the parties are to file a joint status report on their progress and proposed next steps. Mailed notice (sxw) (Entered: 06/21/2024) |
| 08/01/2024 | 317 | TRANSCRIPT OF PROCEEDINGS held on 6−21−2024 before the Honorable Sheila M. Finnegan. Order Number: 49416. Court Reporter Contact Information: Krista Burgeson, krista_burgeson@ilnd.uscourts.gov.

IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.

Redaction Request due 8/22/2024. Redacted Transcript Deadline set for 9/2/2024. Release of Transcript Restriction set for 10/30/2024. (Burgeson, Krista) (Entered: 08/01/2024) |
| 08/02/2024 | 318 | MINUTE entry before the Honorable Sheila M. Finnegan. The parties' agreed request (by email to the courtroom deputy as allowed by the Court on 6/21/2024) to extend the deadline to file a joint status report regarding the production of class data is granted. By 8/13/2024, the parties are to file a joint status report on their progress and proposed next steps on the scheduling of Amazon's production of updated class data. Mailed notice (sxw) (Entered: 08/02/2024) |
| 08/08/2024 | 319 | STATUS Report *Joint Status Report Regarding Modiface VTO Fact Discovery* by Antonella M. Ortiz Colosi, Tanya N. Svoboda

Presented before Magistrate Judge

(Kuyper, Theodore) (Entered: 08/08/2024) |
| 08/09/2024 | 320 | MINUTE entry before the Honorable Sheila M. Finnegan The Court has reviewed the joint status report dated 8/8/2024. The parties are to file an updated joint status report by 9/12/2024. Mailed notice (sxw) (Entered: 08/09/2024) |
| 08/13/2024 | 321 | MINUTE entry before the Honorable Sheila M. Finnegan. Parties' request to file joint status report by 8/14/2024 is granted. Mailed notice (sxw) (Entered: 08/13/2024) |
| 08/14/2024 | 322 | STATUS Report *Joint Status Report Regarding Progress Updating Class Data and Proposed Next Steps* by Antonella M. Ortiz Colosi, Tanya N. Svoboda

Presented before Magistrate Judge

(Kuyper, Theodore) (Entered: 08/14/2024) |
| 08/15/2024 | 323 | MINUTE entry before the Honorable Sheila M. Finnegan. The Court has reviewed the 8/14/2024 joint status report on progress related to updating the class data and proposed next steps. By 8/23/2024 or as soon as feasible, Amazon is to produce the test sample of the updated class data; however, before doing so Amazon is to determine whether there are multiple geolocation records for each VTO use that reflect the location of the VTO user/class member, and provide the answer to Plaintiffs in writing. After the test sample has been produced, the parties are to confer again and file an updated JSR by 9/6/2024. Amazon is to complete the full production of updated |

| | | |
|---|---|---|
| | | class data for all three VTOs by 9/10/2024. Mailed notice (sxw) (Entered: 08/15/2024) |
| 08/23/2024 | 324 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for extension of time *to Produce Test Sample of the Updated Class Data (Unopposed)*<br><br>Presented before Magistrate Judge<br><br>(Fouts, Gregory) (Entered: 08/23/2024) |
| 08/26/2024 | 325 | MINUTE entry before the Honorable Sheila M. Finnegan. Unopposed Motion for Extension of Time for Defendants to Produce Test Sample of the Updated Class Data 324 is granted. Amazon to produce the test sample of the updated classdata by 8/28/2024. Mailed notice (sxw) (Entered: 08/26/2024) |
| 09/06/2024 | 326 | STATUS Report *Joint Status Report Regarding Progress Updating Class Data and Proposed Next Steps* by Antonella M. Ortiz Colosi, Tanya N. Svoboda<br><br>Presented before Magistrate Judge<br><br>(Kuyper, Theodore) (Entered: 09/06/2024) |
| 09/09/2024 | 327 | MINUTE entry before the Honorable Sheila M. Finnegan. The Court has reviewed the 9/6/2024 joint status report. By agreement, Amazon is given a deadline of 9/13/2024 to complete its investigation of all issues relating to the test sample of Amazon Beauty VTO class data and to report the results to Plaintiffs in writing. By 9/20/2024, the parties are to complete further conferrals on the test sample issues and file a JSR proposing next steps. Mailed notice (sxw) (Entered: 09/09/2024) |
| 09/09/2024 | 328 | STATUS Report *Joint Status Report Regarding Modiface VTO Fact Discovery* by Antonella M. Ortiz Colosi, Tanya N. Svoboda<br><br>Presented before Magistrate Judge<br><br>(Kuyper, Theodore) (Entered: 09/09/2024) |
| 09/19/2024 | 329 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for extension of time *to Complete Conferral Regarding Class Data Sample and File Joint Status Report (Joint)*<br><br>Presented before Magistrate Judge<br><br>(Fouts, Gregory) (Entered: 09/19/2024) |
| 09/20/2024 | 330 | MINUTE entry before the Honorable Sheila M. Finnegan. The joint request for a one−week extension of the deadline for completing conferrals on test sample issues and filing a joint status report proposing next steps 329 is granted. The new deadline is 9/27/2024. Mailed notice (sxw) (Entered: 09/20/2024) |
| 09/27/2024 | 331 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for extension of time *to complete conferral regarding class data sample and file joint status report (Joint Motion)*<br><br>Presented before Magistrate Judge<br><br>(Fouts, Gregory) (Entered: 09/27/2024) |
| 09/27/2024 | 332 | MINUTE entry before the Honorable Sheila M. Finnegan. Joint Motion for Extension of Time to Complete Conferral Regarding Class Data Sample and File Joint Status Report 331 is granted. The new deadline is 10/11/2024. Mailed notice (sxw) (Entered: 09/27/2024) |
| 10/11/2024 | 333 | STATUS Report *Joint Status Report Regarding Progress Updating Class Data and Proposed Next Steps* by Antonella M. Ortiz Colosi, Tanya N. Svoboda<br><br>Presented before Magistrate Judge<br><br>(Kuyper, Theodore) (Entered: 10/11/2024) |

| 10/14/2024 | 334 | MINUTE entry before the Honorable Sheila M. Finnegan: The Court has reviewed the joint status report filed on Friday, 10/11/2024 (at 4:54 p.m.), describing three unresolved issues related to Amazons sample of updated Amazon Beauty VTO class data, and the agreed next steps. Plaintiffs request the Court to impose a firm deadline on Amazon of 10/18/2024 to complete the next steps, namely: provide a declaration as to issue 1 and a proposed stipulation as to issue 3, and conclude the investigation related to issue 3. Amazon opposes the deadline as unnecessary since it is using best efforts to comply within a week, and the parties are working cooperatively. The Court imposes a deadline of Monday, 10/21/2024 for Amazon to complete the next steps on these issues. As the parties propose, they are then given until 11/9/2024 to have any further conferrals, and to file a motion to compel if necessary. Amazon is to produce the next sample after the foregoing issues are resolved, either by agreement or by the Courts decision of any motion to compel. (Finnegan, Sheila) (Entered: 10/14/2024) |
| 10/15/2024 | 335 | Entered in error. See entry 334 for correct entry. Modified on 11/1/2024 (sxw). (Entered: 10/15/2024) |
| 10/21/2024 | 336 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−22632052.<br><br>Presented before District Judge<br><br>(Attachments: # 1 Attachment)(Selman, Ari) (Entered: 10/21/2024) |
| 10/21/2024 | 337 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for extension of time *to Comply with the Court's October 14 Order (Unopposed)*<br><br>Presented before Magistrate Judge<br><br>(Fouts, Gregory) (Entered: 10/21/2024) |
| 10/22/2024 | 338 | MINUTE entry before the Honorable Sheila M. Finnegan. Defendants Amazon.com, Inc. and Amazon Services, LLC's Unopposed Motion for Extension of Time to Comply with the Court's October 14, 2024 337 is granted. The 10/21/2024 deadline is extended until 10/28/2024 as described in the motion. Mailed notice (sxw) (Entered: 10/22/2024) |
| 10/28/2024 | 339 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for extension of time *to Comply with Court's October 14 Order (Opposed)*<br><br>Presented before Magistrate Judge<br><br>(Herrington, Elizabeth) (Entered: 10/28/2024) |
| 10/29/2024 | 340 | RESPONSE by Antonella M. Ortiz Colosi, Tanya N. Svobodain Opposition to MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for extension of time *to Comply with Court's October 14 Order (Opposed)*<br><br>Presented before Magistrate Judge<br><br>339 *Plaintiffs' Response in Opposition to Amazon's Second Motion for Extension to Comply with Court's Orders to Update Class Data* (Kuyper, Theodore) (Entered: 10/29/2024) |
| 10/30/2024 | 341 | REPLY by Amazon.com Inc., Amazon.com Services, LLC to MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC for extension of time *to Comply with Court's October 14 Order (Opposed)*<br><br>Presented before Magistrate Judge<br><br>339 (Herrington, Elizabeth) (Entered: 10/30/2024) |
| 10/31/2024 | 342 | MINUTE entry before the Honorable Sheila M. Finnegan: Motion for extension of time to Comply with Court's October 14 Order 339 is granted over objection. Amazon is given until 11/4/2024 to comply with the order. Mailed notice (Finnegan, Sheila) (Entered: 10/31/2024) |

| | | |
|---|---|---|
| 11/11/2024 | 343 | MOTION by Attorney Gregory T. Fouts to withdraw as attorney for Amazon.com Inc., Amazon.com Services, LLC. No party information provided<br><br>Presented before District Judge<br><br>(Fouts, Gregory) (Entered: 11/11/2024) |
| 11/11/2024 | 344 | NOTICE of Motion by Gregory Thomas Fouts for presentment of motion to withdraw as attorney 343 before Honorable Jorge L. Alonso on 11/21/2024 at 09:30 AM. (Fouts, Gregory) (Entered: 11/11/2024) |
| 11/11/2024 | 345 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda to compel *Plaintiffs' Motion to Compel Amazon to Produce Certain Data in connection with Updating Class Data After Class Certification*<br><br>Presented before Magistrate Judge<br><br>(Attachments: # 1 Exhibit 1., # 2 Exhibit 2., # 3 Exhibit 3., # 4 Exhibit 4., # 5 Exhibit 5., # 6 Exhibit 6.)(Kuyper, Theodore) (Entered: 11/11/2024) |
| 11/11/2024 | 346 | SEALED MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda *Plaintiffs' Motion to Compel Amazon to Produce Certain Data in Connection with Updating Class Data After Class Certification (Unredacted Copy)*<br><br>Presented before Magistrate Judge<br><br>(Attachments: # 1 Exhibit 2., # 2 Exhibit 3., # 3 Exhibit 5., # 4 Exhibit 6.)(Kuyper, Theodore) (Entered: 11/11/2024) |
| 11/11/2024 | 347 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda for leave to file *Plaintiffs' Motion for Leave to File Under Seal [ECF 346]*<br><br>Presented before Magistrate Judge<br><br>(Kuyper, Theodore) (Entered: 11/11/2024) |
| 11/12/2024 | 348 | MINUTE entry before the Honorable Sheila M. Finnegan. Plaintiffs' motion to for leave to file under seal 347 is granted, but only provisionally. The Court will again review the propriety of sealing when evaluating the underlying motion. Mailed notice (sxw) (Entered: 11/12/2024) |
| 11/12/2024 | 349 | MINUTE entry before the Honorable Sheila M. Finnegan. Plaintiffs' motion to compel Amazon to produce certain data in connection with updating class data after class certification [345, 346] is taken under advisement. Response to the motion is due by 11/26/2024, and the reply by 12/3/2024. Mailed notice (sxw) (Entered: 11/12/2024) |
| 11/14/2024 | 350 | EXECUTIVE COMMITTEE ORDER: Case 21 CV 5336, Svoboda v. Amazon.com Inc. et al, is currently pending before the Hon. Jorge L. Alonso and the Hon. Sheila M. Finnegan is the referred magistrate judge; and Magistrate Judge Finnegan and Magistrate Judge McNally agreed that 21 CV 5336, Svoboda v. Amazon.com Inc. et al, be reassigned to Judge McNally; therefore It is hereby ordered that 21 CV 5336, Svoboda v. Amazon.com Inc. et al, is to be reassigned to the Hon. Laura K. McNally, pursuant to Internal Operating Procedure 13(d); and It is further ordered that 21 CV 5336, Svoboda v. Amazon.com Inc. et al, be referred to Magistrate Judge McNally for the purpose of general discovery supervision. Case referred to the Honorable Laura K. McNally. Signed by Executive Committee on 11/14/2024. Mailed notice (td, ) (Entered: 11/14/2024) |
| 11/14/2024 | 351 | MINUTE entry before the Honorable Laura K. McNally. In light of the referral reassignment to Judge McNally 350 , the briefing schedule entered 11/12/2024 349 as to Plaintiffs' motion to compel Amazon to produce certain data in connection with updating class data after class certification [345, 346] to stand: Response to the motion is due by 11/26/2024, and the reply by 12/3/2024. Mailed notice (sxw) (Entered: 11/14/2024) |
| 11/15/2024 | 352 | MINUTE entry before the Honorable Jorge L. Alonso: Defendants' Motion for leave to withdraw appearance of counsel 343 is granted. Attorney Gregory Thomas Fouts is |

| | | |
|---|---|---|
| | | given leave to withdraw as counsel for Defendants. Motion hearing date of 11/21/24 is stricken. Notice mailed by Judge's staff (lf, ) (Entered: 11/15/2024) |
| 11/26/2024 | 353 | MOTION by Defendants Amazon.com Inc., Amazon.com Services, LLC to seal *Exhibits to Defendants' Response in Opposition to Motion to Compel*<br><br>Presented before Magistrate Judge<br><br>(Herrington, Elizabeth) (Entered: 11/26/2024) |
| 11/26/2024 | 354 | RESPONSE by Amazon.com Inc., Amazon.com Services, LLCin Opposition to MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda to compel *Plaintiffs' Motion to Compel Amazon to Produce Certain Data in connection with Updating Class Data After Class Certification*<br><br>Presented before Magistrate Judge 345 , SEALED MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda *Plaintiffs' Motion to Compel Amazon to Produce Certain Data in Connection with Updating Class Data After Class Certification (Unredacted Copy)*<br><br>Presented before Mag 346 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Herrington, Elizabeth) (Entered: 11/26/2024) |
| 11/26/2024 | 355 | SEALED DOCUMENT by Defendants Amazon.com Inc., Amazon.com Services, LLC *Sealed Exhibits to Defendants' Opposition to Plaintiffs' Motion to Compel* (Attachments: # 1 Exhibit 2, # 2 Exhibit 3)(Herrington, Elizabeth) (Entered: 11/26/2024) |
| 11/27/2024 | 356 | MINUTE entry before the Honorable Laura K. McNally. The Defendants' unopposed motion for leave to file under seal exhibits to Defendants' response in opposition to motion to compel 353 is granted. Mailed notice (sxw) (Entered: 11/27/2024) |
| 12/03/2024 | 357 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda for extension of time *Plaintiffs' Unopposed Motion for Extension of Time to File Reply in Support of Motion to Compel*<br><br>Presented before Magistrate Judge<br><br>(Kuyper, Theodore) (Entered: 12/03/2024) |
| 12/03/2024 | 358 | MINUTE entry before the Honorable Laura K. McNally. Plaintiff's motion for extension of time to file reply 357 is granted. Reply brief to be filed by December 10, 2024. The Court has reviewed the filings to date and based on those filings, it appears there may be opportunities to narrow the scope of the requested relief. The parties are encouraged to use the extra week to continue making progress on crafting mutually−acceptable terms. Mailed notice (sxw) (Entered: 12/03/2024) |
| 12/10/2024 | 359 | RESPONSE by Antonella M. Ortiz Colosi, Tanya N. Svobodain Support of MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. Svoboda to compel *Plaintiffs' Motion to Compel Amazon to Produce Certain Data in connection with Updating Class Data After Class Certification*<br><br>Presented before Magistrate Judge 345 *Reply in Support of Plaintiffs' Motion to Compel Amazon to Produce Certain Data in Connection With Updating Class Data After Class Certification* (Attachments: # 1 Exhibit 1., # 2 Exhibit 2., # 3 Exhibit 3., # 4 Exhibit 4., # 5 Exhibit 5., # 6 Exhibit 6., # 7 Exhibit 7.)(Kuyper, Theodore) (Entered: 12/10/2024) |
| 12/11/2024 | 360 | MINUTE entry before the Honorable Laura K. McNally. Video status hearing is set on 12/17/2024 at 11:00 a.m. The parties are to appear at the video hearing by accessing the following hyper link: https://us−courts.webex.com/meet/scott_white Parties that do not have access to a device with video capability and who intend to speak at the hearing must notify the courtroom deputy in advance and request the Court's permission to appear telephonically. Individuals may also listen via teleconference: 1−650−479−3207; Access:23166424339. Those not speaking during the hearing must mute themselves. Audio recording of the hearing is not permitted; violations of this |

| | | |
|---|---|---|
| | | prohibition may result in sanctions Mailed notice (sxw) (Entered: 12/11/2024) |
| 12/17/2024 | 361 | MINUTE entry before the Honorable Laura K. McNally. Video status and motion hearing held on 12/17/2024. For reasons stated on the record, Plaintiffs' Motion to Compel Amazon to Produce Certain Data in Connection with Updating Class Data After Class Certification [345, 346] is taken under advisement. By 12/20/2024, the parties are to submit (Proposed_Order_McNally@ilnd.uscourts.gov) a proposed agreed order regarding Amazon's obligation to produce purchasers' billing address information, as discussed at today's hearing. A video hearing is set on 12/23/2024 at 1 pm to address any remaining areas of disagreement regarding Amazon's obligation to produce purchasers' billing address information. That hearing will be cancelled if there are no remaining issues of dispute. By 1/17/2025, Defendant shall provide to Plaintiff (1) information regarding the existence/availability of billing address records for individuals who have never made a purchase; and (2) geolocation data for each event in a sample of 1,000 VTO sessions. Video hearing is set for 1/24/2025 at 11 am to discuss remaining aspects of Plaintiffs' Motion to Compel [345, 346]. If the parties reach agreement on the remaining issues and submit a proposed agreed order to that effect, the hearing will be cancelled. The parties are to appear at the video hearing by accessing the following hyper link: https://us−courts.webex.com/meet/scott_white Parties that do not have access to a device with video capability and who intend to speak at the hearing must notify the courtroom deputy in advance and request the Court's permission to appear telephonically. Individuals may also listen via teleconference: 1−650−479−3207; Access:23166424339. Those not speaking during the hearing must mute themselves. Audio recording of the hearing is not permitted; violations of this prohibition may result in sanctions. Mailed notice (sxw) (Entered: 12/17/2024) |
| 12/19/2024 | 362 | TRANSCRIPT OF PROCEEDINGS held on 12/17/2024 before the Honorable Laura K. McNally. Order Number: 50586. Court Reporter Contact Information: Rosemary Scarpelli, Rosemary_Scarpelli@ilnd.uscourts.gov, (312)435−5885, on behalf of Pamela Warren.

IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.

Redaction Request due 1/9/2025. Redacted Transcript Deadline set for 1/20/2025. Release of Transcript Restriction set for 3/19/2025. (Scarpelli, Rosemary) (Entered: 12/19/2024) |
| 12/23/2024 | 363 | AGREED ORDER signed by the Honorable Laura K. McNally on 12/23/2024. The hearing set on 12/23/2024 is cancelled. The hearing set on 1/24/2025 361 to remain. Mailed notice (sxw) (Entered: 12/23/2024) |
| 12/27/2024 | 364 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Honorable Virginia M. Kendall on 12/27/2024: Mailed notice. (tg, ) (Entered: 12/27/2024) |
| 01/06/2025 | 365 | ORDER: For the reasons set forth below, Defendants' motion for reconsideration 295 is denied. Signed by the Honorable Jorge L. Alonso on 1/6/2025. Notice mailed by Judge's staff (lf, ) (Entered: 01/06/2025) |

| 01/09/2025 | 366 | MOTION by Plaintiffs Antonella M. Ortiz Colosi, Tanya N. SvobodaPlaintiffs' Motion to Approve Class Notice<br><br>Presented before District Judge<br><br>(Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2)(Kuyper, Theodore) (Entered: 01/09/2025) |
|---|---|---|
| 01/09/2025 | 367 | NOTICE of Motion by Theodore Herbert Kuyper for presentment of motion for miscellaneous relief 366 before Honorable Jorge L. Alonso on 1/15/2025 at 09:30 AM. (Kuyper, Theodore) (Entered: 01/09/2025) |
| 01/14/2025 | 368 | MINUTE entry before the Honorable Jorge L. Alonso: Telephonic motion hearing set for 1/15/25 at 9:30 a.m. Members of the public and media will be able to call in to listen to this hearing. The call–in number is 650–479–3207 and the access code is 1804010308. Counsel of record will receive an email 30 minutes prior to the start of the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Notice mailed by Judge's staff (lf, ) (Entered: 01/14/2025) |
| 01/15/2025 | 369 | MINUTE entry before the Honorable Jorge L. Alonso: Telephonic motion hearing held. For the reasons stated on the record, Plaintiffs' Motion to approve to class notice 366 is denied without prejudice. The parties are directed to meet and confer regarding the issues discussed on the record. Notice mailed by Judge's staff (lf, ) (Entered: 01/15/2025) |